No. 21-1077

IN THE UNITED STATES COURT OF APPEALS
for the First Circuit

UNITED STATES OF AMERICA,

*Appellee,*

v.

ALEXIS D. NEGRON-CRUZ

*Defendant — Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

APPENDIX TO THE BRIEF FOR THE APPELLANT

**KENDYS PIMENTEL-SOTO**
*Attorney for Appellant*

Kendys Pimentel-Soto Law Office LLC
USDC-PR 226704
CA BAR NO. 82621
PO Box 270184
San Juan, PR 00927-0184
Tel.: (787) 370-0091
*kendys@pimentelsoto.com*

At San Juan, Puerto Rico
May 24th, 2021

# INDEX TO THE APPENDIX

Judgment Crim. No. 11-229 ................................................................. 1-7

Probation Officer's Motion Notifying Violations Dkt. 199 .............................. 8-12

Probation Officer's Motion Requesting Modification
Supervised Release Dkt. 205 ......................................................... 13-14

Pro Se Motion Dkt. 210 ................................................................ 15-21

Pro Se Motion Dkt. 213 ................................................................ 22-25

Probation Officer's Response to Pro Se Motion Dkt. 215 ................................ 26-31

Probation Officer's Notifying Additional Violations Dkt. 218 ......................... 32-36

Probation Officer's Supplemental Motion Regarding Violations Dkt. 226 ..... 37-42

Order of Detention Pending Final Revocation Hearing Dkt. 228 ......................... 43

Pro Se Motion Dkt. 231 ................................................................ 44-48

Motion to Withdraw as Counsel Dkt. 233 ............................................... 49-51

Probation Officer's Motion in Compliance Dkt. 234 .................................... 52-55

Order re: Pro Se Motions and Motion to Withdraw
as Counsel Dkt. 236 .................................................................. 56-57

Defendant's Motion to Object and Strike
Psychosexual Assessment Dkt. 252 ..................................................... 58-59

Pro Se Motion Dkt. 257 ................................................................ 60-64

Transcript of Final Supervised Release Revocation Hearing ............................ 65-91

Pro Se Motion and Notice of Appeal Dkt. 262 .......................................... 92-96

Counsel's Informative Motion Dkt. 264 ........................................................... 97-99

Pro Se Motion Dkt. 268 ................................................................ 100-102

First Circuit Court of Appeals Order Dkt. 270 ..................................................... 103

Docket Report *US v. Negron-Cruz*, Crim. No. 11-229 (FAB) ..................... 104-129

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

## JUDICIAL DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| ALEXIS D. NEGRON-CRUZ | Case Number:  11-CR-229-01(FAB) |
| | USM Number:  36586-069 |
| | Francisco J. Adams-Quesada |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    Five of the Superseding Indictment (5s) on April 3, 2013

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252(a)(4) | Possession of child pornography | 6/11/2011 | 5s |
| | | | |
| | | | |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  remaining    ☐ is  ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/4/2013
_____
Date of Imposition of Judgment

S/   Francisco A. Besosa
_____
Signature of Judge

Francisco A. Besosa          U.S. District Judge
_____
Name and Title of Judge

12/4/2013
_____
Date

Appendix 01

AO 245B    (Rev. 09/11) Judgment in Criminal Case
          Sheet 2 — Imprisonment

DEFENDANT:  ALEXIS D. NEGRON-CRUZ
CASE NUMBER:  11-CR-229-01(FAB)

Judgment — Page __2__ of __7__

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### ONE HUNDRED TWENTY (120) MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Appendix 02

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
             Sheet 3 — Supervised Release

DEFENDANT:  ALEXIS D. NEGRON-CRUZ

CASE NUMBER:  11-CR-229-01(FAB)

Judgment—Page __3__ of __7__

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

## TWENTY-FIVE (25) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Appendix 03

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

DEFENDANT:   ALEXIS D. NEGRON-CRUZ
CASE NUMBER:   11-CR-229-01(FAB)

Judgment—Page __4__ of __7__

## ADDITIONAL SUPERVISED RELEASE TERMS

1. He shall observe the standard condition of supervised release recommended by the United States Sentencing Commission and adopted by this Court.

2. He shall not commit another Federal, state, or local crime.

3. He shall not possess firearms, destructive devices, or other dangerous weapons.

4. He shall refrain from the unlawful use of controlled substances and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, he shall submit to random drug testing, not less than three (3) samples during the supervision period but not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If substance abuse is detected in any sample, defendant shall participate in an in-patient or out-patient substance abuse treatment program for evaluation or treatment, as arranged by the U.S. Probation Officer until he is duly discharged. He is required to contribute to the cost of those services in an amount arranged by the U.S. Probation Officer based on his ability to pay or the availability of payments by third parties.

5. He shall participate in vocational training or a job placement program, as recommended by the U.S. Probation Officer.

6. He shall provide the U.S. Probation Officer access to any financial information upon request.

7. He shall undergo a sex-offense-specific evaluation or participate in a sex offender treatment or mental health treatment program, as arranged by the Probation Officer. He shall abide by all rules, requirements, and conditions of any mental or sex offender treatment program, including submission to testing; such as polygraph, Abel assessments, penile plethysmograph (PPG), or visual reaction testing. He shall waive his right of confidentiality in any record for mental health or sex offender assessment and treatment and shall sign any necessary release for required to obtain the records, to allow the probation officer to review his course of treatment and progress with the treatment provider. He will be required to contribute to the costs of those services based on his ability to pay or the availability of payments by third parties. He shall be required to submit to an initial polygraph testing and subsequent maintenance testing at intervals at the discretion of the probation officer, to assist in treatment planning and case monitoring and as a means to ensure that he is in compliance with the requirements of his supervision or treatment program.

8. He shall maintain a suitable residence, approved by the U.S. Probation Officer, which complies with all the conditions of supervision, and with the residency and movement restrictions of the jurisdiction(2) where defendant may reside, work, go to school or is allowed to visit. Defendant shall obtain approval from the U.S. Probation Officer prior to changing residences. He shall remain at his approved residence every night and will not sleep or stay overnight anywhere else without prior approval from the U.S. Probation Officer.

9. He shall have no personal contact with the victims or with minors under the age of 18 through mail, letters, telephone, communication, audio or visual devices, computers, electronic devices, visits, social networking sites, or third parties, not covered by any other condition, and shall not have unsupervised contact with minors unless approved in advanced by the U.S. Probation Officer. The only exception to this condition is incidental contact in normal commercial life.

10. He shall not associate with individuals with whom he has previously traded illicit material; a family member or friend under criminal justice supervision for a sex crime; or an identified past victim, unless in a therapeutic setting and with the prior approval of the U.S. Probation Officer. Defendant shall not be a member of any organization that promotes sexual contact between children and adults or any type of depiction of that type of sexual contact.

11. He shall not enter, loiter or work within one hundred (100) feet of any area or event frequented by people under the age of 18 including, but not limited to: schools, day care centers, playgrounds, arcades, public swimming pools or beaches, unless approved in advance by the U.S. Probation Officer.

Appendix 04

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

DEFENDANT:     ALEXIS D. NEGRON-CRUZ
CASE NUMBER:   11-CR-229-01(FAB)

Judgment—Page  5  of  7

## ADDITIONAL SUPERVISED RELEASE TERMS

12.  He shall not view, use, possess, purchase, distribute or subscribe to any form of pornography, erotica or sexually stimulating visual or auditory material, electronic media, computer program or service, including but not limited to videos, movies, pictures, magazines, literature, books, or other products depicting images of nude adults or minors in a sexually explicit manner.  Defendant shall not enter any location where pornography shops, strip or topless clubs, massage parlors, or any business were the primary function is to provide pornography or sexual services.  Defendant shall refrain from accessing any material that relates to the activity in which he was engaged in committing this offense, namely child pornography.

13.  He shall not reside, be in the company of, date or socialize with, a child o children below the age of 18, unless previously approved by the U.S. Probation Officer and after a third party risk as been duly signed.

14.  He shall not engage in any occupation, business, or profession bearing a reasonable direct relationship to the conduct constituting the offense. He shall not work with children under the age of 18, or hold jobs that give him authority over potential victims, give him access to vulnerable populations or place him in settings near a school or playground. Any employment must be approved in advance by the Probation Officer, who will make an assessment of the job placement and set employment restrictions based on the Sex Offender Management Procedures Manual. He shall consent to disclosure to any employer or potential employer.

15.  He shall not participate in any volunteer activity or be involved in any children's or youth organization or any group that would bring him into close contact with a child or children under the age of 18, unless with prior approval of the U.S. Probation Officer.

16.  He shall submit himself and his property, house, residence, vehicle, office, papers, computer, other electronic communication or data storage devices or media, to a search, conducted by the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband, or of evidence of a violation of a condition of supervised release.  The probation officer shall seize any electronic device which will be subject to further forensic investigation and analysis.  Failure to submit to a search and seizure may be grounds for revocation of supervised release.  Defendant shall warn any other resident or occupant that the premises may be subject to search pursuant to this condition.

17.  He shall not have access to the internet at his place of residence, unless approved by the U.S. Probation Officer.

18.  He shall consent to the installation of systems that will enable the probation officer or his or her designee to monitor and filter computer use, on a regular or random basis, on any computer owned or controlled by him. He shall consent to and cooperate with unannounced examinations of any computer equipment owned or controlled by him. The examination may result in retrieval and copying of all data from the computer(s) and any internal or external peripherals, and may involve removal of that equipment for the purpose of conducting a more thorough inspection.  In addition, defendant shall provide his supervising officer with all of his computer pseudonyms, passwords, and logons.

19.  He shall not possess or use a computer, cellular telephone, or any other device with internet accessing capability, at any time or place without prior approval from the probation officer .  This prohibition includes access through an internet service provider, bulletin board service, email system, or any public or private computer network system. The defendant shall permit routine inspections of his computer system or any other computer system maintained in his possession to include the hard drive and any media storage materials, in order to confirm adherence to this condition. The inspection shall be no more intrusive than is necessary to ensure compliance with third party risk, who may be impacted by this condition.

20.  He shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer or the Bureau of Prisons, or any state, U.S. Territory, Indian Tribe, or sex offender registration agency in which he resides, works, is a student, carries on a vacation, or was convicted of a qualifying offense.  The initial registration must occur within three (3) business days after being released from custody.  Following the initial registration, he shall re-register, as required by any state agency; should he move to another state he shall notify the agency and the probation officer of any change in address.

21.  He shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, U.S. Code § 3563(a)(9).

22.  He shall not use controlled substances unlawfully, and shall submit to a drug test within fifteen (15) days of release from imprisonment; after his release, he shall submit to random drug testing, not less than three (3) samples during the supervision period but not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If illegal use of controlled substances is detected in any sample, defendant shall participate in an in-patient or out-patient substance abuse treatment program, for evaluation or treatment, as arranged by the U.S. Probation Officer until he is duly discharged. He is required to contribute to the cost of those services in an amount arranged by the U.S. Probation Officer based on his ability to pay  or the availability of payments by third parties, as approved by the Court.

Appendix 05

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___7___

DEFENDANT:  ALEXIS D. NEGRON-CRUZ
CASE NUMBER:  11-CR-229-01(FAB)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| TOTALS | $ 0.00 | $ 0.00 |  |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the    ☐   fine   ☐   restitution.

☐   the interest requirement for the    ☐   fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Appendix 06

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:  ALEXIS D. NEGRON-CRUZ
CASE NUMBER:  11-CR-229-01(FAB)

Judgment — Page  7  of  7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

         ☐  not later than _____ , or
         ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

     Defendant shall forfeit all of his right, title, and interest in the property listed in the Plea Agreement dated 04/03/2013 at Docket No. 114.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Appendix 07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


UNITED STATES OF AMERICA
Plaintiff,


   vs.      CASE NO. 3:11-CR-229-01(FAB)


ALEXIS D. NEGRON-CRUZ
Defendant
**************************


## MOTION NOTIFYING VIOLATIONS OF SUPERVISED RELEASE CONDITIONS AND REQUEST FOR A SUMMONS AND A SHOW CAUSE HEARING


**COMES NOW**, Luz Enid Aponte-Ortiz, Senior, U.S. Probation Officer of this Honorable Court, respectfully informing that on December 4,2013, Mr. Negrón-Cruz was sentenced to one hundred and twenty (120) months of imprisonment followed by a twenty-five (25) year supervised release term after he pled guilty to Title 18, U.S.C., Section 2252(a)(4)- (Possession of child pornography). On December 17, 2019, Mr. Negrón-Cruz was released at which time his supervised release term commenced.

Since his release, Mr. Negrón-Cruz incurred in the following violations to the supervised release conditions:

**SPECIAL CONDITION NO 7. "THE DEFENDANT SHALL UNDERGO A SEX OFFENSE-SPECIFIC EVALUATION OR PARTICIPATE IN A SEX OFFENDER**

1

Appendix 08

TREATMENT OR MENTAL HEALTH TREATMENT PROGRAM AS, ARRANGED BY THE PROBATION OFFICER. HE SHALL ABIDE BY ALL RULES, REQUIREMENTS, AND CONDITIONS OF ANY MENTAL OR SEX OFFENDER TREATMENT PROGRAM, INCLUDING SUBMISSION TO TESTING; SUCH AS POLYGRAPH, ABEL ASSESSMENTS, PENILE PLETHYSMOGRAPGH (PPG), OR VISUAL REACTION TESTING. HE SHALL WAIVE HIS RIGHT OF CONFIDENTIALITY IN ANY RECORD FOR MENTAL HEALTH OR SEX OFFENDER ASSESSMENT AND TREATMENT AND SHALL SIGN ANY NECESSARY RELEASE FOR REQUIRED TO OBTAIN THE RECORDS, TO ALLOW THE PROBATION OFFICER TO REVIEW HIS COURSE OF TREATMENT AND PROGRESS WITH TREATMENT PROVIDER. HE WILL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF THOSE SERVICES BASED ON HIS ABILITY TO PAY OR THE AVAILABILITY BY THIRD PARTIES. HE SHALL BE REQUIRED TO SUBMIT TO AN INITIAL POLYGRAPH TESTING AND SUBSEQUENT MAINTENANCE TESTING AT INTERVALS AT THE DISCRETION OF THE PROBATION OFFICER, TO ASSISST IN TREATMENT PLANNING AND CASE MONITORING AND AS A MEANS TO ENSURE THAT HE IS IN COMPLIANCE WITH THE REQUIREMENTS OF HIS SUPERVISION AND TREATMENT PROGRAM.".

Since the onset of Mr. Negrón-Cruz supervised release term he refused to comply with the above-mentioned condition. After many interventions from the U.S. Probation Officer Mr. Negrón-Cruz subsequently agreed to sign the program referral form (Prob. Form 45) to receive an evaluation but continues refusing to sign the release for confidential information (Prob. Form 11) and

without it the treatment referral could not be completed. On March 4 and March 10, 2020, the U.S. Probation Officer once again discussed with Mr. Negrón-Cruz the purpose and the importance to signing the above-mentioned form and once again he refused, failing to comply with this condition.

**SPECIAL CONDITION NO. 19: "HE SHALL NOT POSSESS OR USE A COMPUTER, CELLULAR PHONE, OR ANY OTHER DEVICE WITH INTERNET ACCESSING CAPABILITY, AT ANY TIME OR PLACE WITHOUT APPROVAL FROM THE PROBATION OFFICER. THIS PROHIBITION INCLUDES ACCESS THROUGH AN INTERNET SERVICE PROVIDER, BULLETIN BOARD SERVICE, EMAIL SYSTEM, OR ANY PUBLIC OR PRIVATE COMPUTER NETWORK SYSTEM. THE DEFENDANT SHALL PERMIT ROUTINE INSPECTIONS OF HIS COMPUTER SYSTEM OR ANY OTHER COMPUTER SYSTEM MAINTAINED IN HIS POSSESSION TO INCLUDE THE HARD DRIVE AND ANY MEDIA STORAGE MATERIALS, IN ORDER TO CONFIRM ADHERENCE TO HIS CONDITION. THE INSPECTION SHALL BE NO MORE INTRUSIVE THAN IS NECESSARY TO ENSURE COMPLIANCE WITH THIRD PARTY RISK, WHO MAY BE IMPACTED BY THIS CONDITION".**

On January 9, 2020, during a phone conversation with the U.S. Probation Officer, Mr. Negrón-Cruz expressed that he has active email accounts and access to the internet. He was reminded of condition number 19 and the fact that he has had no prior approval from his probation officer. Mr. Negrón-Cruz was instructed to stop accessing the internet until this matter is discussed with the

Appendix 10

probation officer for either approval or disapproval purposes. In addition, he was reminded of condition No. 18 in which he shall consent to the installation of a monitoring system by the probation officer which he also refused to comply with. Upon inquiry by the probation officer Mr. Negrón-Cruz admitted that he continues utilizing the internet and his email accounts, therefore, failing to comply with this condition. As of this date, Mr. Negrón-Cruz has failed to provide the U.S. Probation Officer with a reasonable explanation for his use of the internet.

On January 13, 2020, an intervention was conducted with Mr. Negrón-Cruz by the U. S. Probation Officer to address the above-mentioned issue and to review his supervised release conditions. Upon discussing the same, he stated that he was not in agreement with special conditions number 7, 12, 17, 18 and 19 and the last sentence of special condition number 8 and as such, he will not be complying with them.  However, as of this date Mr. Negrón-Cruz has been complying with all other conditions of supervision and has made himself available for supervision and accessible when required.

**WHEREFORE**, it is respectfully requested that a summons for Mr. Negrón-Cruz be issued, so that he may appear before this Honorable Court to show cause as to why his supervision term should not be revoked.

Appendix 11

In San Juan, Puerto Rico, April 2, 2020.

Respectfully submitted,

LUIS O. ENCARNACION, CHIEF
U.S. PROBATION OFFICE

**s/Luz E. Aponte**
Luz E. Aponte
U.S. Probation Officer
Federal Office Building, Suite 225
150 Chardon Avenue
San Juan, PR 00918
787-766-5596
787-766-5945
luz_aponte@prp.uscourts.gov

## CERTIFICATE OF SERVICE

I HEREBY certify that on this date, I electronically filed this motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all pertinent parties.

In San Juan, Puerto Rico, April 2, 2020.

**s/Luz E. Aponte**
Luz E. Aponte
U.S. Probation Officer

Appendix 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff,

        vs.                    CASE NO.: 3:11-CR-229-01(FAB)

ALEXIS D. NEGRON-CRUZ
Defendant
*****************************************

## MOTION REQUESTING MODIFICATION OF SUPERVISED RELEASE CONDITIONS

**SENIOR, U.S. PROBATION OFFICER LUZ ENID APONTE,** respectfully informs and prays as follows:

On December 4, 2013, Mr. Negron-Cruz was sentenced to one hundred and twenty (120) months of imprisonment, followed by a twenty-five (25) year supervised released term, after pleading guilty to violating Title 18 U.S.C. § 2252(a)(4) - Possession of Child Pornography. On December 17, 2019, the supervised release term commenced.

Mr. Negron-Cruz has no history of alcohol or drug use and no history of treatment for substance abuse. After the review of Mr. Negron-Cruz records and documentation, we believe that the drug testing condition should be suspended, based on the U.S. Probation Officer assessment and determination that Mr. Negron-Cruz poses a low risk of future substance abuse.

Appendix 13

**WHEREFORE,** in view of the aforementioned, it is respectfully requested that the Court modify Mr. Negron-Cruz's conditions of supervised release to waive and remove the drug testing condition originally imposed on December 4, 2013.

In San Juan, Puerto Rico, April 27, 2020.

Respectfully submitted,

**LUIS O. ENCARNACION, CHIEF**
**U.S. PROBATION OFFICER**

*s/Luz Enid Aponte*
Luz Enid Aponte
U.S. Probation Officer
Federal Office Bldg., Suite 225
150 Chardón Avenue
San Juan, P.R.  00918-1741
Tel. 787-766-5596
Fax 787-766-5651
Email luz_aponte@prp.uscourts.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed this motion with the Clerk of the Court using the CM/ECF system which send notification of such filing to the parties in this case.

In San Juan, Puerto Rico, April 27, 2020.

*s/Luz Enid Aponte*
Luz Enid Aponte
U.S. Probation Officer

Appendix 14

1                                            Domingo 21 de junio de 2020

                                                    2020 JUN 29 AM 8: 53

Case# 11-229 (FAB)
                                            CLERK'S OFFICE
                                    U.S. DISTRICT COURT
                                        SAN JUAN, P.R.

Por este medio y muy respetuosamente me dirijo a esta Honorable Corte para informar lo
siguiente.

El martes 16 de junio de 2020 fui asistido por el Lic. Emilio Morris Rosa el cual fue asignado por
la Honorable Corte para una vista de supuesta violación de condiciones para el 29 de junio de
2020.

Al explicarle el asunto al Lic. Emilio Morris Rosa, su conclusión fue que no me podía ayudar en
nada, que estaba equivocado en todos mis argumentos, más el Honorable Juez que atenderá
el caso es conservador en su carácter personal y no perderá el tiempo en un asunto de esta
clase, y te meterá preso.

Como todos los demás abogados anteriores entiéndase Jorge Godoy, Víctor González, Héctor
Guzmán, tienden a dar la impresión de que tienen las manos atadas y su mejor estrategia es
rendirse y hablar de las características personales de los Honorables Jueces negativamente
para infundir miedo.

¿Dónde quedó la declaración que dice "Toda persona tiene derecho a un recurso efectivo ante
los tribunales nacionales competentes, que la ampare contra actos que violen sus derechos
fundamentales reconocidos por la constitución o por la ley", acaso es letra muerta?

Simple y sencillamente es un gasto en vano de dinero a los contribuyentes de los Estados
Unidos Del Norte lo que está haciendo la Honorable Corte al asignar cualquier representante
legal con estos espíritus derrotados sin apenas comenzar la lucha.

Esto se debe a que la estructura establecida no tiene libertad según ellos, y sin importar que
funcione o no, lamentablemente no existen los mecanismos para poder modificarlos, mucho
menos mejorarlos, porque ninguno de nosotros tenemos voz ni voto que nos represente
mientras la humillante condición colonial de Puerto Rico exista.

Lo primero que deberían cambiar he implementar es que ningún abogado pueda hablar bien o
mal de un Honorable Juez, porque esto puede crear falsas esperanzas en el caso de comentar
aspectos buenos, o temores y presiones indebidas al expresar características negativa del
mismo. Y lo segundo que sea obligatorio darle todos los acuerdos o papeles que tengan
para firmar los acusados residentes de Puerto Rico en español, y así evitar los abusos por parte
de los abogados cuando no les traducen, esos licenciados que solamente piensan en ganarse
rápidamente los honorarios sin batallar por la libertad de quienes dependen sus vidas,
vendiéndolos junto a los fiscales en acuerdos que solamente les convienen a ellos.

A mí no me importa saber ninguna de las cualidades personales de los Honorables Jueces,
porque si me va juzgar debido a su conducta personal o forma de pensar, y no por una
conciencia justa, estaría seguro que a todos los acusados les gustaría tener la oportunidad que
los juzgara un Honorable Juez que haya estado preso, de esta manera tendría la capacidad, el
conocimiento propio y la experiencia vivida de todos los atropellos que atraviesan los que
fueron

2

juzgados. Analizaría más consciente la realidad, estaría preparado con una visión más amplia de las cosas que funcionan o no, de las dificultades que causan las implementaciones de condiciones absurdas tanto para el que las tiene que poner en ejecución, como para el que las debe ejecutar y obedecer.

Yo Alexis David Negrón Cruz no me he negado a nada por puro capricho, o porque me da la simple gana de no obedecerlas. Lo he explicado mil veces que hasta un "tonto" lo entendería.

Si estas condiciones establecidas funcionaran, MDC Guaynabo no tendría unidades a capacidad dedicadas solamente a individuos revocados. Personas que a pesar de que pagaron una dura condena, y que después de estar en la "libre" comunidad, con el pretexto de proteger a la sociedad de futuros crímenes que ni aún han cometido, los vuelvan a restringir de su libertad, con violaciones de estatutos impuestos que a nadie en la sociedad pueden acusar de ser un criminal.

Esto se llama abusos, y el tribunal federal de Puerto Rico se ha convertido en el centro judicial más abusivo de todo los Estados Unidos. Yo he vivido todos los malditos abusos, la hipocresía, las presiones, las mentiras, lo irrazonable, las irresponsabilidades, y la cobardía de todos esos inconscientes al no querer aceptar cuando están mal. La doble vara que aún mostrando todas las quejas, y evidencias a la llamada Honorable Corte contra un abusivo MDC Guaynabo, son desestimadas.

La peor corrupción que vive este país son todos aquellos, oficiales, fiscales, abogados, jueces, que aún sabiendo que se inventan casos, prefieren destruir las vidas de las personas y sus familiares antes de hacer quedar mal a la Honorable Institución Judicial Federal de Puerto Rico frente a los jefes del Norte, despreciando así el merecido honor, y mayor espíritu de la justicia... LA VERDAD...

COBARDES...

¿Pero qué se puede esperar de unas mentes colonizadas como las de este Honorable Tribunal, que no hacen respetar su propia dignidad ante los jefes anglosajones, más se conforman con el trato humillante de desigualdad aún teniendo el conocimiento de la condición legal del propio país en donde viven y llaman patria, trabajando para ellos en unas condiciones de inferioridad? Después pretenden hacer justicia sobre un pueblo, cuando ni los propios empleados gozan de los mismos privilegios e igualdad como los demás estados de esa gran nación que tanto "adoran". Solamente se consuelan con el poder que les conceden sobre nosotros sus compatriotas, para abusar de su ignorancia, y encarcelarlos por cualquier cosa teniendo en conocimiento, y la conciencia de que lo están haciendo mal.

Yo he conocido que es perderlo todo, estar preso, vivir bajo grandes temores encerrado en una celda donde te castigaban los pulmones con humo tóxico de los conductos del aire acondicionado sin casi poder respirar, que te den comida expirada hasta dañar el estómago, causando sangrado por la boca debido a que provocaron úlceras, y que nadie te atienda porque no hay los recursos o están limitados, sobrevivir en tierra de nadie, sé que es no tener nada de regreso a casa, perder toda tu familia aunque todos ellos vivan, mantenerme en pie mientras a mi alrededor los demás caigan, y perseverar en mi espíritu sobre todas las adversidades que he tenido con la honorable justicia. Pero jamás permití que jugaran con mi

Appendix 16

3

dignidad como todos los demás permiten con la suya de los colonizadores, y me doy a respetar aunque las consecuencias atenten contra mi vida.

La oficial probatorio Enid Aponte aún sabiendo todo lo que he vivido, mi forma de pensar, y la confianza que en ella brindé, trató de traer a esta Honorable Corte información falsa sin consultarla conmigo antes. Cosas que ni tan siquiera tienen que ver con mis condiciones de probatoria, solamente por el hecho de querer hacerme ver mal ante la Honorable Corte para reforzar unas supuestas violaciones que en nada sirven, perdió de perspectiva su humanidad, hasta intentar llegar a la corrupción para hacerme daño, y eso no se lo voy a perdonar.

Esta es la razón principal por la cual no quiero ceder mis derechos en relación a la ley HIPAA, porque así como hizo la oficial Joan Vázquez en el informe de pre-sentencia al hablarle de mi vida íntima, y no ser bien representado por el Lic. Adams Quesada para asesorarme de que no tenía que contestar nada de esas preguntas, las cuales usaron todas en mi contra en el reporte, a tal punto que mira lo que han hecho con la vida que tengo, de esta misma forma se prestará para que cualquier oficial probatorio corrupto juegue con mi vida a su antojo como lo está haciendo ahora la oficial Enid Aponte.

¿Y por esto me van hacer un criminal y meterme preso? ¿Qué peligro hay para la sociedad el no acceder a mis derechos de HIPPA? Al único que pone en riesgo y sin protección es a mí, que el oficial probatorio la coja conmigo y haga lo que hizo la oficial Joan Vázquez, y ahora la oficial Enid Aponte. ¿Dónde queda el derecho de "Todos somos iguales ante la ley y tenemos, sin distinción, derecho a igual protección de la ley", cuando la ley HIPPA es quien me esta protegiendo? ¿Por alguna muy buena razón hicieron esta ley con tanto poder de protección para cuidar las personas, o no? ¿O por haber estado preso se me va discriminar, o tratar con distinción sin igual derecho de protección porque no todos somos iguales ante la ley?

O de qué vale que yo ceda a mis derechos de HIPPA y frente a la persona de las tan importantes terapias no quiera decir nada, quedarme callado, ¿Qué van hacer? ¿También me van obligar hablar? ¿Meterme preso porque no quise hablar? ¿Un gasto de dinero de los contribuyentes norteamericanos en todo este tiempo en vano?

Por eso es que esto no sirve. Y se lo voy a demostrar en las siguientes violaciones a sus mismas reglas.

1- La primera violación fue a la condición #89 del documento #126 "The defendant shall maintain suitable residence, approved by the U.S. probation officer".

Se supone que el oficial probatorio investigara previamente las condiciones del hogar antes de mi salida el 17 de diciembre de 2019 donde estaría residiendo. A mí me tomó por sorpresa el estado de la casa de mi madre la cual estaba en condiciones infrahumanas, la mitad de la vivienda no tenía electricidad, apenas había para comer, y no tenía ni tan siquiera donde poder dormir, más si nos dejamos llevar por el reglamento estaba a menos de 1000 pies de un parque, y una escuela. La pregunta es, ¿Los oficiales probatorios hicieron una investigación previa de la residencia? ¿Y si la hicieron por qué aprobaron un lugar en estas condiciones? ¿Era un lugar digno para vivir? ¿Cumplía con todos los reglamentos? ¿O no hicieron bien su trabajo?

2- Debido a que mis hermanos estaban abusando financieramente de nuestra madre, y por tal razón las condiciones del hogar carecían mantenimiento, situación que no me agradó en nada, el 18 de diciembre de 2019 confabularon en mi contra a tal punto que hicieron una querella

Appendix 17

**4**

falsa en la policía argumentando que los había amenazado, nuestra madre sabiendo que todo era mentira los mandó a sacar del hogar con los mismos oficiales que trajeron. El 19 de diciembre de 2019 en la visita para entrevista en la oficina de probatoria, sin tan siquiera haber conocido ni hablado con la oficial probatorio mis hermanos ya estaban comunicados con la Oficial Enid Aponte calumniando en mi contra, la cual me trató con total prejuicio sin conocer los hechos ni mi persona, "Apenas salió Señor Negrón y ya me están dando quejas de usted" fue lo primero que me dijo por teléfono y sin conocerme. Gracias a mi experiencia de hacer buenas investigaciones, solamente le tuve que preguntar. ¿Y por qué yo me quedé en casa y ellos se tuvieron que ir? Cosa que al final de todo el asunto quedaron mal mis hermanos y ella también ante la verdad.

Durante mi tiempo en casa empecé arreglar las condiciones infrahumanas del "Suitable Residence" que supuestamente los oficiales probatorios previamente investigaron y aprobaron antes de mi salida.

El viernes 10 de enero de 2020 la oficial Enid Aponte visitó mi hogar, y para su sorpresa encontró en la pared frente de la casa pintado en aerosol la palabra PEDOFILO.

Gracias a un registro que va en contra de toda dignidad humana, con prejuicios, discriminación, y que solamente está hecho para proteger a la sociedad de "sexo" pero no de tiroteos, ni drogas, robos, asesinato, violencia doméstica, secuestros, dejando desprotegido, sin defensa a los registrados, exponiéndolos a una sociedad hostil, y llena de odio. ¿Solamente se toman medidas para la seguridad de la sociedad de ciertos crímenes pero de otros no? ¿Qué pasó con la declaración que dice "Todo individuo tiene derecho a la vida, a la libertad, y a su seguridad personal", en dónde quedó la seguridad personal de todo individuo cuando exponen tu hogar junto a la familia en un registro público? ¿O es qué para darle seguridad a unos, hay que quitársela a otros porque no es para todo individuo? ¿Esto no es lo que trata de evitar la novena enmienda a la constitución?

Continuando la conversación mencionó que un oficial probatorio había visto las condiciones de la casa previamente, dando a entender que aún así lo aprobaron rompiendo sus propias reglas.

En el transcurso de toda esta situación mi madre no estaba en casa desde el 20 de diciembre 2019 porque mis hermanos se la habían llevado con la excusa de celebrar su cumple años y no la trajeron de vuelta. Inconformes ellos con lo ocurrido convencieron a nuestra madre para que desalojara la casa.

El jueves 16 de enero de 2020 mi madre junto a mis hermanos y oficiales de la policía llegaron con una orden de desalojo. Traté de comunicarme con la oficial probatorio Enid Aponte pero no tuve éxito, a las 6:20pm recibo un mensaje de texto indicando que me comunicara con el Sr. Abner Valcárcel, lo cual tampoco contestó la llamada, con esto violando sus propias reglas nuevamente de las condiciones #89 del documento #126 "The defendant shall stay at his approved residence every night and will not sleep or stay overnight anywhere else without prior approval from the U.S. probation Officer".

Estuve apunto de dormir en la calle, sin que estos oficiales irresponsables contestaran el teléfono para que me ayudaran, y poder notificarles como dice el reglamento, para así seguir las reglas que ni ellos mismos pueden ejecutar ni hacer cumplir.

Appendix 18

5

3- Según el significado de Internet "Red Informática de nivel mundial que utiliza la línea telefónica para transmitir la información" la condición #100 del documento #126 fue una violación de parte del oficial probatorio Enid Aponte cuando ella misma envió los mensajes de texto, porque en ningún momento verbal o escrito me ha dejado saber su aprobación, dando a entender nuevamente que estas reglas no sirven ni para ellos mismos. ¿Cuán difícil era llamarme? En una ocasión hasta me pidió mi cuenta de correo electrónico para enviarme unos papeles al tiempo que me sonreí diciéndole "ve que esto complica todo, que no funciona" cayendo en cuenta hasta de su mismo error.

Gracias al internet de mi celular, pude comunicarme con mis amigos de años que me ayudaron a no pasar esa noche en las calles. Cosas que mi oficial probatorio no hizo, o que simple y sencillamente son imposible de poder ejecutar. Aún así no me puede comunicar con ninguno de ellos para decirles donde iba a pasar esa noche porque no contestaron. ¿Quienes son los irresponsables? ¿Quienes son los que no pueden ejecutar sus mismas reglas?

4- La oficina de probatoria me ubicó en el hogar Guarabi, nuevamente rompiendo las reglas de supervisión: "2.204 Conditions of supervised release. (v) Do not associate with a person with a criminal record. You must not associate with a person who has a criminal record without the permission of your supervision officer".

¿La oficial Enid Aponte me ha dado permiso previo para hablar, salir, compartir con todos las personas que tienen récord criminales en el lugar donde resido, que coinciden en mi vida diaria y en la libre comunidad? ¿Ósea yo no me puedo negar a una condición de supervisión que afecta mis derechos constitucionales, y humanos pero ellos sí pueden romper todas las reglas a su conveniencia, o es que son irresponsabilidades, o que simplemente no se pueden ejecutar?

Todas estas situaciones mencionadas son solamente una ínfima parte de lo que he vivido con las condiciones absurdas que no permiten después que se ha pagado un "bill" a ningún individuo poder vivir una plena libertad y dignidad como gozan todos los demás en la libre comunidad.

Tratando a las personas con prejuicios, haciéndolas ver ante la sociedad como si toda la vida fueran a vivir con la misma conducta por las que fueron juzgados. Creando antipatía, soledad, depresiones, gracias a todas esas personas de corazones duros que lo único que saben es juzgar, y no perdonar.

Un ejemplo es cuando la oficial Enid Aponte usa el adjetivo de que soy un ofensor sexual, cuando ni siquiera la Honorable Corte pudo probar eso, es como decirle al que cogieron con una posesión de arma ilegal, es un matón, que le gusta matar gente. Yo pienso que no importa lo que las personas hayan sido o echo en un pasado, eso no significa que lo seguirán siendo toda su vida como aparentan tener en sus mentes prejuiciadas, utilizando estas razones para implementar todas estas reglas por las cuales ninguno de nosotros tiene participación representativa en el congreso de los Estados Unidos de América para poder abogar algún cambio en mejoras ya que ni tan siquiera se pueden ejecutar apropiadamente.

Terminé mi tiempo de cárcel, y veo que eso no es suficiente para los que no han vivido en carne propia el no poder ser libre, coaccionando mi espíritu para obligarme a renunciar a mis derechos por encima de la misma ley que es para todos por igual estando en la libertad. ¿Así

6

es como funciona la Honorable Corte Federal? ¿Para qué entonces la constitución de los derechos humanos hablan de libertad? "Todos los seres humanos nacen libres e iguales en dignidad y derechos y, dotados como están de razón y conciencia, deben comportarse fraternalmente los unos con los otros."

¿Acaso salir de la cárcel no es volver a nacer, rehacer la vida? ¿No significa ser libre? ¿No es poder ser igual en dignidad y derechos? ¿Y que la razón y la conciencia se comporten fraternalmente los unos con los otros, incluyendo a todos? ¿O es para algunos sí y para otros no aunque participen de la misma vida y libertad? ¿Libertad condicionada después de haber pagado todo el "bill" es constitucional? ¿Dónde queda la razón y la conciencia en todo esto?

Llevo apenas 6 meses tratando de gozar de una libertad digna con todos los derechos en todos sus aspectos, como todos los demás seres humanos con los cuales comparto, pero todas sus condiciones ridículas, prejuiciadas, discriminatorias, que atenta contra la dignidad, que ni tan siquiera sirven para poder ejecutarlas, me hacen más criminal que por el cargo en cual me declaré culpable.

¿Todo esto es digno, o justo para los que ya pagaron el precio de su libertad?

"Sigo siendo un criminal sin cometer delitos aunque haya pagado toda mi deuda, se me acusa de actos que no son crímenes en la sociedad, no tengo derecho a igual privacidad ni intimidad como todas las personas tienen en la libre comunidad, no puedo proteger mis derechos sin consecuencias contra mi libertad, imponen condiciones que exponen mi seguridad y vida, siento que estoy bajo una justicia de gobierno totalitario contra mi persona"

¿Acaso no son las mismas características totalitarias disfrazadas que tanto se critican?

Yo espero y algún día antes de que muera, nuestra hermosa Isla logre un estatus definido que no sea el Estado Libre Asociado (Colonia).

Y así entonces podemos defender con igualdad y verdadera dignidad, las constituciones, leyes, y derechos humanos que nos cuidan a todos.

Todo lo presentado aquí escrito, lo hago basado en:

'Todo individuo tiene derecho a la libertad de opinión y de expresión"

(1949)—El artículo 19 establece que "Toda persona tiene derecho a la libertad de opinión y de expresión, este derecho incluye la libertad de mantener opiniones sin interferencia y de buscar, recibir y difundir información e ideas a través de cualquier medio de comunicación e independientemente de las fronteras".

"Lo único más importante que la libertad es la verdad, porque sin ella jamás serás libre"... - ADN-

P.D. Donde resido incluyendo la administración, soy el único que no usa pastillas, no bebe alcohol, no fuma, nunca a utilizado drogas, no tiene problemas mentales, depresiones, no rompe las reglas, y respeta a todos por igual, más tiene la capacidad de escribir una carta al tribunal; y me quieren preso.

Todas las evidencias descritas aquí referente a los asuntos de supervisión se pueden tomar como verdad.

Appendix 20

7

Firma: *Allen Negron*

Dirección postal:

Alexis Negrón Cruz

Calle 3, T-14 Villa María

Caguas, Puerto Rico 00725

1

Case# 11-229 (FAB)



Domingo 12 de Julio de 2020

RECEIVED & FILED

2020 JUL 17 AM 9: 03

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Por este medio muy respetuosamente me dirijo al Juez Sr. Besosa.

El lunes 29 de Julio de 2020 antes de la vista ~~por~~ pautada por supuestas violaciones a la probatoria, la oficial Enid Aponte se comunicó con el Sr. Negrón para indicarle que tiene que pagar por un monitoreo para poder utilizar la libertad de expresión mediante la internet.

La oficial Enid Aponte teniendo conocimiento de que el Sr. Negrón no tiene empleo gracias a su condición de "Depredador Sexual" que Joan Vásquez hizo ver en el informe de pre-sentencia avalado por el Juez Sr. Besosa, le dijo al Sr. Negrón que esta era la única manera que tiene disponible de poder utilizar el servicio de internet.

El Sr. Negrón le explicó a la Oficial Enid Aponte que todos los teléfonos vienen con internet, debido a que ella no entendía, mucho menos tenía el conocimiento de cómo funcionan los teléfonos gratis del programa de Obama, ya que todos vienen con el servicio.

La oficial Enid Aponte pidió al Sr. Negrón que devolviera el teléfono prohibiendo completamente su libertad de expresión y comunicación con las personas que le ayudan lo cual es un abuso e inconstitucional.

El lunes 6 de Julio de 2020 la Oficial Enid Aponte visita el centro Guarabi donde reside el Sr. Negrón, el mismo no se encontraba debido a sus gestiones normales de búsqueda de empleo. Al no tener manera de poder comunicarse con él, dejó una cita para el Martes 7 de Julio 2020 en la oficina de probatoria.

El Sr. Negrón le explica todo el asunto a la oficial Enid Junto a su jefe, detalles de todas las barreras que ha tenido para conseguir empleos e incluyendo las falta que cometió la oficial probatorio al intentar de hacerlo ver mal ante un Juez. Ellos concluyeron que no son los responsables de las condiciones que me Impusieron, que se tienen que llevar a cabo aunque no funcionen y sean "inconstitucionales", y haciendo referencia a que el Sr. Negrón está peleando con el sistema, que eso nunca va a cambiar y que menos el Sr. Negrón lo hará. ¿Qué hubiese sido de, "PACKINGHAM v. NORTH CAROLINA CERTIORARI TO THE SUPREME COURT OF NORTH CAROLINA

No. 15–1194. Argued February 27, 2017—Decided June 19, 2017", si no hubiera batallado? ¿Pudo mejorar algo que estaba mal y afectando su libertad verdad?

Appendix 22

2

"Supreme Court Says You Can't Ban People From The Internet, No Matter What They've Done"

Pero Joan Vázquez, Enid Aponte, y el Juez Besosa si lo pueden hacer con la excusa de que son violaciones a la supervisión. Sin importar lo que haya sucedido en el pasado de el Sr. Negrón, se entiende que puede utilizar los servicios de internet, no es necesario monitorear y mucho menos cuando se está monitoreando todo incluyendo la intimida, ya que una violación de supervisión se trata como una felonía aunque no se haya cometido ningún crimen bajo las leyes que cobijan a todos por igual, castigos inusuales que violan el derecho a la privacidad que no se aplican a nadie en su libertad. El Sr. Negrón pagó su tiempo y es libre. No necesita castigos inusuales ni intromisión a su privacidad con el prejuicio de que se piense que va a cometer un crimen.

Todo esto ha llegado a la ridiculez por parte de la oficial Enid Aponte de hasta prohibir el movimiento del Sr. Negrón creando un horario de salidas y llegada a la residencia el cual consiste de 6:00 am a 11:00 am tres días a la semana basado en que ahora no tiene en cómo comunicarse con él.

Haciendo preguntas al Sr. Negrón como "qué está haciendo con su tiempo de 6:00am a 6:00pm cuando sale".

DISFRUTANDO LA POCA LIBERTAD QUE TENGO. ESO ES LO QUE HAGO ENID APONTE. ¿O ACASO EL CORONAVIRUS NO LES QUITO LIBERTAD? ¿QUÉ SE SIENTE CUANDO EL GOBIERNO TE QUITA LA LIBERTAD SIN HABER COMETIDO UN CRIMEN CON LA EXCUSA DE PROTEGER A LOS DEMÁS?

Yo el Sr. Negrón les voy a dejar bien claro a todos ustedes de una vez y por todas, primero que nada yo no soy un criminal, sino que la consecuencia que me privó mi libertad fue la falta de responsabilidad, la corrupción que tienen los abogados con los fiscales, y jueces de este tribunal que sabiendo que lo están haciendo mal lo permiten. Segundo no soy un delincuente, a tal punto que nunca participé de contrabando durante toda mi sentencia y mucho menos teniendo conocimiento propio que todo es suministrado por los empleados del BOP para lucrarse, utilizando la necesidad del preso a los cuales se refieren como basura. Y tercero, ¿En verdad ustedes creen que yo voy a estar batallando por mi libertad ante todas las adversidades que puedan surgir teniendo un elefante blanco en la espalda como todos ustedes lo tienen? Yo tengo mi conciencia limpia.

De mi no van a encontrar NADA ilegal a no ser que se lo invente como hicieron en el caso de Rommel Cintrón Alias "Peluquín" junto a Roberto Escobar, Rebeca González, todos los agentes

Appendix 23

3

de ICE, Dina Ávila y el Juez Besosa que hasta tuvo que inhibirse del caso. Entre otros muchos casos más que ni les cuento.

Yo me doy a respetar, y el respeto empieza respetándose uno mismo. No permito que nadie se exprese a hacia mí con palabras soeces como lo hicieron Héctor Guzmán y Víctor González con la persona de el Juez Sr. Besosa el cual en una vista ante su presencia al darle a leer el documento que escribí "Tildan al Juez Besosa de ser un C____N", dijo qué Héctor Guzmán y Víctor González tenían razón.

Si usted Juez Sr. Besosa permite que los mismos abogados que litigan en su corte les falten el respeto, lo utilicen para meterle miedos a los acusados y hacerlos firmar acuerdos presionándolos a renunciar a sus derechos para hacerlos culpables, allá usted con su dignidad y conciencia.

¿Ustedes piensan que es fácil tener que escribir una carta así al tribunal? ¿Tener una batalla legal durante 9 años con personas irresponsables los cuales son responsables de tu libertad? ¿No lucharían ustedes si estuvieran en la misma posición? ¿O acaso el colonialismo les consumió su espíritu de lucha?

Yo no le falto el respeto a las cortes, no hace falta, ellas mismas se lo hacen perder con sus propios actos, irresponsabilidades y corrupción.

Yo le voy a pedir a usted Juez Sr. Besosa que me empiece quitando los 25 años de supervisión los cuales usaron intentando hacer un show mediático para cubrir a Dina Ávila, y del documento 126 me remuevan las condiciones del 98 al 102 que son inconstitucionales y están afectando el poder ejercer mi profesión como administrador de todo equipo electrónico, lo cual es mi pasión junto a las investigaciones, y que nunca abandonaré.

Le dije a la Oficial Enid Aponte que yo no tenía problemas en que me visitaran y revisaran lo que quisieran, yo no soy un enfermo sexual como quisieron los medios hacer ver a José A Fusté. Como Dina Ávila trató de hacer conmigo.

De estas condiciones no ser removidas, yo voluntariamente me entregaré a MDC Guaynabo hasta que termine todo la supervisión. Así de seguro estoy de mí.

Appendix 24

4

Hay un famoso dicho que dice: El ladrón juzga por su condición, y les diré más, en la prisión aprendí que ni los violadores, asesinos, secuestradores, pillos, abusadores, etc... son el verdadero problema, sino que hay un mal que todos tienen en común, es una enfermedad casi incurable y tiene por nombre EL JUZGAR A LOS DEMÁS, y los más enfermos son los que alimentan sus familias trayendo el pan de cada día juzgando, con el pensamiento de que hacen justicia faltando a la verdad.

Antes de caer preso sufría gravemente de esa enfermedad de Juzgar. Por eso se los puedo decir.

Espero que esta corte entienda el sentir de estas palabras, no tengo nada personal contra nadie, respeto a todo el mundo aún con sus errores, pero todo lo que me afecte en mi libertad lo batallaré hasta el final y eso lo sabe muy bien el Juez Sr. Besosa.

Todos saben que los abogados no ayudan en nada. Que los fiscales junto a los oficiales se inventan embustes. Que pre-sentencia no escribe nada a favor del acusado. Que los oficiales probatorios no pueden cumplir ni sus mismas reglas. Y que los Jueces sin importar toda la evidencia que uno les haga llegar desde la prisión honren justicia a favor de la verdad.

Lamento no poder utilizar más la palabra Honorable, me siento hipócrita cada vez que la escribo.

Aún así tienen mi respeto.

Firma: _[signature]_

Dirección postal:

Alexis Negrón Cruz

Calle 3, T-14 Villa María

Caguas, Puerto Rico 00725

**Mr.IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**


**UNITED STATES OF AMERICA**
**Plaintiff,**


**vs.**                                                          **CASE NO. 3:11-CR-229-01(FAB)**


**ALEXIS D. NEGRON-CRUZ**
**Defendant**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***


### MOTION IN RESPONSE TO COURT ORDER DATED JULY 20, 2020
### IN RELATION TO DOCUMENT FILED IN DOCKET 213


    **COMES NOW**, Luz Enid Aponte-Ortiz, Senior, U.S. Probation Officer of this Honorable

Court, responding to the court order dated July 20, 2020, in which Your Honor ordered the U.S.

Probation Officer to respond to the document filed under docket number 213. It's important to

mention for the record that the supervision of Mr. Negrón -Cruz has been very challenging from

the beginning, even before his release from the Bureau of Prisons.   Mr. Negrón-Cruz's resistance

and defiance to comply with the supervise release conditions imposed by the court has been

consistent and has been verbalized by him constantly through the supervision process. This is

preventing Mr. Negrón-Cruz from focusing on the purpose of the supervision process. As

mentioned in the motion filed on April 2, 2020, under docket number 199, Mr. Negrón-Cruz

already violated some of his supervise conditions. Many efforts were attempted by the U.S.

Probation Officer to convince Mr. Negrón-Cruz of the importance to comply with such conditions.

However, it was not until two hours prior to the preliminary hearing that Mr. Negrón-Cruz defense

1

Appendix 26

counsel contacted all pertinent parties to inform that he was willing to comply with the conditions he was violating. Mr. Negrón-Cruz's actions to wait until the last minute to agree to comply with the conditions showed his lack of willingness to engage in the supervision process at this time. The Court decided to hold the U.S. Probation Officer motion in abeyance for the time being and ordered the probation officer to inform the court of the status of the case by not later than July 30, 2020. As to the document filed by Mr. Negrón-Cruz on July 17, 2020, under docket number 213, here is our response.

The word sexual predator has been used by Mr. Negrón-Cruz not by this or any other officer in our office. He stated that this is the way he referred to himself while filing job applications. He has been advised to stop that practice, but he disagrees with the advice.

Mr. Negrón-Cruz has not been prohibited from using a telephone or to have internet access if he complies with the installation of a software program for monitoring purposes as described under condition No. 18.

Mr. Negrón-Cruz was admitted at the transitional housing program Carib in Caguas on January 17, 2020 after he became homeless because of a family conflict in which he was asked to leave his mother's residence. He hasn't been able to secure employment nor residence since then. The U.S. Probation Officer has sent different employment offers that according to his case manager he refused to explore. Furthermore, he has expressed to his case manager that the U.S. Probation Office has the obligation to find him housing.   Then in March 2020, the COVID-19 pandemic started, and the program implemented lock down measures as per Government Administrative Order. By the end of June 2020, Mr. Negrón-Cruz was once again allowed to start his search for employment and residence.

2

Appendix 27

On July 1, 2020, contact was established with Mr. Negron-Cruz for follow-up, however he became agitated and decided to hang up the phone while the United States Probation Officer was still talking to him.   Many efforts have been made to establish rapport and a respectful relationship with Mr. Negrón-Cruz.   Based on Mr. Negrón-Cruz behavior and poor attitude towards the supervision process this officer requested an administrative hearing to clarify Mr. Negrón-Cruz' misconceptions of the supervision process, expected behavior, to develop a plan to assist him to secure housing and employment and to facilitate his compliance with the supervision process. During the intervention that was conducted at our office on July 7, 2020, a discussion was held regarding Mr. Negrón-Cruz search for employment and a personal residence. The case manager in charge of his case at the transitional housing already reported to the U.S. Probation Officer that Mr. Negrón-Cruz will leave the program premises in the morning at 6:00 a.m. and will not return until 6:00 p.m. in the afternoon. Upon inquiry as to his daily activities he stated that he will search for employment in the morning but in the afternoon, he will just wonder around the town of Caguas and will not report at the program until 6:00 p.m. because he doesn't want to be there. As to this date Mr. Negrón-Cruz has failed to present to the U.S. Probation Officer an employment opportunity for assessment purposes that he would like to explore while in compliance with condition No. 14. As part of the action plan Mr. Negrón-Cruz was allowed through his case manager at the program to access the internet on a weekly basis under her supervision, in order to provide him with all possible and available employment opportunities and to assist him on his employment and housing seeking efforts. In addition, during our intervention with Mr. Negrón- Cruz, he was presented with different employment and vocational work

3

Appendix 28

possibilities for him to explore, however, he insisted that his only interest was in conducting work related to internet services.

Mr. Negrón-Cruz started his supervise release term on December 17, 2019, but it was not until July 15, 2020, (after 7 months) that he was able to participate in a sex offender program for evaluation purposes due to his resistance and unwillingness to comply with his conditions. The fact that we were unable to conduct a psychosexual assessment among other tests at that time to determine his risk in the community was a great concern to us. Based on the information provided by him and our concerns with his safety and the safety of the community an action plan was developed to provide Mr. Negrón-Cruz with more structure, to protect him and protect the community as part of the supervision process.

On July 21, 2020, the U.S. Probation Officer contacted Dra. Vanessa Berrios, psychologist and director of the Sex Offender Treatment program ETHOS. She confirmed that on July 15, 2020 a psychosexual evaluation was completed on Mr. Negrón-Cruz and our concerns were confirmed. Upon inquiry she confirmed that her report will be completed before July 30, 2020 but based on her evaluation Mr. Negrón-Cruz is considered a person with mental health issues and a High risk for re-offending. His personality disorders such as his paranoia and antisocial behavior, his total denial of his sexual offense, his desire to test the limits and his failure to comply with the conditions imposed by this court are among others great risk factors, we need to take into consideration.

On the same day, the U.S. Probation Officer contacted Mr. Negrón-Cruz case manager at the transitional housing to inquire about his compliance with the action plan. She reported that Mr. Negrón -Cruz has been following the action plan until yesterday when he reported to her that since he already filed a motion to the court he will no longer comply with the action plan established by

Appendix 29

the U.S. Probation Office. On July 22, 2020, we received an e-mail from Mr. Negrón-Cruz case manager indicating that he already failed to comply with the action plan by not reporting back to the transitional housing program at the time previously established.

Based on the information mentioned above and the risk that has been already established in the community, to protect Mr. Negrón-Cruz and for the safety of the community, we are respectfully requesting that Mr. Negrón Cruz be ordered to comply with the action plan already established by our office until his release from the transitional housing to his personal residence.

I declare under penalty of perjury that the foregoing is true and correct.

**WHEREFORE**, it is respectfully requested that the Court take notice of the contents of this motion for the appropriate action.

In San Juan, Puerto Rico, this 23rd of July 2020.

Respectfully submitted,

LUIS O. ENCARNACION, CHIEF
U.S. PROBATION OFFICE

*s/Luz E. Aponte*
Luz E. Aponte
Senior, U.S. Probation Officer
Federal Office Building, Suite 225
150 Chardon Avenue
San Juan, PR 00918
787-766-5596
787-766-5945
luz_aponte@prp.uscourts.gov

Appendix 30

## CERTIFICATE OF SERVICE

I HEREBY certify that on this date, I electronically filed this motion with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to all pertinent parties.

In San Juan, Puerto Rico, July 23, 2020.

*s/Luz E. Aponte*
Luz E. Aponte
Senior, U.S. Probation Officer

6

Appendix 31

**Mr.IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**
**Plaintiff,**

      **vs.**                                    **CASE NO. 3:11-CR-229-01(FAB)**

**ALEXIS D. NEGRON-CRUZ**
**Defendant**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MOTION IN RESPONSE TO COURT ORDER DATED JUNE 29, 2020**
**IN RELATION TO DOCKET NO. 212, NOTIFYING NEW VIOLATIONS TO THE**
**SUPERVISED RELEASE CONDITIONS AND REQUEST FOR AN ARREST**
**WARRANT**

    **COMES NOW**, Luz Enid Aponte-Ortiz, Senior, U.S. Probation Officer of this Honorable

Court, responding to the court order dated June 29, 2020, in which the honorable Magistrate

Bruce J. Mc Giverin, ordered the U.S. Probation Officer to file a motion notifying the status of

the case and Mr. Negron-Cruz's compliance with his conditions of supervise release.

    On July 15, 2020, Mr. Negrón-Cruz attended his treatment appointment for psychosexual

evaluation purposes at ETHOS program in San Juan, PR. Program director and Clinical

Psychologist Vanessa Berrios conducted the evaluation. The evaluation reflected that during their

interview Mr. Negrón-Cruz displayed a somewhat aggressive and defensive attitude. As previously

informed in motion filed in response to court order under docket number 215 on July 23, 2020,

Psychologist Berrios indicated that Mr. Negrón-Cruz suffers from mental health issues, during the

evaluation he presented a tendency to avoid self-disclosure which was characterized by

1

Appendix 32

evasiveness and unwillingness to divulge matters related to his sex offense among other things. It is the opinion of psychologist Berrios that Mr. Negrón is currently a High-risk case that requires of close monitoring and supervision. Mr. Negrón -Cruz current mental status represents a danger to the community as she stated. Her recommendation was for Mr. Negrón-Cruz to urgently submit to a psychiatric evaluation for treatment purposes including pharmacological treatment if necessary. An inpatient psychiatric and psychological treatment should be strongly considered. Due to the danger he represents to the community. Despite Mr. Negrón-Cruz compliance with his treatment appointment, he failed to comply with the following supervision conditions:

1.  **STANDARD CONDITION NO. 3: "THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLW THE INSTRCUTIONS OF THE PROBATION OFFICER".**

2.  **SPECIAL CONDITION NO. 19: "HE SHALL NOT POSSESS OR USE A COMPUTER, CELLULAR PHONE, OR ANY OTHER DEVICE WITH INTERNET ACCESSING CAPABILITY, AT ANY TIME OR PLACE WITHOUT APPROVAL FROM THE PROBATION OFFICER. THIS PROHIBITION INCLUDES ACCESS THROUGH AN INTERNET SERVICE PROVIDER, BULLETIN BOARD SERVICE, EMAIL SYSTEM, OR ANY PUBLIC OR PRIVATE COMPUTER NETWORK SYSTEM. THE DEFENDANT SHALL PERMIT ROUTINE INSPECTIONS OF HIS COMPUTER SYSTEM OR ANY OTHER COMPUTER SYSTEM MAINTAINED IN HIS POSSESSION TO INCLUDE THE HARD DRIVE AND ANY MEDIA STORAGE MATERIALS, IN ORDER TO CONFIRM ADHERENCE TO HIS CONDITION. THE INSPECTION**

2

Appendix 33

**SHALL BE NO MORE INTRUSIVE THAN IS NECESSARY TO ENSURE COMPLIANCE WITH THIRD PARTY RISK, WHO MAY BE IMPACTED BY THIS CONDITION".**

On July 7, 2020, an administrative meeting was held in our office with supervisor Jeffrey Semidey with the intention of assisting Mr. Negrón-Cruz to gain understanding of his supervision conditions and encourage him to comply as expected. As a result of the meeting, an action plan was prepared, in another effort to assist Mr. Negrón-Cruz in focusing on his supervision process by providing him with a more structure plan and strategies that will allow him to comply with his supervision conditions while protecting him and our community. The main reason to provide structure to Mr. Negrón-Cruz was based on our concern for the safety of our community. As previously informed to the court on July 23, 2020, in a motion under docket No. 215 Mr. Negrón-Cruz will leave the program premises at 6:00 a.m. and will not return until 6:00 p.m. while not providing specific information as to his whereabouts upon inquiry. Since December 19, 2019, Mr. Negrón-Cruz has not been able to receive sex offender treatment due to his non-compliance with this condition specifically refusing to sign the Consent Form. The results of his psychosexual evaluation validated our concerns. Mr. Negrón-Cruz was not only identified as someone with mental health issues that could be contributing to his non-compliance but his risk for re-offending was categorized as a high risk.

On July 23, 2020, we received information from Mr. Negrón-Cruz's program case manager Ms. Daisy Santiago stating that Mr. Negrón-Cruz failed to comply with the action plan already established, she also reported that when confronted about it, he stated that he had already filed a motion to the court and he already decided not to comply. Since then, Mr. Negrón-Cruz has been

in non-compliance of the action plan and therefore the instructions provided by the U.S. Probation Officer. Furthermore, on July 29, 2020, Mr. Ruben- Cruz, Carib transitional program coordinator contacted the U.S. Probation Officer to inform that after a routine search was conducted at the program this morning, they found that Mr. Negrón-Cruz was in possession of three cellular phones, two of them with internet access and a laptop also with internet access. Upon inquiry, he admitted acquiring the WIFI signal from the program without their authorization. Once again violating the conditions imposed by the court.

Based on the information mentioned above, Mr. Negrón- Cruz resistance, his unwillingness to comply with his supervise conditions, the recommendation made by the treatment provider for a psychiatric evaluation and the risk that has been already established in the community, to protect Mr. Negrón-Cruz and for the safety of the community, our initial intention was to request to the court that Mr. Negrón-Cruz be ordered to receive a psychiatric evaluation through a federal correctional facility to determine his need for treatment and for mental health stability purposes. However, after the information provided this morning by program coordinator Mr. Cruz and based on Mr. Negron's clear lack of respect toward this honorable court, his constant unwillingness to comply with his supervising conditions and the risk that he posed to the safety of our community we are respectfully requesting that an arrest order be issue for Mr. Negrón-Cruz arrest.

I declare under penalty of perjury that the foregoing is true and correct.

**WHEREFORE**, based on the above-mentioned information, it is respectfully requested that a warrant for Mr. Negrón-Cruz's arrest be issued, so that he may be brought before this honorable Court to show cause why his supervise term should not be revoked Thereupon, he to be dealt with pursuant to law.

4

Appendix 35

In San Juan, Puerto Rico, this 29th day of July 2020.

Respectfully submitted,

LUIS O. ENCARNACION, CHIEF
U.S. PROBATION OFFICE

*s/Luz E. Aponte*
Luz E. Aponte
Senior, U.S. Probation Officer
Federal Office Building, Suite 225
150 Chardon Avenue
San Juan, PR 00918
787-766-5596
787-766-5945
luz_aponte@prp.uscourts.gov

## CERTIFICATE OF SERVICE

I HEREBY certify that on this date, I electronically filed this motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all pertinent parties.

In San Juan, Puerto Rico, this 29th day of July 2020.

*s/Luz E. Aponte*
Luz E. Aponte
Senior, U.S. Probation Officer

Appendix 36

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff,

vs.                                        CASE NO. 3:11-CR-229-01(FAB)

ALEXIS D. NEGRON-CRUZ
Defendant
**************************

### SUPPLEMENT MOTION TO DOCUMENT FILED IN DOCKET NO. 199 NOTYFYING ADDITIONAL VIOLATIONS OF SUPERVISED RELEASE CONDTIONS

Luz Enid Aponte-Ortiz, Senior, U.S. Probation Officer of this Honorable Court, respectfully informing additional violations to the supervised release conditions.

SPECIAL CONDITION NO. 7: "HE SHALL UNDERGO A SEX OFFENSE SPECIFIC EVALUATION OR PARTICIPATE IN A SEX OFFENDER TREATMENT OR MENTAL HEALTH TREATMENT PROGRAM AS ARRANGED BY THE PROBATION OFFICER. HE SHALL ABIDE BY ALL RULES, REQUIREMENTS, AND CONDITIONS OF ANY MENTAL OR SEX OFFENDER TREATMENT PROGRAM, INCLUDING SUBMISSION TO TESTING; SUCH AS POLYGRAPH, ABEL ASSESSMENTS, PENILE PLETHYSMOGRAPGH (PPG), OR VISUAL REACTION TESTING. HE SHALL WAIVE HIS RIGHT OF CONFIDENTIALITY IN ANY RECORD FOR MENTAL HEALTH OR SEX OFFENDER ASSESSMENT AND TREATMENT AND SHALL SIGN ANY NECESSARY RELEASE FOR REQUIRED TO OBTAIN THE RECORDS, TO ALLOW THE PROBATION OFFICER TO REVIEW HIS COURSE OF TREATMENT AND PROGRESS WITH THE TREATMNENT PROVIDER. HE WILL BE REQUIERED TO CONTRIBUTE TO THE COSTS OF THOSE SERVICES BASED ON HIS ABILITY TO PAY OR THE AVAILABILITY OF PAYMENTS BY THIRD PARTIES. HE SHALL BE REQUIRED TO SUBMIT TO AN INITIAL POLYGRAPGH

1

Appendix 37

**TESTING AND SUBSEQUENT MAINTENANCE TESTING AT INTERVALS AT THE DISCRETION OF THE PROBATION OFFICER, TO ASSISST IN TRETAMNET PLANNING AND CASE MONITORING AND AS A MEANS TO ENSURE THAT HE IS IN COMPLIANCE WITH THE REQUIREMENTS OF HIS SUPERVISION OR TREATMENT PROGRAM.**"

On July 29, 2020, Mr. Negrón-Cruz reported to his polygraph appointment with polygraphist Jose Melendez from ASA Security Logistic & Technology, Inc. Mr. Melendez reported that Mr. Negron-Cruz did not refuse to take the exam but would not answer any question or speak about his past or sexual history. According to the report, Mr. Negron-Cruz affirms that the entire process violates his constitutional right not to incriminate himself. As per Mr. Melendez's report, he was unable to conduct the polygraph test as imposed by the court due to Mr. Negrón-Cruz's refusal to answer or discuss his record to develop the questions and his insistence that he would not answer any questions.

Moreover, upon enforcing and executing the following condition:

**SPECIAL CONDITION NO. 16: "HE SHALL SUBMIT HIMSELF AND HIS PROPERTY, HOUSE, RESIDENCE, VEHICLE, OFFICE, PAPERS, COMPUTER, OTHER ELECTRONIC COMMUNICATION OR DATA STORAGE DEVICES OR MEDIA, TO A SEARCH, CONDUCTED BY THE UNITED STATES PROBATION OFFICER, AT A REASONABLE TIME AND IN A REASONABLE MANNER, BASED UPON REASONABLE SUSPICION OF CONTRABAND, OR OF EVIDENCE OF A VIOLATION OF A CONDITION OF SUPERVISED RELEASE. THE PROBATION OFFICER SHALL SEIZE ANY ELECTRONIC DEVICE WHICH WILL BE SUBJECT TO FURTHER FORENSIC INVESTIGATION AND ANALYSIS. FAILURE TO SUBMIT TO A SEARCH AND SEIZURE MAY BE GROUNDS FOR REVOCATION OF SUPERVISED RELEASE. DEFENDANT**

Appendix 38

**SHALL WARN ANY OTHER RESIDENT OR OCCUPANT THAT THE PREMISES MAY BE SUBJECT TO SEARCH PURSUANT TO THIS CONDITION".**

Mr. Negron-Cruz violated the following condition:

**SPECIAL CONDITION NO. 19: "HE SHALL NOT POSSESS OR USE A COMPUTER, CELLULAR PHONE, OR ANY OTHER DEVICE WITH INTERNET ACCESSING CAPABILITY, AT ANY TIME OR PLACE WITHOUT APPROVAL FROM THE PROBATION OFFICER. THIS PROHIBITION INCLUDES ACCESS THROUGH AN INTERNET SERVICE PROVIDER, BULLETIN BOARD SERVICE, EMAIL SYSTEM, OR ANY PUBLIC OR PRIVATE COMPUTER NETWORK SYSTEM. THE DEFENDANT SHALL PERMIT ROUTINE INSPECTIONS OF HIS COMPUTER SYSTEM OR ANY OTHER COMPUTER SYSTEM MAINTAINED IN HIS POSSESSION TO INCLUDE THE HARD DRIVE AND ANY MEDIA STORAGE MATERIALS, IN ORDER TO CONFIRM ADHERENCE TO HIS CONDITION. THE INSPECTION SHALL BE NO MORE INTRUSIVE THAN IS NECESSARY TO ENSURE COMPLIANCE WITH THIRD PARTY RISK, WHO MAY BE IMPACTED BY THIS CONDITION".**

On July 29, 2020, a motion was filed to the court in response to a court order under docket number 218. On that motion the court was also notified that on the same day, Mr. Ruben-Cruz, Carib transitional program coordinator contacted the U.S. Probation Officer to inform that after a routine search was conducted at the program that morning, they found that Mr. Negrón-Cruz was in possession of three cellular phones, two of them with internet access and a laptop also with internet access. Upon inquiry, he admitted acquiring the WIFI signal from the program without their authorization, once again in violation of his supervised conditions. An arrest warrant was requested and the same was granted on the same day. On

July 31, 2020, based on Mr. Negron-Cruz violations his search condition was executed. The following items were seized for forensic analysis:

1. Samsung Galaxy Phone pin # 2301 (0418).

2. Cellation Black Phone,

3. Bold Model C-1 Black Phone - pin # 2301

4. LENOVO Laptop Computer - password - 091C5H5HD.

5. Micro Memory Card

6. TP Link 300Mbps serial number TL-wn821IN

7. ONN Memory Card

On August 6, 2020, the U.S. Probation Office's Mobile Forensic Specialist conducted a forensic investigation. No pornographic material was found in any of the listed devices. The following is a summary of the findings:

**Samsung**
- Being in use since 01/05/2005 through 7/31/2020
- Active Social Networks
  - Facebook
    - Profile: "Ha Zut (HerosKiller)"
  - Twitter
    - Profile: "Ha Zut @HerosKiller"
  - Instagram
    - Alexis Negron (alexisdavidnegron)
- WhatsApp
  - Profile: Alexis
  - Phone Number: 787-685-4703
  - Most recent message: 7/31/2020
- Email
  - Alexis_negron@hotmail.com
  - alexisdavidnegron@gmail.com
  - heroskiller@gmail.com
  - nuestrohermosopuertorico@gmail.com
  - hazuthk@gmail.com
  - composertool@gmail.com
  - lafuriadejayfonseca@gmail.com

Appendix 40

**BOLD**
- Being in use since 01/28/2020 through 7/31/2020
- Active Social Networks
  - Facebook
    - Profile: "Ha Zut (HerosKiller)"
    - Profile: Alexis Negron
    - Profile: Borin Quen
  - Twitter
    - Profile: "Ha Zut @HerosKiller"
- WhatsApp
  - Profile: NHPR
  - Phone Number: 939-241-0150
  - Most recent message: 7/30/2020
- Email
  - nuestrohermosopuertorico@gmail.com
  - heroskiller@gmail.com
  - alexisdavidnegron@gmail.com

**Cellution**
- Forensic analysis could not be completed since the password provided to unlock the phone is not correct

**SD Memory Cards**
- These were not really memory cards.  These were just empty adapters

**"Pen Drive"**
- This was a Wi-fi antenna

**Lenovo Laptop**
- The laptop has a security protocol in place to directly access the memory, instead of the operating system. Forensic analysis to the laptop could not perform since it is password protected. Forensic analyst did not want to force password access to prevent data loss.

5

Appendix 41

**WHEREFORE,** it is respectfully requested that the Court takes notice of the contents of this motion and that same be included in the impeding revocation proceedings.

In San Juan, Puerto Rico, August 18, 2020.

Respectfully submitted,

LUIS O. ENCARNACION, CHIEF
U.S. PROBATION OFFICER

*s/Luz E. Aponte*
Luz E. Aponte
Senior, U.S. Probation Officer
Federal Office Bldg., Suite 225
150 Chardon Avenue
San Juan, PR 00918
Tel. 787-766-5596
Fax  787-766-5651
Email luz_aponte@prp.uscourts.gov

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this date, I electronically filed this motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all pertinent parties.

In San Juan, Puerto Rico, August 18, 2020.

*s/Luz E. Aponte*
Luz E. Aponte
Senior, U.S. Probation Officer

6

Appendix 42

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**

v.

**ALEXIS D. NEGRÓN-CRUZ,**

Defendant.

Criminal No. 11-229 (FAB)

## ORDER OF DETENTION PENDING FINAL REVOCATION HEARING

I find that there is probable cause that the defendant violated the conditions of supervised release, as informed by the U.S. Probation Officer at Docket Nos. 199, 218, and 226.

I further find that the defendant is a risk of flight. The defendant has no established residence, a long record of probable cause for violations of his supervised release conditions, and has not met his burden of showing that he would comply with other release conditions.

The defendant shall remain detained pending the final revocation hearing.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of August, 2020.

_s/Bruce J. McGiverin_
BRUCE J. McGIVERIN
United States Magistrate Judge

Appendix 43

1

RECEIVED & FILE

2020 SEP 22 AM 8 4

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

13 de Septiembre de 2020

Caso # 11-229 (FAB)

Por este medio le escribo a este tribunal
pidiendo las siguientes peticiones.

1. No deseo más la representación del
Lic. Morris, no quiero entrar en detalles
de los por menores.

2. No deseo más que la oficial probatoria
Enid Aponte este acargo de mi caso
y tenga ningún tipo de acceso a
mis evaluaciones anteriores. No quiero
entrar en detalles de todos los por
menores.

3. No quiero que se me otorgue a ningún
tipo de ayuda en vivienda por
parte de hogares que lamentablemente
estan llenos de actos intolerables ~~llenos~~
de y tratos indebidos a los participantes.
No quiero entrar en detalles de los
por menores vividos en Guarabi.

4. No quiero ser juzgado más por el
Juez Sr. Besosa, entiendo que ya se me
ha hablado suficiente mal de él por
parte de todos los Licenciados que me
han representados incluyendo las palabras
del lic. Morris "El Juez no quiere saber nada
de ti o verte". Y que su juicio aparenta
Siempre estar del lado del castigo en
todos sus casos y no en busca de
lo Justo.

Appendix 44

2

5, Pido mi pronta excarcelación por que no
he cometido ningún delito o crimen contra
mi projimo, y se me esta tratando
de tal manera sin tener buena represen-
tación, obviando mis derechos constitucionales
los cuales son el Principio de la libertad
y deben ser protegidos igual por todos
los tribunales.

6, Quiero poder continuar con mi vida.
en la libre comunidad sin restricciones
que afectan mi profeción, que me discriminan
y no Permiten mi desarrollo como individuo
en lo que me apasiona hacer, y soy más
que bueno haciendo.

7, No quiero que se me trate más
como si fuera un delincuente, pensando
en que voy a ser un criminal por
el resto de mi vida, o como si estuviese
enfermo como para necesitar psicologos o
tratamientos los cuales si en verdad
hubieran sido necesarios se pudieron haber
realizados durante mi sentencia y no
despues de hocho años y medios.

8, Quiero que se me devuelva todos los
equipos electronicos que se me ocuparón,
los cuales usé para aprender y ponerme
al día en la tecnología, y poder comunicarr
me con las personas que me han
estado ayudando, no para hacer ningun
tipo de acto criminal como pretenden
pensar o prejuicial.

3

Los equipos son los siguientes.

1. dos teléfonos de obama con sus cargadores
2. un teléfono Samsung A10S, con dos tarjetas
   sim, y una tarjeta SD de 256 Gigas, con
   sus audífonos, cable de cargar y cargador
   todos color blanco, cover negro.
3. Una batería color roja de 30mil mili amperes
   que utiliza un panel solar, y luz de lin terna.

4. Una laptop Lenovo color gris, procesador
   Amd, 8 Gigas de memoria, y disco solido de
   256 gigas, y cargador color negro.

Todos estos equipos Exepto por los
teléfonos de Obama, fueron regalos de mis
amigos y única familia que tengo, los
cuales en su mayoría tenemos más de
30 años de amistad y saben que no soy un criminal

Quiero dejar bien claro que mi tiempo
en la libre comunidad no lo desperdicie
en nada, desde poner en condiciones la
casa de mi madre la cual estaba en
condiciones infra humanas, y de hacer
todas las gestiones necesarias para
comenzar mi nueva vida.

q   Pido que se me devuelva todas mis
    identificaciones y tarjetas.

1- Tarjeta electoral
2- Identificación real ID
3- tarjeta del plan médico triple sss
4- tarjeta Ath Banco Popular
5- tarjeta de Credito Banco Popular

Appendix 46

4

6- targeta de la familia del Pan
7- Certificado de Nacimiento
8- Targeta del Seguro Social
9- Targeta de identificacion de Preso
10- Copia completa de mi expediente en
Guarabi que incluye todos los cursos
que cogi.

todas estas gestiones las hice mientras
estaba viviendo en el Hogar Guarabi,
incluyendo los resume de trabajo y solicitudes
que llene.

10- Pido no querer ver mas en mi vida a
la Oficial Probatorio Enid Aponte, que
se acuerde que frente a su jefe le
explique que ella queria que mintiera en las
solicitudes de empleo, lo cual para mi
es otro intento de corrupcion por parte
de un Oficial de la corte.

Tambien le quiero dejar bien claro que
al momento de mi arresto en Guarabi
estaba en espera de una llamada
para entrevista de trabajo por parte
de alianza municipal, y que desde
que sali, hubiese tenido trabajo si no
fuera por todas esas condiciones las
cuales nunca firme en un plea, que
apele, y son totalmente inconstitucionales.

He llegado a pensar que este tribunal
lo unico que desea para Puerto Rico es
tener a todo el que pueda Preso. aun des-
pues de haber cumplido una condena.

5

Espero poder estar pronto en la libre
comunidad, y continuar con mi vida
aportando a nuestra hermosa isla,

Firma: Alexis Negrin

Alexis Negrin Cruz
36596-069 - Unidad 1-A, 123
P.O. Box 2005
Metropolitan Detention Center
Cataño, P.R. 00963-2005


P.D. Aquí continua saliendo humo con peste
a goma quemada por los conductos del
aire acondicionado. Nunca los arreglarón y
el Juez Besosa desestimo mi demanda Civil,
Gracias por añadir más castigo a
todos los presos.

IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM NO.: 11-229(FAB) |
| V. | |
| ALEXIS D.  NEGRON-CRUZ | |

**MOTION IN COMPLIANCE WITH COURT ORDER D.E. 232 RE:
DEFENDANT'S MOTION TO APPOINT COUNSEL**

**TO THE HONORABLE COURT**

COMES NOW, the undersigned counsel who respectfully states and prays as follows:

1. On April 21, 2020 the undersigned counsel was CJA appointed to represent the defendant in the instant case. The docket shows that undersigned has been the fifth counsel assigned to represent the defendant.

2. On June 16, June 29, June 30, and August 20, 2020 the undersigned had VTC calls with defendant to review and discuss the violations of conditions of  his supervised release alleged by US Probation Office including the applicable penalties  pursuant to the U.S. Code and the applicable sections of the U.S. Sentencing Guidelines. Furthermore, in preparation to the preliminary revocation hearing undersigned also explained to the defendant the stage of the criminal proceeding pending with its implications, and the possible alternatives to work with the case pursuant to the Federal Rules of Criminal Procedure.

3. On September 22, 2020 the defendant filed Motion to Appoint Counsel, Motion for Miscellaneous Relief, Motion to Disqualify Judge, Motion for Release from Custody, Motion for Return of Property/Post Trial. (D.E. 231)

4. On September 22, 2020 this Honorable Court entered order D.E. 232 in response to the abovementioned defendant's motion.

5. In compliance with the Court's Order regarding defendant's Motion to Appoint Counsel undersigned response is as follows.

6. The undersigned has the impression that the defendant wants this counsel to

Appendix 49

guarantee a specific outcome on the case that is not possible at this stage of the proceedings such as to change the conditions of the supervised release imposed on his case by the US Probation Office for him to comply. The defendant challenges all legal argument discussed with him and disagrees with all legal advice provided by counsel as to reach a positive outcome for him.

7. In light of the above, the legal representation of the defendant in front of these circumstances is almost impossible, and far from a positive outcome since he does not trust undersigned legal advice neither is satisfied with the work rendered. Furthermore, as result the communication and trust are deteriorated.

8. Notwithstanding the above, undersigned counsel is always available and more than willing to comply with any CJA appointment by this Honorable Court

9. Since the instant case is not terminated, as required by the CJA Act, the undersigned also requests authorization to submit CJA voucher, if this Court grants this motion to withdraw as counsel of the defendant.

**WHEREFORE,** it is respectfully requested that this Honorable Court takes notice of this motion and order accordingly granting defendant's requests to appoint counsel, and if granted, leave authorization to undersigned counsel to submit CJA voucher.

In San Juan, P.R. this September 24, 2020.


Respectfully submitted.


        S/ EMILIO F. MORRIS-ROSA
        EMILIO F. MORRIS-ROSA
        USDC# 231503
        P.O. BOX 5129
        CAROLINA, PR 00987-5129
        TEL. (787) 632-6381
        emiliofmorris@gmail.com


I hereby certify that on September 24, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys in the case.

At San Juan, Puerto Rico, on September 24, 2020.


Appendix 50

S/EMILIO F. MORRIS-ROSA

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA
Plaintiff,**

          **vs.**                **CASE NO. 3:11-CR-229-01 (FAB)**

**ALEXIS D. NEGRON-CRUZ
Defendant
*********************************

<u>MOTION IN COMPLIANCE WITH COURT ORDER DATED SEPTEMBER 22,2020 IN
RELATION TO DOCUMENT FILED UNDER DOCKET NO. 231</u>**

Senior U.S. Probation Officer Luz Enid Aponte-Ortiz, responding to the court order dated September 22, 2020 in which Your Honor ordered the U.S. Probation Officer to respond to the document filed by defendant Negron-Cruz under docket number 231.

In paragraph No. 2 Mr. Negrón-Cruz expressed his desire and interest for this probation officer to stop supervising his case. For the record, this is the second occasion that Mr. Negrón-Cruz makes this kind of request to the Court. We assure to this Court that the U.S. Probation Officer has been performing the role as expected and as required by statute. Through this request Mr. Negron-Cruz is once again attempting to divert attention from the main issue which is his lack of compliance with the supervised release conditions ordered by this Court.

In reference to paragraph No. 10, the undersigned probation officer never encouraged nor instructed Mr. Negrón-Cruz to provide

1

Appendix 52

false information in his employment application as he alleged nor being dishonest in any other matter. It has never been the practice of this probation officer nor the way to conduct our role as a probation officer for the past twenty (20) years.  As previously mentioned in a motion filed on July 23, 2020 under docket number 215, in which Mr. Negrón-Cruz referred himself as a sexual predator on his employment applications, he was advised not to refer himself that way because it was not requested by the employer, it was diminishing for him and his work skills. In addition, he was advised that by utilizing such term to identify himself, it would have been a great limiting factor to his employment opportunities.

It is important to state for the record that Mr. Negrón-Cruz's persistent behavior and attitude toward the supervision process seems to be of an individual that is constantly manipulating the process. His relentless insults, lack of respect and attempts to discredit this Honorable Court, the court stakeholders and the probation officers assigned to his case are evidence of his attempts to distract and deviate himself and this Court from the issues that are really important such as; his violations to the supervised release conditions, his lack of compliance, and the efforts made by the probation officer to assist Mr. Negrón-Cruz in engaging and complying with his supervision process.

This behavior is not allowing but on the contrary it is preventing Mr. Negrón-Cruz from focusing on complying with the

2

Appendix 53

conditions of supervision as imposed by this Court. The situation is also preventing the U.S. Probation Officer to continue focusing in facilitating the supervision process for Mr. Negron-Cruz since the focus so far has been responding to Mr. Negrón-Cruz's false allegations and in addressing his efforts to discredit our role as probation officers. It has been almost one (1) year since the onset of the supervision term which started on December 17, 2019, and due to his lack of compliance and commitment as well as his poor attitude towards supervision and change, Mr Negrón-Cruz has not been able to engage in this process yet.

**WHEREFORE**, it is respectfully requested that the Court take notice of the contents of this motion for the appropriate action.

In San Juan, Puerto Rico, September 30, 2020.

Respectfully submitted,

LUIS O. ENCARNACION, CHIEF
U.S. PROBATION OFFICE

**_s/Luz E. Aponte_**
Luz E. Aponte
U.S. Probation Officer
Federal Office Building, Suite 225
150 Chardon Avenue
San Juan, PR 00918
Tel. No. (787) 766-5596
Fax No. (787) 766-5651
Email luz_aponte@prp.uscourts.gov

Appendix 54

## CERTIFICATE OF SERVICE

I HEREBY certify that on this date, I electronically filed this motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all pertinent parties.

In San Juan, Puerto Rico, September 30, 2020.

*s/Luz E. Aponte*
Luz E. Aponte
U.S. Probation Officer

4

Appendix 55

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

          **v.**            **Criminal No.** 11-229 (FAB)

ALEXIS D. NEGRÓN-CRUZ,

    **Defendant.**

**ORDER**

Before the Court is defendant Alexis D. Negrón-Cruz's "MOTION to Appoint Counsel, MOTION for Miscellaneous Relief, MOTION to Disqualify Judge, MOTION for Release from Custody, MOTION for Return of Property/PostTrial" (Docket No. 231).

The Court rules as follows:

1.   Defendant's request that his counsel, Emilio Morris-Rosa, withdraw is **DENIED**.   No other counsel will be appointed for the defendant.

2.   Defendant's request that USPO Luz Enid Aponte not continue defendant's supervision is **DENIED**.

3.   Defendant's request that he not be assisted to obtain housing is **DENIED**.   The probation officer will continue assisting defendant in this endeavor.

4.   Defendant's request to disqualify me as the presiding judge is **DENIED**.

Criminal No. 11-229 (FAB)                                              2

5.    Defendant's request to be released from detention is **DENIED.**

6.    Defendant's request that he be able to continue his life without restrictions is **DENIED.**   Whether or not his supervised release term is revoked, defendant may have to continue on supervised release for whatever time is imposed by the Court.

7.    Defendant's request that he not be treated as a "delinquent" is **NOTED.**   His supervised release term may be revoked, and an additional term of imprisonment or of supervised release may be imposed.

8.    Defendant's request that his electronic equipment and his identification documents be returned to him will be determined at a later date.   Any equipment or identification document considered to be contraband will not be returned to him.

9.    All other defendant's requests are **NOTED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 1, 2020.

s/ Franciso A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

Appendix 57

## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM NO.: 11-229(FAB)** |
| V. | |
| **ALEXIS D.  NEGRON-CRUZ** | |

### MOTION TO OBJECT (D.E.251) & STRIKE THE INCLUSION & ATTACHMENT AS EXHIBIT OF PSYCHOSEXUAL ASSESSMENT REPORT ON GOVERNMENT'S MOTION (D.E.251)

**TO THE HONORABLE COURT**

COMES NOW, the undersigned counsel who respectfully states and prays as follows:

1. On December 8, 2020 the Government filed "Motion requesting psychiatric evaluation for the defendant" (d.e.251). To support its motion the Government included and attached as exhibit a "psychosexual assessment report" previously conducted to Mr. Negron by request of the US Probation Officer.

2. The inclusion and attachment of the "psychosexual assessment report" as exhibit to the Government's motion (d.e.251) constitutes a violation of Rule 901 of the Federal Rules of Evidence which establishes that "to satisfy the requirement of authenticating or identifying an item of evidence the proponent must produce evidence with testimony sufficient to support a finding that the item is what the proponent claims it is". The report was not disclosed by the prosecutor to the defense, neither subjected to ruling of the Court regarding it admissibility with compliance of Rule 901 before being filed as an exhibit attached to the Government's motion. Neither the parties stipulated the presentation and admission of this report to the Court as evidence on behalf of the Government for the final revocation hearing.

3. Pursuant to the above, Mr. Negron respectfully requests to this Honorable Court to strike and exclude from the case docket the "psychosexual assessment report" attached as exhibit to the Government's Motion (d.e.251), including all the

Appendix 58

allegations and conclusions in the motion which derive from or refer to the content of the report.

4. Any psychiatric evaluation requested by the Government should be contemplated under the conditions of supervised release already imposed on Mr. Negron. A psychiatric evaluation to determine mental competency to comply has not been considered a condition of Mr. Negron's supervised release.

5. It is also inform to the Court that undersigned counsel has been able to communicate with Mr. Negron during this legal process in the preparation of his defense.

WHEREFORE, it is respectfully requested that this Honorable Court takes notice of this motion and order accordingly granting defendant's requests.

In San Juan, P.R. this December 9, 2020.

Respectfully submitted.

S/ EMILIO F. MORRIS-ROSA
EMILIO F. MORRIS-ROSA
USDC# 231503
P.O. BOX 5129
CAROLINA, PR 00987-5129
TEL.  (787) 632-6381
emiliofmorris@gmail.com

I hereby certify that on December 9, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys in the case.

At San Juan, Puerto Rico, on December 9, 2020.

S/EMILIO F. MORRIS-ROSA

Appendix 59

I

Lunes 7 de de diciembre de 2020

2020 DEC 11 AM 7: 58
CLERK'S OFFICE
U.S DISTRICT COURT
SAN JUAN PR

Case # 11-229 FAB-B-J-M

Por este medio me dirijo a esta corte
del Sr. Juez Besosa.

El lunes 7 de diciembre del 2020
el licenciado Emilio Morris se comunico
conmigo el Sr. Negrón.

Ambos concidimos en que tenemos las
manos atadas en todo este asunto referente
de mi defensa.

Yo puedo entender que todos ustedes
esten bien molestos conmigo por mi
manera de tratar de defenderme
ante ustedes, o de escribir mis argu-
mentos.

Yo no soy perfecto, no soy abogado, pero
mi forma de ser o pensar es muy
diferente a la persepción delas
personas comunes, apesar de todo esto
nadie y menos ningun profecional tanto
afuera como adentro de la carcel
puede decir que estoy "Loco".

Un "Loco" no escribe mociones, su mente
no tiene cordura, siempre esta bajo pastillas,
no cuida su cuerpo, su realidad es muy
diferente a la de los demas.

Appendix 60

II

Escribo esto debido a que el licen-
ciado me habló diciendo en que la
Oficial probatorio tiene un referido
para internarme un centro psiquiátrico.

Más aún que este referido lo hizo
la misma psicóloga que ella refirió
para mi estudio.

En este estudio la psicóloga dijo que
sin la prueba del detector de mentiras
no se podría terminar o llevarse
a cabo para poder diagnosticar una
persona, pero yo le pregunto a esta
Corte.

¿Si el estudio no se puede terminar
sin la prueba del detector de mentiras,
cómo es que en una sola cita conmigo
sin un estudio completo puede hacer
un referido para internarme?

Sr. Besosa, el querer defender al
tribunal, incluso a sus compañeros de
trabajo yo lo puedo entender.

Puedo entender que usted pueda ser el
Juez más malo en todo el tribunal,
y que quiera usar todo su poder
contra mí.

Que esté cansado de mí, no lo culpo
no es la primera persona ni la última
que tenga este sentimiento hacia mí,
hasta yo mismo me pregunto cuándo
te rendirás.

Appendix 61

Pero aún con todo esto nunca lo
he conciderado un Juez corrupto.

Podemos batallar, me podrá denegar todo,
por caprichos, y utilizar todo su
conocimiento legal contra mí, pero usted
no es el que esta preso por tratar
de hacer valer sus derechos.

Si tratar de hacer valer mis derechos
me hace ser un "Loco" le podría
citar montones de Hombres que debieron
haber salido del internado.

Ustedes saben que yo no soy ningún
peligro para la sociedad, lo sabe la
Oficial probatorio la cual puedo entender
que este bien molesta conmigo, lo sabe las
Oficiales y personal del B.O.P. incluyendo
los psicologos, lo sabe todo Guarabí los
cuales si tienen gente Loca y mal
de la mente allí con fondos H.U.d.
a los cuales yo no cualifico.

Yo no gano nada con hacer el mal,
todo lo contrario Jehová Dios y su hijo
Jesus Cristo en quien siempre he creido
y no me gusta mencionarles han sido
mi unica fortaleza. No psicologos.

No tienen nada contra mí, nada de
contrabando ilegal, nada negativo en el
tiempo que estuve en la libre sociedad,
o en la cárcel.

Appendix 62

IV

Pero S.r Besosa hay algo que no
tolero y es la corrupción, me alejo
lo más posible de ella, y no participo
de ella.

¿Por qué usted cree que el director
de Guavati me reporto con la oficial
probatorio? ¿Hacer trabajo forsozo sin paga?

¿Cómo es que el técnico poligrafista
sabia que yo trabajaba junto a
mi amigo personal Jay Fonseca sin yo
decirle nada cuando esa información
se supone que no la tuviera el, solamente
la psicologa y su asistente?

Ustedes se enfocan en mis condiciones
tontas que alegadamente rompí, pero no
ven el trasfondo, el peligro de la
corrupción en el cual ustedes exponen
mi vida.

S.r Besosa si usted quiere ser parte de toda
esta corrupción pobre de usted.

Yo conozco la carcel y no se la deseo
a nadie, no todos tienen la fortaleza
para superarlas.

De mi usted no tendrá ningun problema
que no sean por mis derechos, usted
sabe que yo apelee en el primer
circuito y pensé que lo hiba a
entender. Yo no tengo dinero para pagar
abogados, y por derecho propio no tengo
suerte.

Appendix 63

Todo lo que hago es señalarle todas las cosas que no funcionan, lo que a mi punto de vista son inconstitucionales, y que están afectando mi desarrollo en la libre comunidad.

No quiero escribir a Boston por cosas que usted puede resolver ahora.

No quiero hacerle una querella a Enid Aponte, que se retire tranquila, y se olvide de todo esto.

Y quiero todo mis equipos de vuelta son mis herramientas de trabajo, y todas mi ropa y pertenencias personales en lo cual habían más de $500. dólares.

Ya han abusado lo suficiente como para que también lo poco que tengo me lo quiten.

Tenga cuidado en caer en los lazos de la corrupción S.r. Juez Besosa. Dios lo libre de ese mal.

Att Alexis negrón

Alexis Negrón Cruz
36586-069
Metropolitan Detention Center
P.O. Box 2005
Cataño, P.R. 06963-2005

Appendix 64

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 11-CR-229 (FAB) |
| Plaintiff, | ) | |
| | ) | REVOCATION OF |
| vs. | ) | SUPERVISED RELEASE |
| | ) | |
| ALEXIS D. NEGRON-CRUZ, | ) | |
| Defendant. | ) | |

TRANSCRIPT OF REVOCATION OF SUPERVISED RELEASE
HELD VIA VIDEOCONFERENCE
BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Friday, December 11, 2020

APPEARANCES:

For the United States:   NORMARY FIGUEROA-RIJO, SAUSA
                         United States Attorney's Office
                         Torre Chardón, Suite 1201
                         350 Carlos Chardón Street
                         San Juan, PR 00918


For the Defendant:       EMILIO F. MORRIS-ROSA, ESQ.
                         P.O. Box 5129
                         Carolina, PR 00984-5129


Produced by mechanical stenography; computer-aided transcription

Joe Reynosa, CSR, RPR
Official Court Reporter

```
 1              (PROCEEDINGS COMMENCED AT 9:25 A.M.)

 2

 3          THE CLERK:  Good morning, Judge.

 4          Can I call the case, Judge?

 5          THE COURT:  Yes, you can.

 6          THE CLERK:  This is Criminal Case No. 11-229,

 7   United States of America versus Alexis D. Negron-Cruz.  Case

 8   is called for Revocation of Supervised Release.

 9          On behalf of the Government, Special Assistant

10   United States Attorney Normary Figueroa-Rijo.

11          On behalf of the Defendant, Court-Appointed Counsel

12   Emilio F. Morris-Rosa.

13          Defendant is detained at MDC and will be assisted

14   by Certified Court Interpreter Ani Navarro.

15          Also present for these proceedings, U.S. Probation

16   Officer Luz Enid Aponte.

17          We are ready to proceed, Judge.

18          THE COURT:  Mr. Negron, can you hear me?

19          DEFENDANT NEGRON-CRUZ:  Yes.  Yes, Your Honor.

20          THE COURT:  You are appearing today by

21   videoconference for your revocation hearing.  I want to

22   describe to you and for the record the arrangements that we

23   have made for this video recording.

24          You are at the Federal prison MDC Guaynabo.  On

25   your screen, you can see your lawyer, Mr. Morris; the court
```

1  reporter; the courtroom deputy clerk; the interpreter; the

2  probation officer; and me.

3          Can you see everybody on your screen?

4          DEFENDANT NEGRON-CRUZ:  I see six persons,

5  including you.

6          THE COURT:  Well, you should be -- they have their

7  names underneath.  Who do you see, if you can read the names?

8          DEFENDANT NEGRON-CRUZ:  No.  The names do not

9  appear, but I do know who they are.

10          THE COURT:  Okay.  Very well.

11          The interpreter has a separate telephone link with

12  you to handle the translation of these proceedings for you.

13          Can you hear the interpreter?

14          DEFENDANT NEGRON-CRUZ:  Yes.

15          THE COURT:  If you have any problem with the video

16  or with the phone connection with the interpreter, or you

17  cannot hear or see what is happening in this videoconference,

18  please let us know either by speaking up or by waving your

19  hand.

20          Do you understand that?

21          DEFENDANT NEGRON-CRUZ:  Yes.  Like this

22  (demonstrating)?

23          THE COURT:  Yes.  That's fine.

24          If you want to have something repeated or

25  clarified, please let us know.

Appendix 67

1          Do you understand that?

2          DEFENDANT NEGRON-CRUZ:  Yes.

3          THE COURT:  The court reporter will prepare a

4   transcript of these proceedings, but the video of the

5   proceedings will not be preserved.

6          Do you understand that?

7          DEFENDANT NEGRON-CRUZ:  I understand that part, but

8   what I would like to ask you is whether the audio recording

9   will be preserved.

10          THE COURT:  Court reporter, do you preserve the

11   audio recording for any time?

12          He says yes.  The audio recording will be

13   preserved.  Okay?  So there will be a transcript, there will

14   be an audio recording, but there won't be a video recording.

15          Do you understand that?

16          DEFENDANT NEGRON-CRUZ:  Okay.  I agree.

17          THE COURT:  You have the right to be physically

18   present in court for your revocation hearing, but because we

19   are in an epidemic caused by the coronavirus, a state of

20   emergency has been declared.

21          Do you understand that?

22          DEFENDANT NEGRON-CRUZ:  Yes, I understand perfectly

23   what is happening.

24          THE COURT:  So we want to protect the health and

25   safety of everyone involved in this proceeding; court

1    employees, including the probation officer, the lawyers, you

2    as a Defendant, and even security personnel who would

3    transport you from MDC Guaynabo to the courthouse.

4            Do you understand that?

5            DEFENDANT NEGRON-CRUZ: Yes, I understand all of

6    that, and I agree with all of that.

7            THE COURT: Thank you.

8            We also want to permit the basic functions of the

9    court, such as your revocation proceeding, to go forward.

10            Do you understand that?

11            DEFENDANT NEGRON-CRUZ: Excuse me. Could you

12    repeat the question.

13            THE COURT: Sure. We want to permit the basic

14    functions of the court, including your revocation proceeding,

15    to proceed.

16            Do you understand that?

17            DEFENDANT NEGRON-CRUZ: Yes, and I agree with that.

18            THE COURT: Thank you.

19            To transport you from MDC Guaynabo to the

20    courthouse may increase the health risk of everyone involved.

21            Do you understand that?

22            DEFENDANT NEGRON-CRUZ: Yes, I understand that, and

23    I agree.

24            THE COURT: Thank you.

25            To minimize that health risk, we are giving

1  defendants like you, who prefer to appear at their revocation

2  hearings by video, the option to do so.

3        Do you understand that?

4        DEFENDANT NEGRON-CRUZ:  Yes, I understand that, and

5  I agree.

6        THE COURT:  Thank you.

7        To appear for your revocation hearing by video is

8  voluntary.  You do not have to appear by video.

9        If you choose to appear by video, however, I will

10  ask you to waive your right to be physically present in court

11  for your revocation hearing.

12        Do you understand that?

13        DEFENDANT NEGRON-CRUZ:  If I decide to go through

14  this means, does that affect me in any other way?

15        THE COURT:  No.

16        DEFENDANT NEGRON-CRUZ:  Okay.  I agree.

17        THE COURT:  Okay.

18        Now, do you understand that you have a right to

19  consult with your lawyer before I decide whether to revoke

20  you or not?

21        DEFENDANT NEGRON-CRUZ:  Yes, I understand that.

22        THE COURT:  If you want to speak with your lawyer

23  before I decide to revoke you or not, you should let us know,

24  and in that case we will make arrangements for both of you to

25  have a confidential communication.

1          Do you understand that?

2          DEFENDANT NEGRON-CRUZ:  I have just spoken to my

3   attorney, and we have reached an agreement.

4          THE COURT:  Okay.

5          Do you understand that you have the right to see

6   and to hear everything that happens during this video

7   proceeding?

8          DEFENDANT NEGRON-CRUZ:  Yes, I agree.

9          THE COURT:  Do you understand that if you waive

10  your right to be physically present in court for your

11  revocation hearing, and if you decide to speak to me before I

12  decide to revoke you or not, you will have to do so through

13  this video proceeding?

14         DEFENDANT NEGRON-CRUZ:  Yes, and I agree.

15         THE COURT:  Thank you.

16         Do you wish to waive your right to appear in person

17  in court for your revocation proceeding and appear instead

18  through this video proceeding?

19         DEFENDANT NEGRON-CRUZ:  As long as it doesn't

20  affect any of my other rights, I consent.  I agree.

21         THE COURT:  It does not affect any right except

22  your right to be physically present in court.

23         Is that understood?

24         DEFENDANT NEGRON-CRUZ:  Yes, I agree.

25         THE COURT:  Mr. Morris, is there any reason why I

1   should not accept Mr. Negron's waiver?

2          MR. MORRIS-ROSA:  There is no reason for the

3   judge -- there is no reason for the judge not to accept the

4   waiver.  Actually, we actually filed a document with the

5   signature of the Defendant, Your Honor, as to that matter.

6          THE COURT:  I saw it.  Thank you.

7          I find, therefore, that Defendant Alexis

8   Negron-Cruz has knowingly and voluntarily waived his right to

9   appear physically at his revocation hearing.  I accept his

10  waiver and will proceed directly to the revocation hearing.

11         But, before I do that, however, I have received

12  from the Government a motion requesting that I order

13  Mr. Negron to undergo an inpatient psychiatric examination.

14         MR. MORRIS-ROSA:  Your Honor, excuse me.

15         THE COURT:  Mr. Morris, what is your position --

16         MR. MORRIS-ROSA:  The Defendant is requesting me to

17  inform something to the Court as to his representation.

18  That's why it's important for me to inform the Court before

19  the Judge enters into the merits of the case, because I am

20  not authorized at this moment by the Defendant to make any

21  allegation on behalf of him.  And I think it's important for

22  the Judge to know, since the Defendant just said that we had

23  an agreement.  I don't have any agreement with the Defendant.

24  I was waiting my turn to explain to the Court the matter.  If

25  you allow me, I will do that, Your Honor.

1          THE COURT:  Well, go ahead.

2          MR. MORRIS-ROSA:  Your Honor, on December 7th, at

3   10:00 a.m., complying with the order of the Judge to be

4   prepared for this hearing, this counsel contact -- had a

5   legal call with the Defendant at MDC at 10:00 a.m.  That

6   conversation lasted one hour and ten minutes.

7          Prior to that conversation with the Defendant, we

8   had various conversations regarding this case since I was

9   appointed to this case in April.

10         The communication had been (inaudible) during all

11  this time.  However, Your Honor, the last conversation that I

12  had --

13         THE COURT:  Excuse me a minute, Mr. Morris.  You

14  froze there for a minute.  The communication had been what?

15         MR. MORRIS-ROSA:  Had been ongoing.

16         THE COURT:  Okay.  Go ahead.

17         MR. MORRIS-ROSA:  The communication had been

18  ongoing during all that time.  However, after the last

19  conversation that we had, I had the authorization from the

20  Defendant to --

21         THE COURT:  No.  You froze again.  You froze again.

22  Please start -- the last conversation with the Defendant

23  what?

24         MR. MORRIS-ROSA:  I had his authorization to inform

25  to the Court this morning that he had no intention to

1  challenge the allegation as to the violation that is in issue

2  before the Court.

3          But, this morning, before this hearing, the

4  Defendant asked to talk to his lawyer.  We had that

5  conversation.  And in that conversation, the Defendant just

6  unauthorized me to inform -- actually, to represent him

7  and/or to make --

8          THE COURT:  Excuse me.  Excuse me.  You are

9  freezing every once in a while.

10          So that conversation, what did he tell you in this

11  conversation this morning?

12          MR. MORRIS-ROSA:  He wants to represent pro se on

13  his own, and he is not allowing me to make any allegations on

14  his behalf, Your Honor.

15          I am not authorized by the Defendant to make any

16  allegations, because he wants to defend himself.  He doesn't

17  want my participation as to his defense.

18          My recommendation always has been that this case,

19  to conduct and to be successful as to the allegations for his

20  defense, at least he will have to comply with the conditions.

21  My recommendations are against the desire of the Defendant.

22  It's not just a matter to being in the hearing, start asking

23  questions just for asking.  That's not my way of working, and

24  I think that would be disrespectful to the Court also.

25          I had been consistent on my legal advice as to this

1  Defendant.  I had been trying to comply with the order of the

2  Judge.  We actually filed a motion in October informing this

3  situation to the Judge.  We actually requested -- as a result

4  of the request of the Defendant, we requested from the Court

5  a withdrawal of his counsel in this case.  That motion was

6  denied.

7           We are here.  We are willing and able.  We have

8  been always, always, in the first place, to abide to the

9  order from this Court, but the Defendant at this moment,

10  prior to this hearing, is not authorizing me to represent

11  himself, to make any allegations.  And if I were to make

12  that, it will be in controversy with what actually he wants

13  to do, that I don't think is the best way to deal with this

14  case.

15           Since he changed what he told me in the last

16  conversation that we had on December 7th, that was according

17  to my legal advice, at this point, not having his

18  authorization for -- to talk on behalf of him, and besides

19  that, moreover, if I will talk, it will have to be something

20  that he will be in accordance with, and I am not.

21           I don't think that at this point I would be a good

22  legal representation for the Defendant since the

23  communication -- he just hung up the phone on me, me trying

24  to explain again what would be the best way to go in this

25  case.

1    So, I am in front of this Judge trying to make it

2 clear that I know what is my responsibility as a CJA counsel,

3 that I am here, but I cannot defend the Defendant in this

4 way.

5    THE COURT:  Mr. Negron, what is your position?  Why

6 do you want to change your attorney?

7    DEFENDANT NEGRON-CRUZ:  With all due respect,

8 Your Honor, I sent a motion on December 7th of this year

9 because Attorney Morris has never given me a telephone number

10 in order for me to be able to contact him.  He only shows up

11 when the hearing date approaches or when the hearing date --

12 it is the date of the hearing.

13    I understand that there is a report about me, and I

14 don't know if I have the right to see that report before.

15 And I have never been shown the report before.

16    That would be all.

17    THE COURT:  Mr. Morris, there is a psychological

18 report by Dr. Vanessa Rivera, I believe her last name is.

19 Have you shown that report to Mr. Negron?

20    MR. MORRIS-ROSA:  I didn't show the report to

21 Mr. Negron, but I informed him that that report assisted, and

22 I didn't think that this report was at issue in this case

23 since this case was filed many months ago.  And the case is

24 about prior violations of conditions of supervised release,

25 Your Honor.

1      So that report, for purposes of this hearing, as I

2 expressed to the Court in one motion, I don't think it's

3 pertinent.  And he knew about that report because he actually

4 discussed that report with me.  That's why he is asking for

5 that report.

6      And the problem that he had with me, Your Honor, is

7 that he wants to challenge the conditions of supervised

8 release on constitutional grounds.  This is not the hearing

9 for that.

10      And besides that, as a legal adviser of him, I

11 don't think he has any standing at this moment to challenge

12 those conditions, because, first, he will have to comply at

13 least one year.  And that's not the situation that I have in

14 front of me as a lawyer to counsel my client.  He doesn't

15 understand that.

16      THE COURT:  All right.

17      MR. MORRIS-ROSA:  And I am trying to do my best.

18      And I stayed on the case without making any other

19 issue, because in the last conversation on December 7th, the

20 Defendant authorized me to inform to this Judge that he will

21 not challenge the violation of condition.  And my intention

22 was to request from the Court an adequate sentence,

23 considering the fact that the conditions were violated.

24 That's it.  That was my purpose.

25      And I actually talked like two days ago --

1  yesterday, I talked with the supervisor of Centro Carib, and

2  he had a residential place available over there to live there

3  and to keep him with his treatment.

4       THE COURT:  Okay.  Let me ask Ms. Figueroa for the

5  Government.

6       You requested that Mr. Negron be evaluated

7  psychiatrically.  What is the reason for that?

8       MS. FIGUEROA-RIJO:  Yes, Your Honor.

9       I basically took into account basically two major

10  factors, the recommendations, the specific recommendations

11  that are contained in the report, because there is a specific

12  recommendation for a psychiatric evaluation.  And although

13  there are many potential diseases or symptoms, the one that

14  specifically drew my attention is the bipolar disorder with

15  psychotic features.  That one in particular.

16       And I have to couple that with everything that has

17  happened in this case since -- not since -- since Negron was

18  released, because I went back to read every single motion he

19  has filed since he was detained.  And when someone goes

20  through the trouble -- because it took me hours, Your Honor,

21  and days to go through all the motions for the past years --

22  there is a pattern of accusations that are baseless.

23       This is happening.  And my concern is that I don't

24  see another way we can stop what's going on unless we at

25  least rule out that Negron is acting just because he wants to

1  bother everyone in his life and not because he has, like, a

2  chemical imbalance that could be corrected with medication.

3  I think we owe that to him. Because, otherwise, if

4  he has no disease that prevents him from his behavior, I

5  honestly am going to ask the maximum statutory term of

6  imprisonment. But the issue is that he is going to come out,

7  he has a 25-year supervised release, and what I can foresee,

8  if we don't do something different, is that he is going to be

9  coming and going back due to his reluctance to comply with

10 the conditions of his supervision.

11 He simply rejects the idea that he has to comply

12 with these conditions. Whether he has a constitutional

13 explanation or not, the fact is that he wants to have

14 Internet access unsupervised. He wants to do whatever he

15 pleases. He doesn't want to submit himself to any kind of

16 mental treatment. And we have to address that. And I am not

17 sure the best way is just prison time.

18 We need to consider the possibility, or at least

19 rule out the possibility, he needs psychiatric help. And I

20 am afraid that if he was allowed to see a psychiatric every

21 now and then, it's not going to be the same type of

22 evaluation he can get as an inpatient.

23 So we should give him the best evaluation possible

24 to try to figure out in this case for sure what's going on

25 here, because it's either one or the other.

1    THE COURT:  Let me hear from Probation Officer

2  Aponte.

3    THE PROBATION OFFICER:  Good morning, Your Honor.

4    Luz Enid Aponte on behalf of the United States

5  Probation Office.

6    I had been attempting, and I said attempting, to

7  provide the supervision that is expected for me to

8  Mr. Negron-Cruz since last year, on December 17, 2020, when

9  he was released from BOP.

10    Through the whole year, we had been attempting to

11  engage him into the supervision process, and we haven't been

12  successful.

13    As part of the conditions imposed by the Court, a

14  psychosexual evaluation was supposed to be performed as part

15  of the sex offender treatment that he was ordered by the

16  Court.

17    In that psychosexual evaluation treatment,

18  Dra. Vanessa Berrios strongly recommended that

19  Mr. Negron-Cruz participates in a psychiatric evaluation

20  in-patiently.  And she said in-patiently because we are aware

21  that when we recommend outpatient treatment to

22  Mr. Negron-Cruz, he failed to comply with the same.

23    Every time he is encouraged to comply with that

24  condition, he refuses it.  And it's not until he faces court

25  proceedings that he then is willing to comply with the

1  conditions imposed by the Court years ago.

2      I do agree with Dra. Vanessa Berrios in the fact

3  that Mr. Negron is showing some symptoms of mental disease,

4  and they haven't been treated.  And the only way that we can

5  reassure that we provide for him the option that we can see

6  to seem like the last one is through a psychiatric evaluation

7  in the inpatient setting.

8      You have seen through the motions that he has

9  written to the Court a pattern of responses that seems to

10 respond to paranoid disorder, characterized by his constant

11 suspicion of others and exaggerated distrust.  We can see

12 that this morning when he once again wants to withdraw his

13 defense attorney's assistance.

14     And I do strongly believe, as a mental health

15 specialist for the United States Probation Office, that the

16 best thing that we can recommend to Mr. Negron-Cruz right now

17 is a psychiatric evaluation where he will have a chance to be

18 evaluated in-patiently and then treated, if necessary, to

19 gain that stabilization that would allow him to comply with

20 the supervised conditions as expect, Your Honor.

21     That is, respectfully, our recommendation.

22     THE COURT:  Mr. Morris, your request to withdraw

23 from representing Mr. Negron is denied.  Is there anything

24 you would like to say considering what you have heard from

25 Ms. Figueroa and Ms. Aponte?

1    MR. MORRIS-ROSA:  Your Honor, my position is this:

2    I made the arrangements with Centro Carib, and I

3    talked to his supervisor, Ruben Cruz, and he told me that

4    they have space available for him to reside there.  And if he

5    has to be engaged in any psychological treatment, the last

6    information that I got from the Defendant on the last

7    conversation that we had prior to his request for me to

8    withdraw as his attorney, on December 7th, being today his

9    last request for me to withdraw from his case, was to request

10   from the Court that if he will have to take any psychological

11   treatment, that it will be in Puerto Rico, and --

12   THE COURT:  It wouldn't be psychological.  He

13   already had that.  It would be psychiatric.

14   MR. MORRIS-ROSA:  Psychiatric.  I am sorry.  I

15   would like to correct the record as to that, Your Honor, yes.

16   The information that I got from the Defendant was

17   that he was willing to comply with all the conditions imposed

18   for probation; meaning that if that is part of the condition,

19   he will have to comply with that.  But he specifically asked

20   me that if that treatment could be in Puerto Rico, outside of

21   prison, living in Puerto Rico, in Centro Crib, or any other

22   place available, I make the arrangement.  I had a phone call

23   to look if that possibility was an option, and it is.

24   So, our request on behalf of Mr. Negron will be

25   that, if the Court is inclined to consider that psychiatric

1   treatment, to look for the possibility, asking probation also

2   that that treatment be in Puerto Rico and the Defendant not

3   being transferred to Butner.

4           At this moment, Your Honor -- remember, as the

5   Government said, this is a supervised release of 25 years.

6   Taking the Government's allocution into consideration, if

7   this happens again, this will be the same situation and the

8   same risk that you have with any other Defendant as part of

9   his supervised release.

10          He has that -- if he comes now to the court

11  accepting the violations, the Court will have to impose a

12  sentence based on the Court's discretion.  Our request will

13  be the lower end of the applicable guideline range, knowing

14  those -- the Defendant has four months already in jail, in

15  prison.  The guidelines impose from three to nine months.

16          Our request -- knowing that the last decision will

17  be on the Judge, our request to the Court will be time served

18  since he has been four months already, the lower end would be

19  three months, knowing that the Defendant will have to be

20  referred to the United States Probation Office to continue

21  with his supervised release of 25 years.  And those

22  conditions, as I said in the motion that I filed that was

23  denied -- my position as to the report was the presentation

24  of the report as an exhibit of a motion.

25          But we are not in any way imposing our criteria on

1  the conditions that Probation has already established on

2  Mr. Negron.  He will have to comply.  That's part of the plea

3  agreement.  That's part of his judgment.  We understand that.

4  We don't want to be disrespectful in our allocution to the

5  Court not accepting that matter.

6         Saying that, Your Honor, our request is that, if

7  the Defendant has to engage or continue -- because he has

8  been evaluated.  He has to -- he now has to engage on a

9  treatment.  If that is the case, and we have as an option

10 available, knowing that if the Defendant does not comply in

11 the future -- remember, again, I emphasize, 25 years -- he

12 will have to go again through this process, and that's part

13 of the due process.

14        If we send him to Butner right now, having the

15 option of having the Defendant here in Puerto Rico, living in

16 a place that he will be supervised -- we also have the

17 resource that if he doesn't comply, again, he will be in

18 front of the Judge.

19        I think that this is the first time that he has a

20 revocation hearing.  I think that the discretion of the Court

21 could be inclined to send him to -- to impose any time of

22 imprisonment that the Judge believes is adequate, sending him

23 to his residential place at Centro Carib, that at this moment

24 they have space available, and they know him over there, with

25 the conditions that Probation deems necessary at this moment,

considering the psychiatric situation of the Defendant, and
to move from there, Your Honor.

That's the authorization that I had from the
Defendant prior to this day.

However, Your Honor, for purposes of the record --
and I am really concerned about that because when this
hearing ends, the Defendant probably will be filing another
motion against me.

THE COURT:  He can file whatever he wants, whether
you remain as his counsel or not.

MR. MORRIS-ROSA:  Okay.

THE COURT:  So that's not a concern of mine.

MR. MORRIS-ROSA:  But I am concerned in front of
the Court.  That's why I just want to have the record clear.

THE COURT:  Well, you shouldn't be concerned.  He
can file whatever he wants, and I will decide according to
the law.

Now, Mr. Negron, having heard everybody, is there
anything you would like to say?

MR. MORRIS-ROSA:  That would be our last request,
Your Honor, to allow him to express himself because he --

THE COURT:  I heard you.  I heard you.

Go ahead, Mr. Negron.

MR. MORRIS-ROSA:  Okay.  Thank you.

DEFENDANT NEGRON-CRUZ:  With all respect,

1   Your Honor, we have already been going through this process

2   for nine years.  You are familiar or you know about all of my

3   appeals, and my appeals were related to only two conditions

4   that the Boston Court of Appeals said that I could take on

5   appeal once I was released.  Those appeals were done by an

6   attorney.  And when I got out, when I was released, I had to

7   take on the appeals pro se.

8           I complied with all of the conditions, but I knew

9   about these two conditions that I knew were going to affect

10  me and that I knew were going to bring me to this point in

11  time.

12          I know that you think that I am bipolar, or that I

13  have a mindset that is different from all of yours, but I

14  always have been the same.  And no person has ever

15  recommended that I go to see a psychiatrist.

16          I went to the first psychological evaluation with

17  the psychologist.  We had a pleasant conversation, and I did

18  not notice at any time that it was difficult for her or that

19  it was burdensome for her to communicate with me.  As a

20  matter of fact, all to the contrary.

21          The questions asked normally take a person more

22  than one day for them to be answered, and I was there from

23  9:00 in the morning to 4:00 in the afternoon, and I responded

24  to them in one day.

25          When the polygraph examination was recommended for

1  me, well, I spoke to the polygraph person in order to see how

2  the system worked.

3          What is supposed to happen is that the polygrapher

4  should not have spoken about any of my internal thoughts with

5  the other parties in order for everything to be impartial,

6  but the polygrapher let it slipped and said, without me

7  saying anything to the polygrapher, that I worked doing

8  investigations, the word may be research, for my well known

9  friend Jay Fonseca.

10          I said to him, "I haven't told you this.  How is it

11  that you know about this?"

12          So then at that point he got somewhat nervous.  And

13  it was then that I understood that this is not so impartial.

14          Plus, I told him that in the past I had refused to

15  have that polygraph examination done because it is questions

16  regarding intimacy that are asked, and questions regarding

17  intimacy belong to me.

18          So that if they are already then sharing the

19  information for me, this no longer is something that is --

20  let's see.  How can I put it?  It is no longer something that

21  is impartial.  I do not find it to be impartial.  I find it

22  as something that is planned.

23          For that reason, I refused.  I said to him,

24  "Listen, about my personal matters, I am going to answer -- I

25  am going to take it, but I am not going to answer anything

1    about that."  And he said that if I did not answer, that the

2    evaluation could not be done.

3           Regarding everything that has happened, I also

4    wanted to emphasize that the probation officer knew from the

5    beginning that I was making use of the Internet.  When she

6    went to my house, knowing that I had the phone, she never

7    asked whether I was using a telephone with Internet access.

8           When I sent her the messages, because I had

9    problems in my home, that I was removed, thrown out of my

10   home, I sent her text messages.  She knows that I am using

11   the Internet.

12          When I was placed at Carib and she went to visit me

13   for the first time, she never asked about the telephone or

14   whether I was using the Internet, but she knew that I was

15   using the Internet.

16          When she called me at my phone to ask me about the

17   emails, I gave her the emails.  She knew that I was using the

18   Internet.  So that throughout all of this time, for over

19   150 days in a row, she knew that I was using the Internet.

20          This problem started when I did not want to hand

21   over to her my HIPAA rights.  I had to give in regarding my

22   HIPAA rights during the hearing before the magistrate.

23   Because this has always been my fear, that they use all of

24   the access that they have to me against me.  And all of this

25   time that access has proved me right.

1    Look at where we are now.  Now they want to make me

2  look as if I were crazy, as if I were a lunatic, simply and

3  plainly put, because I have a different mindset.  I think

4  differently.  And there are things that I understand that I

5  come to realize subsequently after I speak to different

6  persons.

7    I would like to very respectfully ask Your Honor,

8  ask the Court a question, if that is possible.  May I?

9    THE COURT:  You can ask it.  I may not be able to

10  answer it, but you can ask it.

11    DEFENDANT NEGRON-CRUZ:  In my recent motions, I

12  have noticed that before -- after my case number, it would

13  say FAB.  And now, in addition to it saying FAB, it has the

14  initials of another judge.  Does that mean that I now have

15  another judge as well?

16    THE COURT:  No.  That's just the magistrate that

17  handled your preliminary hearing.

18    DEFENDANT NEGRON-CRUZ:  I ask you this question

19  because, when I asked that question of my attorney, he told

20  me that it was an apprentice judge, and it is my

21  understanding that he has been there for many years in order

22  for him to be considered an apprentice judge.

23    THE COURT:  Mr. Negron, that doesn't matter.

24  Finish what you want to say.  I have heard enough from you.

25    DEFENDANT NEGRON-CRUZ:  Excuse me.  I am sorry.  I

1   say that to you because those are the things that make me

2   think that my attorney is lying to me.

3            THE COURT:  Well, he is not.  I can tell you he is

4   not.  I have heard enough.  Thank you very much.  I am going

5   to make my decision right now.

6            At this point, I will not revoke Mr. Negron's

7   supervised release term.  What I will do, however, I will

8   refer him to the institution of Butner for an inpatient

9   psychiatric evaluation and treatment, if necessary, in order

10  to determine if his failure to comply with his conditions of

11  supervised release is a consequence of his mental health

12  diagnosis established by Dr. Vanessa Berrios in her report.

13           DEFENDANT NEGRON-CRUZ:  Please don't do that to me.

14           THE COURT:  If it is, we will go from there.  If it

15  isn't, then we will go from there also.

16           Thank you very much.

17           You are all excused.

18

19           (PROCEEDINGS ADJOURNED AT 10:20 A.M.)

20

21

22

23

24

25

REPORTER'S CERTIFICATE

I, JOE REYNOSA, Official Court Reporter for the United States District Court for the District of Puerto Rico, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct computer-aided transcript of proceedings had in the within-entitled and numbered cause on the date herein set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

S/Joe Reynosa

_____

**JOE REYNOSA, CSR, RPR**
United States Court Reporter
Federico Degetau Federal
Building, Room 150
150 Carlos Chardón Street
San Juan, Puerto Rico 00918-176
(787) 772-3480

Joe Reynosa, CSR, RPR
Official Court Reporter

I

Jueves 7 de Enero de 2021

RECEIVED & FILED
2021 JAN 15
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN

Case # 11-229 FAB - BJM

Por este medio me dirijo a esta
corte para informar lo siguiente

Luego de la corte decidir el 11
de diciembre 2020 de internarme en
un centro psiquiatrico le pedi a
el Sr. José Pérez amigo personal de
que se comunicara con la oficial
Probatorio Enid Aponte y le provellera
el numero de telifono del Lic. Emilio
Morris para que sometiera una
apelación directa.

Emilio Morris le contesto al Sr
José Pérez que el no podia hacer
eso, que el Sr. Negrón lo tenía que
hacer el mismo.

El 12 de diciembre de 2020 anticipando
la respuesta del Lic. Emilio Morris.
envie una moción por derecho propio
a la corte de apelaciones en Boston.

Ellos Contestaron el 18 de diciembre 2020
lo siguiente. la cual recibió el 8
de enero de 2021.

II

Maria R. Hamilton: Clerk (Recibida 6 de enero de 2021

Re: Correspondence data December 12, 2020

Dear Mr. Negron-Cruz

This letter acnowledges receipt of your
correspondence date December 12, 2020
and received on December 18, 2020. Please
be advised that this Court cannot
accept documents in languages other
than English, and it does not appear
that you have an appeal pending before
this Court. Accordingly, I am returning
your letter to you without taking
any action.

To the extent that you are seeking
appellate review of a December 11, 2020
decision of the United States District
Court for the District of Puerto Rico
in Case No. 3:11-cr-00229-FAB (D.P.R.),
you must file a notice of appeal in
the district court pursuant to Fed. App. P. 3
and 4.

United States District Court
Clerk's Office
150 Ave. Carlos Chardon Ste. 150
San Juan, P.R. 00918-1767

A notice of appeal in criminal case must
be Filed within fourteen days after entry
of the Judgment or order being appealed.
See Fed. R. App. P. 4(b)(1)(A). To extent your
notice of appeal is filed after that
fourteen-day window, you may file a
motion to elarge the time to file a

Appendix 93

III.

notice of appeal, also directe to the district court, showing excusable neglect or good cause. See Fed. R. APP. P. 4(b)(4).

Additionally, I have copied your district court attorney, Attorney Emilio F. Morris-Rosa, to make him aware of your letter. You may reach him at the following address: P.O Box 5129; Carolina, P.R. 00 984-5129.

I hope this information is helpful to you

Como notan el Lic. Emilio Morris no me ha ayudado en todo este proceso como debe, incluso el día de la vista tuvo un "altercado" con el Sr. Juez Besosa, a mi me ha tratado peor, lo cual no quise poner en detalles y le pedía a la corte que lo removieran y no se me permitió, en el documento 236.

No he recibido contestación de la moción que envie el 7 de diciembre 2020, y quiero apelar la decisión del 11, de diciembre de 2020.

Hice lo apropiado antes de los 14 días pero el Lic. Emilio Morris no me ayudo. en la apelación.

Al igual que la Oficial Probatorio Enid Aponte la cual hizo una grave acusación el de enero de 2020 que rompió toda mi confianza

Appendix 94

IV

en todo el tribunal federal de Puerto Rico, y no he querido escribir para dejarlo reservado en una futura querella por si todo esto ocurría.

De yo haber querido utilizar la excusa de necesitar ayuda psiquiatría ea ya la hubiera usado o pedido al tribunal utilizando todos los atropeyos desde la primera moción que hice retirando a los Licenciado, Goddey, Gonzales y Guzman; DOP, Oficiales probatorios, ect.

Todo esta documentado en el docket, y estaría a mi favor para una demanda contra United States.

Pero el Juez DSM el 30 de Julio de 2020 al hacerme las preguntes me encontró procesable, pero y la Oficial probatorio no aguantó dos mociones de sus inresponsabilidades en la cual no estan todas sus faltas.

Y a la fiscal que estaba recomendando drogas y opioides para una supuesta bipolaridad le digo que gracias a ser como soy nunca he necesitado ningun tipo de drogas legales y mucho menos ilegales y lo cual nunca sucederá.

Le digo lo siguiente a la fiscal para que valla entendiendo mi forma de pensar.

De yo haber surame  representar, defender, proteger o hacer cumplir



todas esas mismas leyes que me
tienen colonizado entonces si estaria
deacuerdo en necesitar ayuda psiquiatrica
24 horas al dia 7 dias a la semana
con todos los farmacos del mundo.

Peroyo no soy un Juez o algun
Oficial del tribunal Federal de Puerto
Rico, y esto lo digo con mucho
respeto.

Mucho menos represento ni participo
en pensamiento de encarcelar a miles
de niños y alejarlos de sus familias
por ser inmigrantes. para hacer cumplir
todas esas mismas leyes que representan.

Concluyo pidiendole a la corte una
apelación, y si va asignarme algun
otro abogado de Puerto Rico solo
aceptaré a Peter Díaz quien representó
a Romell Cintron.

Firma: Alexis Negrón

Alexis Negrón Cruz
36586-069
Metropoliten Defention Center
P.O.Box 2005
Cataño, P.R. 00963

P.D. Corruption:
a Flexible term For gross dishonesty or
illegality; somtimes applied to influencing
a judge, juror, or public officer to do
Wrong or to disregard his duty.

IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 11-229(FAB) |
| V. | |
| ALEXIS D. NEGRON-CRUZ | |

**INFORMATIVE MOTION IN RESPONSE TO DEFENDANT'S INFORMATIVE LETTER/MOTION PRO SE (D.E 262)**

**TO THE HONORABLE COURT**

COMES NOW, the undersigned counsel who respectfully states and prays as follows:

1. On April 21, 2020 undersigned counsel was CJA appointed by this Honorable Court to represent Mr. Negron in the instant case for the revocation of his supervised release. The docket shows that undersigned has been the fifth counsel that has represented Mr. Negron.

2. On September 22, 2020 Mr. Negron filed Motion to Appoint Counsel, Motion for Miscellaneous Relief, Motion to Disqualify Judge, Motion for Release from Custody, Motion for Return of Property/Post Trial (D.E. 231).

3. On September 22, 2020 the Honorable Court entered Order (D.E.232) for the parties to respond to the abovementioned Mr. Negron's motion.

4. On September 24, 2020 undersigned filed Motion in Compliance with Court Order D.E. 232 re: Defendant's Motion to Appoint Counsel (D.E.233).

5. On October 1, 2020 this Honorable Court entered Orders on (D.E.'s.235 & 236) which denied undersigned counsel's request to withdraw as Mr. Negron's counsel (D.E.233), and Mr. Negron's request in Motion to Appoint Counsel (D.E.231) to withdraw undersigned as his counsel.

6. Mr. Negron's unsatisfaction with undersigned's legal advice and representation, as he has expressed on his motions pro se in Spanish language, has resulted on a lack of effective communication with Mr. Negron as of today.

Appendix 97

7. At that moment, due to the lack of communication, and due to Quarantines situations at MDC, no communication in preparation for his final revocation hearing could be possible until December 7, 2021 when a legal call was conducted.

8. On December 11, 2020 before the final revocation hearing was called by this Court, Mr. Negron, on a prior conversation before the hearing, requested again to undersigned to withdraw as his legal counsel with no authorization to make any arguments on his behalf to the Court. The case was called and undersigned informed Mr. Negron's request to the Court and his request was denied. Both parties presented arguments. Undersigned requested time served and further treatment. Also, Mr. Negron's allocution was heard. The Court did not revoke Mr. Negron's supervised release; and ordered him to be committed to FMC Butner for psychiatric evaluation and treatment if required.

9. No further communication has been held with Mr. Negron after the hearing conclusion on December 11, 2020.

10. On January 15, 2021 Mr. Negron filed an Informative Letter pro se in Spanish language (D.E.262). This Honorable Court ordered it Noted (D.E.262).

11. As to what is alleged by Mr. Negron on his informative letter (D.E.262) regarding his legal counsel and representation, undersigned hereby informs to the Court that all is FALSE for the following reasons. Since the conclusion of the final revocation hearing on December 11, 2021 no further communication or conversation on any matter has been held between Mr. Negron and undersigned counsel. Mr. Negron has never communicated with undersigned to request a Notice of Appeal. Nevertheless, in the conversation held between Mr. Negron and undersigned prior to the hearing, legal advice was provided to him by undersigned as to the possible outcome of the hearing, even considering a pro se legal representation as Mr. Negron intended. At that moment, nor at any time after the hearing Mr. Negron expressed or communicated to the undersigned his desire to file Notice of Appeal.

12. All allegations on Mr. Negron's informative letter (D.E.262) regarding any communication on which he has contacted and requested undersigned counsel to file a Notice of Appeal to the Court are FALSE. Mr. Negron has been consistent on not having and facilitating any communication with his legal counsel as he has expressed previously to the Court on his letter/motions pro se in Spanish

Appendix 98

language.

**WHEREFORE,** it is respectfully requested that this Honorable Court take notice of this motion and order accordingly for the record to be clear.

In San Juan, P.R. this January 16, 2021.

Respectfully submitted.

**S/ EMILIO F. MORRIS-ROSA**
EMILIO F. MORRIS-ROSA
USDC# 231503
P.O. BOX 5129
CAROLINA, PR 00987-5129
TEL. (787) 632-6381
emiliofmorris@gmail.com

I hereby certify that on January 16, 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys in the case.

At San Juan, Puerto Rico, on January 16, 2021.

**S/EMILIO F. MORRIS-ROSA**

Appendix 99

RECEIVED
2021 FEB -
CLERK'S OF
U.S. DISTRICT
SN JUAN

Juelves 28 de Enero de 2021

Case: 11-229 (FAB-BJM)

Por este medio me dirijo a esta corte
para dejar saber y delegar a personas
que me estan ayudando en este
proceso.

Luego de recibir contestación del
tribunal de apelaciones del primer
circuito el día 6 de enero de 2021
le dejé saber al Sr. José Perez
amigo personal que se comunicara
con el licenciado Emilio Morris para
saber si había sometido la apelación
despues de recibir notificación de
la corte de apelaciones a su correo
personal (P.O. Box 5129, Carolina, P.R. 00984-
5129.) segun la carta indicaba.

El lic. Emilio Morris le dejó saber
al Sr. José Perez que no le podía
decir nada de este asunto y que
El Sr. Negrón es quien tiene que
llamarlo para saber.

Yo no puedo entender como el tribunal
puede contratar este tipo de representación
donde se malgasta el dinero de los
ignorantes contribuyentes norte americanos.

¿Acaso es no puede hacer una cita
telefonica para hablarme del asunto
como hizo anterior mente Appendix 100

Por esta razón y más dejo a cargo
de ayudarme en todo lo relacionado
con mi caso entiendase informes, mociones,
pertenenciasy mensajes, records médicos,
información privada o "hipa", pedidos de
mi parte ect..., Al Sr. José Pérez Ramírez
y José Fonseca Aponte mejor conocido
como Jay Fonseca.

Comenzando con el informe que
nunca me mostró el lic. Emilio
Morris referente a mi ingreso a
una clínica psiquiatrica.

Le dejo saber a ustede Sr. Juez
Besosa que la Oficial probatoria
Enid Aponte le dijo al Sr José Pérez
que no fue ella quien dio la orden
de internarme a un centro psiquiatrico
sino que fue usted.

Yo le recomiendo que se inhiba de
mi caso mientras pueda por que ya
le estan pasando la "Papa caliente" a
usted, y si no quiere terminar como
su compañero de justicia el Sr. Juez
Gelpi "al cual le tuvieron que traer
un juez de los estados unidos por
tratar de amapuchar un caso, y dar
por loco mandando a un preso a
una clínica en los estados unidos,
ocacionando un gasto inecesario, y
reteniendo ~~preso~~ encarcelado a una persona
que no se le haya culpable."

Ella se limpia las manos con usted
cuando la recomendación viene de ella,



Solamente miven todo el gasto de
dinero que han incurrido en mí,
una persona completamente funcional,
le pagarán hasta a un poligrafista
por nada sabiendo que les escribí
en una moción en junio del 2020
que no hiba a contestar nada.

¿Qué van hacer cuando no quira contestar?
escribí en aquella ocación.

Ahora les vuelvo a escribir.

¿Que van hacer cuando no halla nada
de problema psiquiatrico en mí?

Piensen bien lo que estan tratando
de hacer conmigo, antes de que sea
tarde... Para ustedes.

Firma: Alexis Negron

Alexis Negrón Cruz
36586-069
Metropolitan Detention Center
P.O. Box 2005
Cataño, P.R.  00963

CC:
José Perez Ramirez

Josue Fonseca Aponte

# United States Court of Appeals
## For the First Circuit

No.   21-1077

UNITED STATES

Appellee

v.

ALEXIS D. NEGRON-CRUZ

Defendant - Appellant

**ORDER OF COURT**

Entered: February 26, 2021
Pursuant to 1st Cir. R. 27.0(d)

    Upon review of the record in this case, it appears that the pro se notice of appeal, filed by Alexis D. Negron-Cruz on January 15, 2021 in No. 3:11-cr-00229-FAB-1 (D. P.R.) seeking to appeal the order entered on December 11, 2020, is late. See Fed. R. App. P. 4(b) (notice of appeal in criminal case must be filed within fourteen days of judgment or order appealed from). The notice of appeal, however, was filed within the thirty days immediately following that fourteen-day period. See Fed. R. App. P. 4(b). The district court, upon a showing of excusable neglect or good cause, may enlarge the time for filing a notice of appeal filed within that thirty-day period. Accordingly, we transmit the notice of appeal to the district court for a ruling whether the district court will enlarge the time for filing an appeal and will consider this notice of appeal timely filed. See United States v. Batista, 22 F.3d 492 (2nd Cir. 1994) (treating late notice of appeal in a criminal case as a request to extend the time to appeal). Copies of the district court's decision shall be forwarded to this court forthwith.

By the Court:

Maria R. Hamilton, Clerk

cc:
Hon. Francisco A. Besosa
Maria Antongiorgi Jordan, Clerk, United States District Court for the District of Puerto Rico
Emilio F. Morris Rosa
Alexis D. Negron-Cruz
Ilianys Rivera Miranda
Max J. Perez-Bouret
Mariana E. Bauza Almonte

Appendix 103

# United States District Court
## District of Puerto Rico (San Juan)
### CRIMINAL DOCKET FOR CASE #: 3:11-cr-00229-FAB-1

Case title: USA v. Negron-Cruz                 Date Filed: 06/15/2011
Related Case: 3:16-cv-01948-FAB                Date Terminated: 12/04/2013
Magistrate judge case number: 3:11-mj-00641-BJM

---

Assigned to: Judge Francisco A. Besosa

Appeals court case numbers: 14-1044, 21-1077

## Defendant (1)

**Alexis D. Negron-Cruz**                      represented by   **Emilio F. Morris-Rosa**
*TERMINATED: 12/04/2013*                                        P.O. Box 5129
                                                               Carolina, PR 00984-5129
                                                               787-632-6381
                                                               Fax: 787-756-1212
                                                               Email: emiliofmorris@gmail.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: CJA Appointment*

## Pending Counts                                              ## Disposition

18:2252(a)(4)(B) - SEXUAL                                      IMPR.: One Hundred Twenty (120) months;
EXPLOITATION OF MINORS                                         SRT: Twenty-Five (25) years; No fine
(5s)                                                          imposed; SMA: $100.00

## Highest Offense Level (Opening)

Felony

## Terminated Counts                                          ## Disposition

18:2422(b) -COERCION OR
ENTICEMENT OF FEMALE                                           Dismissed
(1)

18:2422(b) - COERCION OR
ENTICEMENT OF FEMALE                                           Dismissed
(1s-2s)

18:2422(a)(4)(B) -COERCION OR
ENTICEMENT OF FEMALE                                           Dismissed
(2)

18:1470 - TRANSFER OF OBSCENE
MATERIALS TO MINORS                                            Dismissed
(3s-4s)

Appendix 104

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|
| 18:2422(b).F - Coercion or enticement of female | |

**Interested Party**

**US Pretrial Services**

**Interested Party**

**US Probation Office**

**Plaintiff**

**USA**  represented by  **Normary Figueroa-Rijo**
United States Attorneys Office
District of Puerto Rico
Torre Chardon Suite 1201
350 Chardon Ave
San Juan, PR 00918
787-766-5656
Email: normary.figueroa-rijo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2011 | 1 | MOTION to Seal by USA as to Alexis D. Negron-Cruz. (jm) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/11/2011 | 2 | ORDER granting 1 Motion to Seal as to Alexis D. Negron-Cruz (1). Signed by US Magistrate Judge Bruce J. McGiverin on 6/11/2011. (jm) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/11/2011 | 3 | COMPLAINT as to Alexis D. Negron-Cruz (1). (Attachments: # 1 Affidavit) (jm) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/11/2011 | 4 | *RESTRICTED* Arrest Warrant Issued by US Magistrate Judge Bruce J. McGiverin in case as to Alexis D. Negron-Cruz. (jm) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/13/2011 | | Arrest of Alexis D. Negron-Cruz (mn) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/13/2011 | 5 | *RESTRICTED* CJA 23 Financial Affidavit by Alexis D. Negron-Cruz (mn) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/13/2011 | 6 | Minute Entry for proceedings held before US Magistrate Judge Marcos E. Lopez: Appearing for the Government,Dina Avila and PTO, Nancy Mendez.Initial Appearance as to Alexis D. Negron-Cruz held on 6/13/2011. Counsel for the Government requests |

| | | that case be unsealed, which is granted by the Court. Deft. was provided with copy of the complaint and advised as to his rights. After reviewing the CJA-23 form filled by deft., the Court deemed it appropriate to appoint counsel. Deft. will be represented by the FPD's Office. **Preliminary and Detention Hearing set for 6/16/2011 01:00 PM in Courtroom 10 before US Magistrate Judge Marcos E. Lopez.** (mn) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
|---|---|---|
| 06/13/2011 | 7 | ORDER scheduling detention hearing as to Alexis D. Negron-Cruz. Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Marcos E. Lopez on 6/13/2011.(mn) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/13/2011 | 8 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Alexis D. Negron-Cruz Signed by US Magistrate Judge Marcos E. Lopez on 6/13/2011.(mn) [3:11-mj-00641-BJM] (Entered: 06/13/2011) |
| 06/15/2011 | 9 | NOTICE OF ATTORNEY APPEARANCE: *AFPD* Jorge C. Godoy, Jr. appearing for Alexis D. Negron-Cruz (Godoy, Jr., Jorge) [3:11-mj-00641-BJM] (Entered: 06/15/2011) |
| 06/15/2011 | 10 | INDICTMENT as to Alexis D. Negron-Cruz (1) count(s) 1, 2. (re) (Entered: 06/16/2011) |
| 06/15/2011 | 11 | Minute Entry for proceedings held before US Magistrate Judge Marcos E. Lopez: Return of Indictment by Grand Jury as to Alexis D. Negron-Cruz held on 6/15/2011. **Arraignment set for 6/16/2011 01:00 PM in Courtroom 10 before US Magistrate Judge Marcos E. Lopez.** Defendant is U/C. (Court Reporter FTR.) Hearing set for 05:15. Hearing held at 05:15. Hearing ended at 05:17. (re) (Entered: 06/16/2011) |
| 06/16/2011 | 12 | Minute Entry for proceedings held before US Magistrate Judge Marcos E. Lopez: Appearing for the Government, Dina Avila, for deft., AFPD, Jorge Godoy and PTO, Nancy Mendez.Arraignment and Detention as to Alexis D. Negron-Cruz (1) Count 1,2 held on 6/16/2011. Deft. waived the reading of the Indictment and enters a PONG as to all cts. of the Indictment. The case is to be referred to Judge Besosa for trial setting. As to detention, defense counsel states that it has nothing at this time, but reserves the right to reopen bail. The Court states that taking into account the nature of the charges, the pretrial recommendation, which the Court adopts, finds that defendant is a risk of flight and danger to the community and orders that deft. be detain pending trial. (Court Reporter FTR.)Hearing set for 01:00.Hearing held at 01:18.Hearing ended at 01:21.Interpreter Mary Jo Smith. (mn) (Entered: 06/16/2011) |
| 06/17/2011 | 13 | SCHEDULING ORDER as to Alexis D. Negron-Cruz **Status Conference set for 7/8/2011 at 09:00 AM before Judge Francisco A. Besosa. Discovery due by 7/5/2011. Plea Agreement due by 8/15/2011. Jury Trial set for 8/24/2011 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 6/17/2011.(grf) (Entered: 06/17/2011) |
| 06/17/2011 | 14 | ORDER OF DETENTION Pending Trial as to Alexis D. Negron-Cruz. Signed by US Magistrate Judge Marcos E. Lopez on 6/16/11. (jhi) (Entered: 06/17/2011) |
| 07/08/2011 | 15 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Status Conference as to Alexis D. Negron-Cruz held on 7/8/2011. Present were: AUSA Ilianys Rivera and Atty. John Connors. Government indicated that a first discovery was provided today and evidence has been made available for inspection; a second discovery package will be provided to include a report from the computer expert. AUSA Rivera also indicated that a second superseding indictment might be filed, but that the Government is amenable to plea discussions. Mr. Connors informed that he would contact AUSA Avila to coordinate a meeting for the evidence inspection. Jury trial set for 8/24/2011 was vacated. The Court found that the ends of justice will be better served by granting a continuance to allow for further discovery in the case. Thus, STA was tolled. **A Further Status Conference was** |

| | | set for 8/24/2011 at 09:00 AM before Judge Francisco A. Besosa. (Court Reporter Zulma Ruiz.)Hearing set for 09:00.Hearing held at 09:52.Hearing ended at 10:00. (grf) (Entered: 07/11/2011) |
|---|---|---|
| 08/24/2011 | 16 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Status Conference as to Alexis D. Negron-Cruz held on 8/24/2011. Present were: AUSA Dina Avila and AFPD Joannie Plaza. Government informed that forensic report will be provided on Friday; an evidence inspection can be done also on Friday at a scheduled time. After inspection, plea negotiations will be discussed. **Designation of evidence and 404b motions deadline by 9/7/2011. Final Pretrial Conference (or for change of plea hearing) set for 9/8/2011 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 10:00.Hearing ended at 10:10. (grf) (Entered: 08/25/2011) |
| 08/30/2011 | <u>17</u> | First MOTION in Compliance *with Evidence Inspection* by USA as to Alexis D. Negron-Cruz. (Avila-Jimenez, Dina) (Entered: 08/30/2011) |
| 08/30/2011 | 18 | ORDER re <u>17</u> Motion in Compliance as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 08/30/2011. (brc) (Entered: 08/30/2011) |
| 09/07/2011 | <u>19</u> | First MOTION under Rule 12 *to Designate Evidence to be Used at Trial* by USA as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 9/23/2011 (Avila-Jimenez, Dina) (Entered: 09/07/2011) |
| 09/07/2011 | <u>20</u> | First MOTION under Rule 16 *Notice of Expert to be Used at Trial* by USA as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 9/23/2011 (Avila-Jimenez, Dina) (Entered: 09/07/2011) |
| 09/08/2011 | 21 | ORDER re <u>19</u> Motion Under Rule 12 as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 09/08/2011. (brc) (Entered: 09/08/2011) |
| 09/08/2011 | 22 | ORDER re <u>20</u> Motion Under Rule 16 as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 09/08/2011. (brc) (Entered: 09/08/2011) |
| 09/08/2011 | 23 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Pretrial Conference as to Alexis D. Negron-Cruz held on 9/8/2011. Present were: AUSA Dina Avila and AFPD Jorge Godoy. Government informed that evidentiary inspection was held; additional evidence, the report of investigation of the interview with defendant's daughter, a forensic report, and the CV of the expert will be provided to defense counsel. The Court ordered that the agents provide the report of the interview by the close of business tomorrow (that is Friday, 9/9/2011). Defense counsel indicated that there is a strong possibility that defendant will plea, but that he needs to review all the discovery. **Final Pretrial Conference (or for change of plea hearing)was set for 10/12/2011 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 10:35.Hearing ended at 10:45. (grf) (Entered: 09/09/2011) |
| 09/12/2011 | <u>24</u> | MOTION in Compliance by USA as to Alexis D. Negron-Cruz. (Avila-Jimenez, Dina) (Entered: 09/12/2011) |
| 09/27/2011 | 25 | ORDER re <u>24</u> Motion in Compliance as to Alexis D. Negron-Cruz (1): NOTED.Signed by Judge Francisco A. Besosa on 9/27/2011. (grf) (Entered: 09/27/2011) |
| 10/07/2011 | <u>26</u> | ***EX-PARTE*** MOTION to Continue *Pre-Trial Conference* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 10/24/2011 (Godoy, Jr., Jorge) (Entered: 10/07/2011) |
| 10/07/2011 | 27 | ORDER re <u>26</u> Motion to Continue as to Alexis D. Negron-Cruz (1): DENIED. The matter set forth in this motion will be discussed at the pretrial conference. Signed by Judge Francisco A. Besosa on 10/07/2011. (brc) (Entered: 10/07/2011) |

| | | |
|---|---|---|
| 10/12/2011 | 28 | ***SELECTED PARTIES***Minute Entry for proceedings held before Judge Francisco A. Besosa:Pretrial Conference as to Alexis D. Negron-Cruz held on 10/12/2011. Present were: AUSA Dina Avila and AFPD Jorge Godoy. **Status Conference was set for 12/2/2011 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 09:55.Hearing ended at 10:00. (grf) (Entered: 10/13/2011) |
| 11/22/2011 | 29 | ORDER as to Alexis D. Negron-Cruz : **Status Conference is advanced for 12/1/2011 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 11/22/2011.(grf) (Entered: 11/22/2011) |
| 12/01/2011 | 30 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Status Conference as to Alexis D. Negron-Cruz held on 12/1/2011. Present were: AUSA Dina Avila and AFPD Jorge Godoy. Defense counsel informed that evaluation report of defendant should be ready in thirty days. The Court found that the ends of justice would be better served by granting a continuance to allow report to be completed and reviewed by the parties. Thus, STA was tolled. **Pretrial Conference was set for 1/11/2012 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 10:31.Hearing ended at 10:33. (grf) (Entered: 12/02/2011) |
| 01/11/2012 | 31 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Pretrial Conference as to Alexis D. Negron-Cruz held on 1/11/2012. Present were: SAUSA Kelley Tiffany and AFPD Jorge Godoy. Defense counsel informed that evaluation report is almost ready and requested 30 additional days within which to review the report. Government does not object. **Final Pretrial Conference set for 2/15/2012 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 10:35.Hearing ended at 10:37. (grf) (Entered: 01/12/2012) |
| 02/14/2012 | 32 | ORDER as to Alexis D. Negron-Cruz : **Final Pretrial Conference continued for 2/21/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 2/14/2012.(grf) (Entered: 02/14/2012) |
| 02/21/2012 | 33 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Pretrial Conference as to Alexis D. Negron-Cruz held on 2/21/2012. Present were: AUSA Marshal Morgan and AFPD Vivianne Marrero. Defense counsel indicated that the evaluation report of defendant was concluded and received, and requested 30 additional days within which to review the report and enter into plea negotiations. Government had no objection. At the request of defendant, STA was tolled to allow the review of the report and the plea negotiations. **Further Pretrial Conference was set for 3/21/2012 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 10:00.Hearing ended at 10:05. (grf) (Entered: 02/21/2012) |
| 03/07/2012 | 34 | SUPERSEDING INDICTMENT as to Alexis D. Negron-Cruz (1) count(s) 1s-2s, 3s-4s, 5s. (re) (Entered: 03/13/2012) |
| 03/07/2012 | 35 | Minute Entry for proceedings held before US Magistrate Judge Camille L. Velez-Rive: Return of Superseding Indictment by Grand Jury as to Alexis D. Negron-Cruz held on 3/7/2012, Set/Reset Hearings as to Alexis D. Negron-Cruz: **Arraignment set for 3/16/2012 09:30 PM before US Magistrate Judge Camille L. Velez-Rive.** (Court Reporter FTR.) Hearing set for 04:55. Hearing held at 04:55. Hearing ended at 05:00. (re) (Entered: 03/13/2012) |
| 03/15/2012 | 36 | NOTICE OF ATTORNEY APPEARANCE: Marshal D. Morgan appearing for USA. (Morgan, Marshal) (Entered: 03/15/2012) |
| 03/16/2012 | 37 | Minute Entry for proceedings held before US Magistrate Judge Camille L. Velez-Rive:Arraignment as to Alexis D. Negron-Cruz (1) Count 1s-2s,3s-4s,5s held on |

| | | |
|---|---|---|
| | | 3/16/2012. Present: AUSA Marshal Morgan and AFPD Vivianne Marrero. Defendant was found competent at this time to understand the proceedings. He waived the reading of the Superseding Indictment and entered a plea of not guilty as to all counts. Case is referred to Judge Besosa for scheduling. (Court Reporter -FTR.)Interpreter -Annie Flores. (yr) Modified on 3/21/2012 re typo. (re) (Entered: 03/20/2012) |
| 03/21/2012 | 38 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Pretrial Conference as to Alexis D. Negron-Cruz held on 3/21/2012. Present were: AUSA Dina Avila and AFPD Jorge Godoy. Government informed that a superseding indictment has been filed with two additional counts; nevertheless, discovery remains the same. Defense counsel informed that evaluation report was received and defendant was found competent. Defendant requested a 30-day extension of time to review the new indictment and conclude plea negotiations. At defendant's request, STA was tolled to allow for the resolution of the case and in the best interests of justice. **Plea Agreement due by 5/15/2012. Pretrial Conference (or for change of plea hearing) set for 5/22/2012 09:00 AM before Judge Francisco A. Besosa. A trial date will be scheduled at the pretrial conference.** (Court Reporter Vicki Eastvold.)Hearing set for 09:00.Hearing held at 09:30.Hearing ended at 09:40. (grf) (Entered: 03/21/2012) |
| 04/26/2012 | 39 | ORDER as to Alexis D. Negron-Cruz : **Pretrial Conference (or for Change of Plea Hearing) set for 5/22/2012 is CONTINUED for 5/24/2012 at 02:00 PM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 4/26/2012.(grf) (Entered: 04/26/2012) |
| 05/15/2012 | 40 | NOTICE OF ATTORNEY APPEARANCE: *FPD* Hector E. Guzman-Silva appearing for Alexis D. Negron-Cruz (Guzman-Silva, Hector) (Entered: 05/15/2012) |
| 05/18/2012 | 41 | MOTION to Withdraw as Attorney by Jorge C. Godoy, AFPD. by Alexis D. Negron-Cruz. (Guzman-Silva, Hector) (Entered: 05/18/2012) |
| 05/18/2012 | 42 | ORDER re 41 Motion to Withdraw as Attorney. Jorge C. Godoy, Jr. withdrawn from case. as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 5/18/12. (re) (Entered: 05/20/2012) |
| 05/24/2012 | 43 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Pretrial Conference as to Alexis D. Negron-Cruz held on 5/24/2012. Present were: AUSA Marshal Morgan and AFPD Victor Gonzalez-Bothwell. Defendant was also present, assisted by the Court Interpreter. During a sidebar conference the Court was informed of the ongoing negotiations and that a possible plea agreement will be worked out. **Jury Trial was set for 7/2/2012 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Vicki Eastvold.)Hearing set for 02:00.Hearing held at 03:05.Hearing ended at 03:15.Interpreter Felix Toledo. (grf) (Entered: 05/25/2012) |
| 05/31/2012 | 44 | MOTION for change of plea by Alexis D. Negron-Cruz. (Guzman-Silva, Hector) (Entered: 05/31/2012) |
| 06/01/2012 | 45 | ORDER REFERRING MOTION TO MAGISTRATE JUDGE as to Alexis D. Negron-Cruz 44 MOTION for change of plea for hearing, report and recommendation. Signed by Judge Francisco A. Besosa on 6/1/2012.(grf) (Entered: 06/01/2012) |
| 06/01/2012 | 46 | MEMORANDUM OF THE CLERK: Pursuant to Order entered on 6/1/2012 (Docket 45), MOTION for change of plea by Alexis D. Negron-Cruz at Docket Entry 44, has been randomly assigned to US Magistrate Judge Silvia Carreno-Coll for hearing, report and recommendation. Signed by Clerk on 6/1/2012.(be) (Entered: 06/01/2012) |
| 06/01/2012 | 47 | ORDER as to Alexis D. Negron-Cruz: **The Change of Plea Hearing is set for 6/6/2012 at 09:00 AM in Courtroom 8 before US Magistrate Judge Silvia Carreno-Coll.** |

| | | |
|---|---|---|
| | | Signed by US Magistrate Judge Silvia Carreno-Coll on 6/1/2012.(mcv) (Entered: 06/01/2012) |
| 06/05/2012 | 48 | ***SELECTED PARTIES*** MOTION Submitting *Draft Proposed Plea Agreement and Supplement* by USA, Alexis D. Negron-Cruz as to Alexis D. Negron-Cruz. (Morgan, Marshal) (Entered: 06/05/2012) |
| 06/06/2012 | 49 | Minute Entry for proceedings held before US Magistrate Judge Silvia Carreno-Coll: Change of Plea Hearing as to Alexis D. Negron-Cruz held on 6/6/2012. AUSA Marshal Morgan and AFPD Victor Gonzalez were present. Defense counsel requested an extension of time to prepare defendant. The Government informed that, due to the quick scheduling of the hearing, counsel's request is reasonable for a continuance and had no objection to the same. The Court granted the request to reschedule the hearing. **Change of Plea Hearing RESET for 6/18/2012 09:00 AM in Courtroom 8 before US Magistrate Judge Silvia Carreno-Coll.** (Court Reporter FTR/bg.) Hearing set for 09:00. Hearing held at 09:47. Hearing ended at 09:49. Interpreter Heidi Cazes. (br) (Entered: 06/11/2012) |
| 06/14/2012 | 50 | ORDER as to (1) Alexis D. Negron-Cruz **Due to calendar conflict, the Change of Plea Hearing is reset for 6/22/2012 at 09:30 AM in Courtroom 8 before US Magistrate Judge Silvia Carreno-Coll.** Signed by US Magistrate Judge Silvia Carreno-Coll on 6/14/2012.(mcv) (Entered: 06/14/2012) |
| 06/22/2012 | 51 | Minute Entry for proceedings held before US Magistrate Judge Silvia Carreno-Coll: Change of Plea as to Alexis D. Negron-Cruz not held on 6/22/2012. Present AUSA Marshal Morgan and AFPD Victor Gonzalez. Defendant present and assisted by the court interpreter. Counsel for defendant informed that defendant will not be pleading guilty, instead he will exercise his right to go to trial. Case was referred back to Judge Francisco Besosa for trial. Motions terminated re 44 Motion for Change of Plea, 48 Motion Submitting Draft Proposed Plea Agreement and Supplement. (Court Reporter FTR.) Hearing set for 9:30. Hearing held at 9:57. Hearing ended at 9:59. Interpreter Marie Hernandez. (amr) Modified on 6/25/2012 to add docket entry information. (re) (Entered: 06/22/2012) |
| 06/22/2012 | 52 | ORDER as to Alexis D. Negron-Cruz : **The parties will file proposed jury instructions and proposed voir dire questions no later than 6/26/2012. No extensions of time will be allowed. Jury Trial remains set for 7/2/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 6/22/2012.(grf) (Entered: 06/22/2012) |
| 06/26/2012 | 53 | **CASE PARTICIPANTS**Proposed Voir Dire by Alexis D. Negron-Cruz (Guzman-Silva, Hector) (Entered: 06/26/2012) |
| 06/26/2012 | 54 | Proposed Jury Instructions by USA as to Alexis D. Negron-Cruz (Morgan, Marshal) (Entered: 06/26/2012) |
| 06/26/2012 | 55 | Proposed Voir Dire by USA as to Alexis D. Negron-Cruz (Morgan, Marshal) (Entered: 06/26/2012) |
| 06/26/2012 | 56 | First MOTION in Limine by USA as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 7/12/2012 (Morgan, Marshal) (Entered: 06/26/2012) |
| 06/26/2012 | 57 | Proposed Verdict Form by USA as to Alexis D. Negron-Cruz (Morgan, Marshal) (Entered: 06/26/2012) |
| 06/26/2012 | 58 | **CASE PARTICIPANTS**Proposed Jury Instructions by Alexis D. Negron-Cruz (Guzman-Silva, Hector) (Entered: 06/26/2012) |
| 06/27/2012 | 59 | **CASE PARTICIPANTS**INFORMATIVE Motion by Alexis D. Negron-Cruz. |

| | | |
|---|---|---|
| | | (Guzman-Silva, Hector) (Entered: 06/27/2012) |
| 06/27/2012 | 60 | **CASE PARTICIPANTS**ORDER re 59 Informative Motion as to Alexis D. Negron-Cruz. Signed by Judge Francisco A. Besosa on 06/27/2012. (brc) (Entered: 06/27/2012) |
| 07/24/2012 | 61 | MOTION to Substitute Attorney by Alexis D. Negron-Cruz, Pro Se. (Attachments: # 1 Envelope)(re) (Entered: 08/01/2012) |
| 07/24/2012 | 62 | ***FILED IN ERROR -DOCUMENT FILED IN WRONG CASE*** - *RESTRICTED* Application for Search Warrant as to Alexis D. Negron-Cruz. (Attachments: # 1 Affidavit) (re) Modified on 8/1/2012 (re). (Entered: 08/01/2012) |
| 08/01/2012 | | NOTICE of Docket Text Modification by Deputy Clerk re: 62 Application for (Search). ***FILED IN ERROR - FILED IN WRONG CASE*** (re) (Entered: 08/01/2012) |
| 08/01/2012 | 63 | ORDER re 61 Motion to Substitute Attorney as to Alexis D. Negron-Cruz. The Clerk will file this case as a civil matter. Signed by Judge Francisco A. Besosa on 08/01/2012. (brc) (Entered: 08/01/2012) |
| 08/13/2012 | 64 | **CASE PARTICIPANTS** MOTION by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 8/30/2012 (Guzman-Silva, Hector) (Entered: 08/13/2012) |
| 08/14/2012 | 65 | ***SELECTED PARTIES***ORDER re 64 Motion as to Alexis D. Negron-Cruz (1): GRANTED. Status Conference set for 8/28/2012 at 09:00 AM before Judge Francisco A. Besosa.Signed by Judge Francisco A. Besosa on 8/14/2012. (grf) (Entered: 08/14/2012) |
| 08/14/2012 | | CJA 20 as to Alexis D. Negron-Cruz: Appointment of Attorney Francisco J. Adams-Quesada for Alexis D. Negron-Cruz. Signed by Judge Francisco A. Besosa on 8/14/2012. (grf) (Entered: 08/14/2012) |
| 08/14/2012 | 66 | ORDER as to Alexis D. Negron-Cruz re 61 MOTION to Substitute Attorney filed by Alexis D. Negron-Cruz : Habeas corpus relief is DENIED. New counsel has been appointed. See Docket No. 65 . Signed by Judge Francisco A. Besosa on 8/14/2012.(grf) (Entered: 08/14/2012) |
| 08/28/2012 | 67 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Status Conference as to Alexis D. Negron-Cruz held on 8/28/2012. Present were: AUSA Marshal Morgan and Atty. Francisco Adams. Defense counsel informed that FPD has indicated that discovery will be delivered to him probably today and that he has already met with defendant for an initial interview. Government is willing to enter into plea negotiations but informed that the initial offer might not be available. Mr. Adams also informed that he will meet with AUSA Morgan in the next couple of weeks to verify that he has received all discovery. The parties discussed the possibility of bringing defendant to court to hold an inspection of contraband evidence; defendant will file a motion requesting the meeting. STA remains tolled to allow for further discovery. A further status conference will be scheduled after the meeting is held. Motion due by 9/14/2012. (Court Reporter Joe Reynosa.)Hearing set for 09:00.Hearing held at 10:05.Hearing ended at 10:15. (grf) (Entered: 08/28/2012) |
| 08/28/2012 | 68 | **CASE PARTICIPANTS** MOTION Requesting Order by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 9/13/2012 (Adams-Quesada, Francisco) (Entered: 08/28/2012) |
| 08/29/2012 | 69 | ORDER re 68 Motion Requesting Order as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 08/29/2012. (brc) (Entered: 08/29/2012) |
| 09/13/2012 | 70 | MOTION Requesting Order by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 10/1/2012 (Adams-Quesada, Francisco) (Entered: |

| | | 09/13/2012) |
|---|---|---|
| 09/14/2012 | 71 | ORDER re 70 Motion Requesting Order as to Alexis D. Negron-Cruz (1): GRANTED. **Defendants Meeting set for 9/26/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 9/14/2012. (grf) (Entered: 09/14/2012) |
| 09/25/2012 | 72 | MOTION to Continue *Defendant's Hearing* by USA as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 10/12/2012 (Morgan, Marshal) (Entered: 09/25/2012) |
| 09/25/2012 | 73 | ORDER re 72 Motion to Continue as to Alexis D. Negron-Cruz (1): GRANTED. **Defendants Meeting reset for 10/1/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 9/25/2012. (grf) (Entered: 09/25/2012) |
| 10/23/2012 | 74 | ORDER as to Alexis D. Negron-Cruz : **Status Conference set for 10/31/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 10/23/2012.(grf) (Entered: 10/23/2012) |
| 10/31/2012 | 75 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Status Conference as to Alexis D. Negron-Cruz held on 10/31/2012. Present were: AUSA Mariana Bauza and Atty. Francisco Adams. Defense counsel indicated that evidence inspection was held and that a transcript of a computer chat is pending; after transcript is provided, plea negotiations will be conducted. Government informed that an English translation of the transcript was available now. The Court instructed the Government to provide the transcript by 11/2/2012. **Motions (including motion for change of plea) due by 12/7/2012. Pretrial Conference (or for change of plea hearing) set for 12/13/2012 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Joe Reynosa.)Hearing set for 09:00.Hearing held at 10:45.Hearing ended at 10:50. (grf) (Entered: 10/31/2012) |
| 11/21/2012 | 76 | MOTION for change of plea by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/7/2012 (Adams-Quesada, Francisco) (Entered: 11/21/2012) |
| 11/26/2012 | 77 | ORDER as to Alexis D. Negron-Cruz re 76 MOTION for change of plea : **Change of Plea Hearing set for 12/4/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 11/26/2012.(grf) (Entered: 11/26/2012) |
| 12/02/2012 | 78 | MOTION to Continue *Change of Plea Hearing* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/20/2012 (Adams-Quesada, Francisco) (Entered: 12/02/2012) |
| 12/03/2012 | 79 | ORDER re 78 Motion to Continue as to Alexis D. Negron-Cruz (1): GRANTED. **Change of Plea Hearing is continued for 12/13/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 12/3/2012. (grf) (Entered: 12/03/2012) |
| 12/12/2012 | 80 | Second MOTION to Continue *Change of Plea Hearing* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 1/2/2013 (Adams-Quesada, Francisco) (Entered: 12/12/2012) |
| 12/12/2012 | 81 | ORDER re 80 Motion to Continue as to Alexis D. Negron-Cruz (1): GRANTED. **Change of Plea Hearing set for 12/19/2012 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 12/12/2012. (grf) (Entered: 12/12/2012) |
| 12/18/2012 | 82 | Joint MOTION to Continue *Sentencing Hearing Currently Scheduled for Tomorrow December 19, 2012* by USA, Alexis D. Negron-Cruz as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 1/8/2013 (Morgan, Marshal) (Entered: 12/18/2012) |

| 12/18/2012 | 83 | ORDER re 82 Motion to Continue as to Alexis D. Negron-Cruz (1): GRANTED. **Change of Plea Hearing continued for 1/23/2013 at 09:00 AM before Judge Francisco A. Besosa.**Signed by Judge Francisco A. Besosa on 12/18/2012. (grf) (Entered: 12/18/2012) |
|---|---|---|
| 01/18/2013 | 84 | MOTION to Continue *Change of Plea Hearing* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 2/4/2013 (Adams-Quesada, Francisco) (Entered: 01/18/2013) |
| 01/18/2013 | 85 | ORDER re 84 Motion to Continue as to Alexis D. Negron-Cruz (1): GRANTED. **Change of Plea Hearing is advanced for 1/22/2013 at 02:00 PM before Judge Francisco A. Besosa.**Signed by Judge Francisco A. Besosa on 1/18/2013. (grf) (Entered: 01/18/2013) |
| 01/22/2013 | 86 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Case called for change of plea hearing as to Alexis D. Negron-Cruz on 1/22/2013, but not held. Present were: AUSA Michael Bagge and Atty. Francisco Adams-Quesada. Defendant was also present assisted by the Court Interpreter. Defendant did not accept the terms of the agreement. The parties shall continue in negotiations; a trial date will be set at the pretrial conference. **Pretrial Conference set for 1/30/2013 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Joe Reynosa.)Hearing set for 02:00.Hearing held at 03:50.Hearing ended at 04:20.Interpreter Felix Toledo. (grf) (Entered: 01/23/2013) |
| 01/30/2013 | 87 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Pretrial Conference as to Alexis D. Negron-Cruz held on 1/30/2013. Present were: AUSA Marshal Morgan and Atty. Francisco Adams. Government requested a trial date in view that defendant will not enter into a plea agreement. Defense counsel informed that he has explained the extent of the plea and the consequences of going to trial to his client; nevertheless, defendant has indicated that he does not accept the terms of the plea. Mr. Adams also informed the Court that he will be in trial during the month of February and probably March in Cr. 12-200(JAF). STA was tolled in the interest of justice until trial date to allow for further negotiations. **Jury Trial set for 3/25/2013 at 09:00 AM before Judge Francisco A. Besosa.** (Court Reporter Joe Reynosa.)Hearing set for 09:00.Hearing held at 10:05.Hearing ended at 10:10. (grf) (Entered: 01/30/2013) |
| 03/17/2013 | 88 | MOTION to Dismiss by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Adams-Quesada, Francisco) (Entered: 03/17/2013) |
| 03/17/2013 | 89 | MOTION for Rule 404(b) Disclosure by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Adams-Quesada, Francisco) (Entered: 03/17/2013) |
| 03/18/2013 | 90 | ORDER re 89 Motion for Rule 404(b) Disclosure as to Alexis D. Negron-Cruz. **The government will respond to this motion no later than Wednesday, March 20, 2013 at 12:00 noon.** Signed by Judge Francisco A. Besosa on 03/18/2013. (brc) (Entered: 03/18/2013) |
| 03/18/2013 | 91 | ORDER re 88 Motion to Dismiss as to Alexis D. Negron-Cruz. **The government will respond to this motion no later than Wednesday, March 20, 2013 at 12:00 noon.** Signed by Judge Francisco A. Besosa on 03/18/2013. (brc) (Entered: 03/18/2013) |
| 03/18/2013 | 92 | MOTION for Jencks Act Material by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Adams-Quesada, Francisco) (Entered: 03/18/2013) |
| 03/18/2013 | 93 | MOTION to Continue *Trial* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Adams-Quesada, Francisco) (Entered: 03/18/2013) |
| 03/18/2013 | 94 | ORDER re 92 Motion for Jencks/Act Material as to Alexis D. Negron-Cruz (1). **The government will provide all Jencks and Giglio material no later than 3/20/2013.** |

| | | Signed by Judge Francisco A. Besosa on 03/18/2013. (brc) (Entered: 03/18/2013) |
|---|---|---|
| 03/18/2013 | 95 | ORDER re 93 Motion to Continue as to Alexis D. Negron-Cruz (1): DENIED. Signed by Judge Francisco A. Besosa on 03/18/2013. (brc) (Entered: 03/18/2013) |
| 03/18/2013 | 96 | Emergency MOTION for Reconsideration *and/or Requesting Order* re 95 Order on Motion to Continue by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Adams-Quesada, Francisco) (Entered: 03/18/2013) |
| 03/19/2013 | 97 | MOTION under Rule 16 *United States' Motion for Reciprocal Discovery* by USA as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Morgan, Marshal) (Entered: 03/19/2013) |
| 03/19/2013 | 98 | ORDER re 96 Motion for Reconsideration as to Alexis D. Negron-Cruz (1): GRANTED. **Jury Trial is continued for 4/8/2013 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 3/19/2013. (grf) (Entered: 03/19/2013) |
| 03/19/2013 | 99 | ORDER re 97 Motion under Rule 16 as to Alexis D. Negron-Cruz (1): GRANTED as to all requests, **to be provided to the governmnent no later than 4/1/2013.** Signed by Judge Francisco A. Besosa on 03/19/2013. (brc) (Entered: 03/19/2013) |
| 03/19/2013 | 100 | MOTION for Extension of Time to File Response/Reply *to Defendant's Motion to Dismiss* as to 88 MOTION to Dismiss by USA as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/4/2013 (Morgan, Marshal) (Entered: 03/19/2013) |
| 03/19/2013 | 101 | ORDER re 100 Motion for Extension of Time to File Response/Reply as to Alexis D. Negron-Cruz (1): GRANTED. **Response to motion deadline due by 3/26/2013.** Signed by Judge Francisco A. Besosa on 03/19/2013. (brc) (Entered: 03/19/2013) |
| 03/21/2013 | 102 | RESPONSE in Opposition *Defendant's Motion to Dismiss the Superseding Indictment* by USA as to Alexis D. Negron-Cruz re 88 MOTION to Dismiss filed by Alexis D. Negron-Cruz (Morgan, Marshal) (Entered: 03/21/2013) |
| 03/21/2013 | 103 | MOTION for Leave to File *Reply to Government's Response in Opposition* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/8/2013 (Adams-Quesada, Francisco) (Entered: 03/21/2013) |
| 03/22/2013 | 104 | ORDER re 103 Motion for Leave to File as to Alexis D. Negron-Cruz (1): GRANTED. **A reply may be filed no later than March 27, 2013 in strict compliance with Local Rule 7(c).** Signed by Judge Francisco A. Besosa on 3/22/2013. (grf) (Entered: 03/22/2013) |
| 03/27/2013 | 105 | REPLY to Response to Motion to Dismiss by Alexis D. Negron-Cruz re 88 MOTION to Dismiss filed by Alexis D. Negron-Cruz. (Adams-Quesada, Francisco) Modified on 4/1/2013 to select correct event or relief, to correct docket entry relationship, to correct docket text and title information. (re). (Entered: 03/27/2013) |
| 04/02/2013 | 106 | MOTION Submitting *Proposed Voir Dire Questionnaire* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/18/2013 (Adams-Quesada, Francisco) (Entered: 04/02/2013) |
| 04/02/2013 | 107 | MOTION for change of plea by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 4/18/2013 (Adams-Quesada, Francisco) (Entered: 04/02/2013) |
| 04/03/2013 | 108 | ORDER as to Alexis D. Negron-Cruz re 107 MOTION for change of plea : **Change of Plea Hearing set for 4/3/2013 at 02:00 PM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 4/3/2013.(grf) (Entered: 04/03/2013) |
| 04/03/2013 | 109 | ORDER to MDC as to Alexis D. Negron-Cruz. Signed by Judge Francisco A. Besosa on 4/3/2013.(grf) (Entered: 04/03/2013) |

| 04/03/2013 | 110 | ORDER re 88 Motion to Dismiss as to Alexis D. Negron-Cruz (1): MOOT. Defendant has pled guilty. Signed by Judge Francisco A. Besosa on 04/03/2013. (brc) (Entered: 04/03/2013) |
|---|---|---|
| 04/03/2013 | 111 | ORDER re 89 Motion for Rule 404(b) Disclosure as to Alexis D. Negron-Cruz (1): MOOT. Defendant has pled guilty. Signed by Judge Francisco A. Besosa on 04/03/2013. (brc) (Entered: 04/03/2013) |
| 04/03/2013 | 112 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Change of Plea Hearing as to Alexis D. Negron-Cruz held on 4/3/2013. Present were: AUSA Marshal Morgan and Atty. Francisco Adams. Defendant was also present assisted by the Court Interpreter. Plea entered by Alexis D. Negron-Cruz (1) Guilty Count 5s. PSR was ordered. Defendant shall remain U/C pending imposition of sentence. USPO was notified by e-mail. **Sentencing Hearing set for 8/8/2013 at 09:00 AM before Judge Francisco A. Besosa.**)Hearing set for 02:00.Hearing held at 05:45.Hearing ended at 06:30.Interpreter Felix Toledo. (grf) (Entered: 04/03/2013) |
| 04/03/2013 | 113 | ORDER re 106 Motion Submitting Proposed *Voir Dire* Questionnaire as to Alexis D. Negron-Cruz: MOOT. Defendant has pled guilty. Signed by Judge Francisco A. Besosa on 04/03/2013. (brc) (Entered: 04/03/2013) |
| 04/03/2013 | 114 | PLEA AGREEMENT as to Alexis D. Negron-Cruz. (grf) (Entered: 04/03/2013) |
| 04/03/2013 | 115 | ***SELECTED PARTIES***PLEA SUPPLEMENT as to Alexis D. Negron-Cruz. (grf) (Entered: 04/03/2013) |
| 07/03/2013 | 116 | MOTION to Continue the Sentencing Hearing by US Probation Office as to Alexis D. Negron-Cruz. Suggestions in opposition/response due by 7/19/2013 (U.S. Probation Officer, Joan Vazquez) (Entered: 07/03/2013) |
| 07/08/2013 | 117 | ORDER GRANTING 116 Motion to Continue as to Alexis D. Negron-Cruz (1) **Sentencing Hearing reset for 10/10/2013 at 9:00 AM in Courtroom 2 before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 7/8/2013. (amr) (Entered: 07/08/2013) |
| 09/18/2013 | 118 | ORDER as to Alexis D. Negron-Cruz : **Sentencing Hearing set for 10/10/2013 is CONTINUED for 10/16/2013 at 09:00 AM in Courtroom 2 before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 9/18/2013.(grf) (Entered: 09/18/2013) |
| 10/02/2013 | 119 | ***SELECTED PARTIES*** NOTICE of Disclosure of PSR Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the presentence report for the defendant of record. According to said rule, any inaccuracies or discrepancies should be reported to the Probation Officer within 14 days from disclosure of the document. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Alexis D. Negron-Cruz (U.S. Probation Officer, Joan Vazquez) (Entered: 10/02/2013) |
| 10/03/2013 | 120 | ***SELECTED PARTIES*** LETTER/MOTION to Substitute Attorney by Alexis D. Negron-Cruz as to Alexis D. Negron-Cruz, Pro Se. Suggestions in opposition/response due by 10/21/2013 (Attachments: # 1 Envelope)(re) (Entered: 10/04/2013) |
| 10/07/2013 | 121 | ORDER re 120 Motion to Substitute Attorney as to Alexis D. Negron-Cruz (1): DENIED. All attorneys are considered officers of the Court; as officers of the Court they are required to represent their clients zealously. In any event, the Court will not appoint new counsel only days before the sentence. Signed by Judge Francisco A. Besosa on 10/7/2013. (grf) (Entered: 10/07/2013) |

| | | |
|---|---|---|
| 10/10/2013 | 122 | MOTION to Continue *Sentencing Hearing* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 10/28/2013 (Adams-Quesada, Francisco) (Entered: 10/10/2013) |
| 10/15/2013 | 123 | ORDER re 122 Motion to Continue as to Alexis D. Negron-Cruz (1): GRANTED. **Sentencing Hearing set for 10/16/2013 is CONTINUED for 11/18/2013 at 09:00 AM in Courtroom 2 before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 10/15/2013. (grf) (Entered: 10/15/2013) |
| 10/29/2013 | 124 | MOTION for Reconsideration re 121 Order on Motion to Substitute Attorney, by Alexis D. Negron-Cruz, pro se. Suggestions in opposition/response due by 11/15/2013. (Attachments: # 1 Envelope).(gr) (Entered: 11/01/2013) |
| 11/04/2013 | 125 | ORDER re 124 Motion for Reconsideration as to Alexis D. Negron-Cruz (1): DENIED. Signed by Judge Francisco A. Besosa on 11/04/2013. (brc) (Entered: 11/04/2013) |
| 11/15/2013 | 126 | ***SELECTED PARTIES*** NOTICE of Disclosure of Amended PSR Pursuant to Local Rule 132, the U.S. Probation Officer makes disclosure of the amended presentence report for the defendant of record. Since the presentence report is a Court Document, its contents must not be recorded or otherwise disseminated to third parties in any manner, by USA, US Probation Office, Alexis D. Negron-Cruz (U.S. Probation Officer, Joan Vazquez) (Entered: 11/15/2013) |
| 11/15/2013 | 127 | ***SELECTED PARTIES*** NOTICE of Filing of Addendum to the PSR. The addendum to the presentence investigation report has been filed in compliance with Rule 32 of the Federal Rules of Criminal Procedure by USA, US Probation Office, Alexis D. Negron-Cruz (U.S. Probation Officer, Joan Vazquez) (Entered: 11/15/2013) |
| 11/17/2013 | 128 | MOTION to Continue by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/5/2013 (Adams-Quesada, Francisco) (Entered: 11/17/2013) |
| 11/17/2013 | 129 | **CASE PARTICIPANTS**SENTENCING MEMORANDUM by Alexis D. Negron-Cruz (Adams-Quesada, Francisco) (Entered: 11/17/2013) |
| 11/17/2013 | 130 | MOTION Submitting letters as exhibits to the sentencing memorandum by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/5/2013 (Attachments: # 1 Exhibit, # 2 Exhibit)(Adams-Quesada, Francisco) Modified on 11/18/2013 to add text (er). (Entered: 11/17/2013) |
| 11/17/2013 | 131 | MOTION to Restrict Document by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/5/2013 (Adams-Quesada, Francisco) (Entered: 11/17/2013) |
| 11/18/2013 | 132 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Case called for sentencing hearing as to Alexis D. Negron-Cruz on 11/18/2013, but not held. Present were: SAUSA Max Perez-Bouret and Atty. Francisco Adams. Defendant was also present assisted by the Court Interpreter. Defendant requested a brief continuance to discuss the amended PSR, Government did not object. After discussing the matter with the USPO, **Sentencing Hearing was continued for 12/5/2013 at 09:00 AM in Courtroom 2 before Judge Francisco A. Besosa.** (Court Reporter Joe Reynosa.)Hearing set for 09:00.Hearing held at 10:28.Hearing ended at 10:32.Interpreter Felix Toledo. (grf) (Entered: 11/18/2013) |
| 11/20/2013 | 133 | ORDER re 131 Motion to Restrict as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 11/20/2013. (grf) (Entered: 11/20/2013) |
| 11/20/2013 | 134 | ORDER re 130 Motion Submitting as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 11/20/2013. (grf) (Entered: 11/20/2013) |

| 11/20/2013 | 135 | ORDER re 128 Motion to Continue as to Alexis D. Negron-Cruz (1): MOOT. See Minutes of hearing at Docket No. 132. Signed by Judge Francisco A. Besosa on 11/20/2013. (brc) (Entered: 11/20/2013) |
|---|---|---|
| 11/20/2013 | 136 | ORDER as to Alexis D. Negron-Cruz : **Sentencing Hearing set for 12/5/2013 is ADVANCED for 12/4/2013 at 02:00 PM in Courtroom 2 before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 11/20/2013.(grf) (Entered: 11/20/2013) |
| 11/20/2013 | 137 | MOTION Requesting Order concerning promises made during plea negotiations by Alexis D. Negron-Cruz, pro se. Suggestions in opposition/response due by 12/6/2013. (Attachments: # 1 Envelope).(gr) (Entered: 11/27/2013) |
| 11/27/2013 | 138 | ORDER re 137 Motion Requesting Order as to Alexis D. Negron-Cruz (1). The request to continue the sentence is DENIED. The request to have defendant's things returned will be discussed at the sentencing hearing. Signed by Judge Francisco A. Besosa on 11/27/2013. (brc) (Entered: 11/27/2013) |
| 12/02/2013 | 139 | MOTION Requesting Order by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/19/2013 (Attachments: # 1 Exhibit)(Adams-Quesada, Francisco) (Entered: 12/02/2013) |
| 12/04/2013 | 140 | Second MOTION Submitting *Letters* by Alexis D. Negron-Cruz. Suggestions in opposition/response due by 12/20/2013 (Attachments: # 1 Exhibit, # 2 Exhibit)(Adams-Quesada, Francisco) (Entered: 12/04/2013) |
| 12/04/2013 | 141 | ORDER re 140 Motion Submitting as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 12/04/2013. (brc) (Entered: 12/04/2013) |
| 12/04/2013 | 142 | Minute Entry for proceedings held before Judge Francisco A. Besosa: Sentencing held on 12/4/2013 for Alexis D. Negron-Cruz (1). Present were: AUSA Marshal Morgan and Atty. Francisco Adams. Defendant was also present and assisted by the Court Interpreter. After hearing the arguments of the parties, defendant's motion at Docket No. 139 was denied. Count 5s, IMPR.: One Hundred Twenty (120) months; SRT: Twenty-Five (25) years; No fine imposed; SMA: $100.00. Forfeiture will be made part of the judgment. Counts 1s-2s, 3s-4s, Dismissed. All other terms and conditions will be set in the judgment. (Court Reporter Joe Reynosa.)Hearing set for 02:00.Hearing held at 03:05.Hearing ended at 04:13.Interpreter Felix Toledo. (grf) (Entered: 12/05/2013) |
| 12/04/2013 | 143 | JUDGMENT as to Alexis D. Negron-Cruz (1), Count 5s, IMPR.: One Hundred Twenty (120) months; SRT: Twenty-Five (25) years; No fine imposed; SMA: $100.00; Counts 1s-2s, 3s-4s, Dismissed. Signed by Judge Francisco A. Besosa on 12/4/2013.(grf) (Entered: 12/05/2013) |
| 12/10/2013 | 144 | NOTICE OF APPEAL by Alexis D. Negron-Cruz as to 143 Judgment, **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm** (Adams-Quesada, Francisco) (Entered: 12/10/2013) |
| 12/19/2013 | 145 | ***SELECTED PARTIES*** OBJECTION TO PRESENTENCE INVESTIGATION REPORT in the Spanish Language by Alexis D. Negron-Cruz as to Alexis D. Negron-Cruz, Pro Se. (Attachments: # 1 Exhibit, # 2 Envelope)(re) Modified on 12/26/2013 to add USA and USPO as applicable parties as per Judge Besosa's instructions. (re). (Entered: 12/26/2013) |
| 01/08/2014 | 146 | Certified and Transmitted Record on Appeal as to Alexis D. Negron-Cruz to US Court of |

| | | |
|---|---|---|
| | | Appeals re <u>144</u> Notice of Appeal - Final Judgment, [Docket Entries 143 & 144] (xi) (Entered: 01/08/2014) |
| 01/08/2014 | 147 | USCA Case Number 14-1044 for <u>144</u> Notice of Appeal - Final Judgment, filed by Alexis D. Negron-Cruz. (xi) (Entered: 01/08/2014) |
| 05/08/2014 | <u>148</u> | Transcript of Change of Plea Hearing as to Alexis D. Negron-Cruz (1) held on April 3, 2013, before Judge Francisco A. Besosa. Court Reporter Joe Reynosa, Telephone number 808 255 4840. COA Number: 14-1044. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be available electronically to the public without redaction after 90 calendar days. The policy is located at www.prd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/2/2014. Redacted Transcript Deadline set for 6/12/2014. Release of Transcript Restriction set for 8/11/2014. (jr) (Entered: 05/08/2014) |
| 05/08/2014 | <u>149</u> | Transcript of Sentencing Hearing as to Alexis D. Negron-Cruz (1) held on December 4, 2013, before Judge Francisco A. Besosa. Court Reporter Joe Reynosa, Telephone number 808 255 4840. COA Number: 14-1044. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be available electronically to the public without redaction after 90 calendar days. The policy is located at www.prd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/2/2014. Redacted Transcript Deadline set for 6/12/2014. Release of Transcript Restriction set for 8/11/2014. (jr) (Entered: 05/08/2014) |
| 08/24/2015 | <u>150</u> | JUDGMENT of USCA (certified copy) as to Alexis D. Negron-Cruz (1) re <u>144</u> Notice of Appeal - Final Judgment; DISMISSED. (xi) (Entered: 08/24/2015) |
| 09/15/2015 | <u>151</u> | MANDATE of USCA (certified copy) as to Alexis D. Negron-Cruz re <u>144</u> Notice of Appeal - Final Judgment; DISMISSED. RE: <u>150</u> JUDGMENT of USCA. (xi) (Entered: 09/15/2015) |
| 09/15/2015 | | Appeal Record Returned as to Alexis D. Negron-Cruz (1): <u>144</u> Notice of Appeal - Final Judgment RE: <u>150</u> USCA Judgment, <u>151</u> USCA Mandate, <u>146</u> Appeal Record Sent to USCA. (xi) (Entered: 09/15/2015) |
| 12/17/2015 | <u>152</u> | MOTION Requesting Transcripts and other documentation in order to prepare 2255 motion by Alexis D. Negron-Cruz (1), pro-se. Suggestions in opposition/response due by 1/4/2016 (Attachments: # <u>1</u> cover letter, # <u>2</u> Envelope)(np) (Entered: 12/18/2015) |
| 12/17/2015 | <u>153</u> | MOTION for Leave to Proceed in Forma Pauperis by Alexis D. Negron-Cruz (1), pro-se. Re: <u>152</u> Suggestions in opposition/response due by 1/4/2016 (Attachments: # <u>1</u> Envelope)(np) (Entered: 12/18/2015) |
| 12/21/2015 | 154 | ORDER re <u>152</u> Motion Requesting Transcript as to Alexis D. Negron-Cruz (1): GRANTED. The Clerk will provide the transcripts of defendant's sentencing and change of plea hearings, the plea agreement and the judgment to defendant Negron-Cruz. Signed by Judge Francisco A. Besosa on 12/21/2015. (brc) (Entered: 12/21/2015) |
| 12/21/2015 | 155 | ORDER re <u>153</u> Motion for Leave to Proceed in Forma Pauperis as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/21/2015. (brc) (Entered: 12/21/2015) |

| | | |
|---|---|---|
| 02/01/2016 | 156 | MOTION requesting copy of dkts 61,107,120,129,145 by Alexis D. Negron-Cruz (1), pro-se. Suggestions in opposition/response due by 2/19/2016 (Attachments: # 1 Envelope)(np) (Entered: 02/02/2016) |
| 02/02/2016 | 157 | ORDER re 156 Motion Requesting Order as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 02/02/2016. (brc) (Entered: 02/02/2016) |
| 03/03/2016 | 158 | INFORMATIVE Motion regarding copy of transcripts by Alexis D. Negron-Cruz (1), pro-se. Suggestions in opposition/response due by 3/21/2016 (Attachments: # 1 Envelope)(np) (Entered: 03/07/2016) |
| 03/07/2016 | 159 | ORDER re 158 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. The Clerk will resend the requested transcript to defendant Negron-Cruz. Signed by Judge Francisco A. Besosa on 03/07/2016. (brc) (Entered: 03/07/2016) |
| 04/01/2016 | 160 | MOTION Requesting copy of dkt 124 MOTION for Reconsideration, by Alexis D. Negron-Cruz (1), pro se. Suggestions in opposition/response due by 4/18/2016 (Attachments: # 1 Envelope)(ab) (Entered: 04/04/2016) |
| 04/04/2016 | 161 | ORDER re 160 Motion Requesting Order as to Alexis D. Negron-Cruz (1): DENIED. Signed by Judge Francisco A. Besosa on 04/04/2016. (brc) (Entered: 04/04/2016) |
| 05/20/2016 | 162 | MOTION Requesting status and Copy of Docket Sheet by Alexis D. Negron-Cruz (1), pro se. (Attachments: # 1 Envelope)(ab) (Entered: 05/23/2016) |
| 05/23/2016 | 163 | COPY OF MOTION to Vacate under 28 U.S.C. 2255 by Alexis D. Negron-Cruz (1), Pro Se. (Attachments: # 1 Supplement Memorandum of Law in Support of Motion to Vacate 28 U.S.C. 2255, # 2 Envelope)(arg) Civil case 3:16-cv-01948-FAB opened. (Main Document 163 replaced on 5/24/2016) (ab). (Entered: 05/23/2016) |
| 05/31/2016 | 164 | ORDER re 162 Motion Requesting Copy of Docket Sheet as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 05/31/2016. (brc) (Entered: 05/31/2016) |
| 08/28/2017 | 165 | COPY OF ORDER (filed in Case 16-cv-1948-FAB) re 163 Motion to Vacate (2255) as to Alexis D. Negron-Cruz (1): ORDER DISMISSING CASE re 1 Motion to Vacate, and re 19 Report and Recommendation. The Court ADOPTS the magistrate judge's report and recommendation and DENIES petitioner's motion to vacate, set aside or correct his sentence. Judgment shall be entered accordingly.Signed by Judge Francisco A. Besosa on 8/28/17. (ab) Civil Case 3:16-cv-01948-FAB closed. (Entered: 08/29/2017) |
| 08/28/2017 | 166 | COPY OF JUDGMENT 2255 (filed in Case 16-cv-1948-FAB) as to Alexis D. Negron-Cruz (1). Signed by Judge Francisco A. Besosa on 8/28/17.(ab) (Entered: 08/29/2017) |
| 05/02/2019 | 167 | INFORMATIVE Motion regarding health, MOTION Requesting Order by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 5/16/2019. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Supplement, # 2 letter, # 3 Envelope)(ab) (Entered: 05/06/2019) |
| 05/06/2019 | 168 | ORDER re 167 Informative Motion, Motion Requesting Order as to Alexis D. Negron-Cruz (1): The request to complete his sentence "at home" is denied. The Warden of MDC Guaynabo will inform the Court of the "cloud" that defendant says comes out of the air conditioning ducts. Signed by Judge Francisco A. Besosa on 5/6/19. (ab) (Entered: 05/06/2019) |
| 06/21/2019 | 169 | INFORMATIVE Motion regarding expired food at MDC/health by Alexis D. Negron- |

| | | |
|---|---|---|
| | | Cruz (1), Pro Se in the Spanish Language. Responses due by 7/5/2019. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Cover Letter, # 2 Sandwich Plastic Package, # 3 Chips Package, # 4 Envelope) (mcm) (Entered: 06/24/2019) |
| 06/25/2019 | 170 | ORDER re 169 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. **The Warden will respond to this motion no later than July 8, 2019.** Signed by Judge Francisco A. Besosa on 06/25/2019. (brc) (Entered: 06/25/2019) |
| 07/08/2019 | 171 | ***SELECTED PARTIES***RESPONSE to 169 INFORMATIVE Motion regarding expired food at MDC/health as to Alexis D. Negron-Cruz by BOP. (Attachments: # 1 1, # 2 2, # 3 3, # 4 4)(ab) (Entered: 07/08/2019) |
| 07/09/2019 | 172 | ORDER re 169 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. The matter has been resolved by the Warden, MDC Guaynabo. See Docket No. 171. Signed by Judge Francisco A. Besosa on 07/09/2019. (brc) (Entered: 07/09/2019) |
| 08/20/2019 | 173 | INFORMATIVE Motion, MOTION Requesting Order for time served or house arrest by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 9/3/2019. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 letter, # 2 Exhibit, # 3 Envelope)(ab) (Entered: 08/21/2019) |
| 08/21/2019 | 174 | ORDER re 173 Informative Motion and Motion Requesting Order as to Alexis D. Negron-Cruz (1): NOTED and DENIED. Signed by Judge Francisco A. Besosa on 08/21/2019. (brc) (Entered: 08/21/2019) |
| 09/19/2019 | 175 | INFORMATIVE Letter/Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 10/3/2019. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Envelope)(ab) (Entered: 09/25/2019) |
| 09/25/2019 | 176 | ORDER re 175 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED and DENIED again. Signed by Judge Francisco A. Besosa on 09/25/2019. (brc) (Entered: 09/25/2019) |
| 10/08/2019 | 177 | Letter/MOTION for Miscellaneous Relief by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. (Attachments: # 1 Exhibit, # 2 Envelope)(ab) (Entered: 10/16/2019) |
| 10/16/2019 | 178 | ORDER re 177 Motion for Miscellaneous Relief as to Alexis D. Negron-Cruz (1). **The Warden, MDC Guaynabo will respond to this document no later than October 22, 2019.** Signed by Judge Francisco A. Besosa on 10/16/2019. (brc) (Entered: 10/16/2019) |
| 11/05/2019 | 179 | MOTION to Appoint Counsel, INFORMATIVE Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 11/20/2019. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit, # 2 Envelope)(ab) (Entered: 11/06/2019) |
| 11/06/2019 | 180 | ORDER re 177 Motion as to Alexis D. Negron-Cruz (1): NOTED. The Clerk will appoint counsel for defendant pursuant to Local Rule 83L to determine whether defendant has a cause of action. Signed by Judge Francisco A. Besosa on 11/06/2019. (brc) (Entered: 11/06/2019) |
| 11/06/2019 | 181 | ORDER re 179 Motion to Appoint Counsel and Informative Motion as to Alexis D. Negron-Cruz (1): MOOT. Signed by Judge Francisco A. Besosa on 11/06/2019. (brc) Modified on 11/7/2019 to correct order as per chamber's request(ab). (Entered: 11/06/2019) |
| 11/08/2019 | | CJA 20 as to Alexis D. Negron-Cruz (1): Appointment of Attorney Giovanni Jose |

| | | |
|---|---|---|
| | | Canino-Sanchez for Alexis D. Negron-Cruz. Signed by Judge Francisco A. Besosa on 11/8/2019.(grf) (Entered: 11/08/2019) |
| 11/13/2019 | 182 | INFORMATIVE Motion by US Probation Office as to Alexis D. Negron-Cruz (1).(U.S. Probation Officer, Guillermo Arbona) (Entered: 11/13/2019) |
| 11/13/2019 | 183 | ORDER re 182 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 11/13/2019. (brc) (Entered: 11/13/2019) |
| 11/15/2019 | 184 | INFORMATIVE Letter/Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. (Attachments: # 1 Exhibit, # 2 Envelope)(ab) (Entered: 11/18/2019) |
| 12/03/2019 | 185 | INFORMATIVE Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 12/17/2019. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(ab) (Entered: 12/04/2019) |
| 12/04/2019 | 186 | ORDER re 185 Informative Motion as to Alexis D. Negron-Cruz (1). **USPO Arbona will respond to this motion no later than December 17, 2019.** Signed by Judge Francisco A. Besosa on 12/04/2019. (brc) (Entered: 12/04/2019) |
| 12/10/2019 | 187 | Motion in Compliance with Court Order [Docket 186] by US Probation Office as to Alexis D. Negron-Cruz (1). (U.S. Probation Officer, Guillermo Arbona)(U.S. Probation Officer, Guillermo Arbona) (Entered: 12/10/2019) |
| 12/10/2019 | 188 | ORDER re 184 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 12/10/2019. (brc) (Entered: 12/10/2019) |
| 12/10/2019 | 189 | ORDER re 185 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. See Order at Docket No. 188. Signed by Judge Francisco A. Besosa on 12/10/2019. (brc) (Entered: 12/10/2019) |
| 12/10/2019 | 190 | ORDER re 187 Motion in Compliance as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 12/10/2019. (brc) (Entered: 12/10/2019) |
| 12/18/2019 | 191 | INFORMATIVE Motion by Alexis D. Negron-Cruz (1), Pro se in the Spanish language. Responses due by 1/2/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit, # 2 Envelope)(ab) (Entered: 12/19/2019) |
| 12/19/2019 | 192 | ORDER to the Warden of MDC as to Alexis D. Negron-Cruz (1). **The Warden of MDC Guaynabo will respond to this motion no later than January 2, 2020.** Signed by Judge Francisco A. Besosa on 12/19/2019. (brc) (Entered: 12/19/2019) |
| 01/09/2020 | 196 | INFORMATIVE Letter Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 1/23/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Envelope)(ab) (Entered: 01/13/2020) |
| 01/10/2020 | 193 | ***SELECTED PARTIES***RESPONSE to 191 INFORMATIVE Motion by Alexis D. Negron-Cruz filed by MDC. (Attachments: # 1 1, # 2 2)(ab) (Entered: 01/10/2020) |
| 01/10/2020 | 194 | ORDER re 191 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED and DENIED. The Court will not entertain any more similar motions unless defendant Negron-Cruz certifies, under penalty of perjury, that he has exhausted all administrative remedics availablc to him at MDC and the Bureau of Prisons. Signed by Judge Francisco A. Besosa on 01/10/2020. (brc) (Entered: 01/10/2020) |
| 01/10/2020 | 195 | ORDER re 193 Response to Motion as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 01/10/2020. (brc) (Entered: 01/10/2020) |

| 01/13/2020 | 197 | ORDER to MDC re 196 Informative Motion as to Alexis D. Negron-Cruz (1). The Warden of MDC will respond only as to defendant Negron-Cruz's request for the "boleto de salida," whatever that is, which he claims he needs to obtain his social security card. Signed by Judge Francisco A. Besosa on 01/13/2020. (brc) (Entered: 01/13/2020) |
|---|---|---|
| 03/10/2020 | 198 | Mail sent to Alexis D. Negron-Cruz (1) was returned as undeliverable re: 188-190. Petitioner was released on 12/17/2019 as per BOP's website, no forwarding address available. (ab) (Entered: 03/11/2020) |
| 04/02/2020 | 199 | MOTION to Show Cause re Revocation of Supervised Release by US Probation Office as to Alexis D. Negron-Cruz (1). Responses due by 4/16/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (U.S. Probation Officer, Luz Enid Aponte) (Entered: 04/02/2020) |
| 04/02/2020 | 200 | ORDER REFERRING MOTION: as to Alexis D. Negron-Cruz (1) 199 MOTION to Show Cause re Revocation of Supervised Release filed by US Probation Office TO A MAGISTRATE JUDGE to issue summons and hold a hearing. Signed by Judge Francisco A. Besosa on 4/2/2020.(grf) (Entered: 04/02/2020) |
| 04/02/2020 | 201 | MEMORANDUM OF THE CLERK: By Order of Judge Francisco A. Besosa (Docket No. 200), the 199 MOTION Notifying Violations of Supervised Release Conditions, Requesting Summons and Show Cause Hearing has been randomly referred within the Case Assignment System to Magistrate Judge Bruce J. McGiverin. Signed by Clerk on 04/02/2020. (ft) (Entered: 04/02/2020) |
| 04/21/2020 | 202 | ORDER as to Alexis D. Negron-Cruz (1) re 199 Motion to Show Cause re Revocation of Supervised Release: **Show Cause Hearing is set for 6/25/2020 at 10:30 AM in Courtroom 9 before US Magistrate Judge Bruce J. McGiverin.** Summons to issue. Signed by US Magistrate Judge Bruce J. McGiverin on 4/21/2020. (bgl) (Entered: 04/21/2020) |
| 04/21/2020 | | CJA 20 as to Alexis D. Negron-Cruz (1): Appointment of Attorney Emilio F. Morris-Rosa for Alexis D. Negron-Cruz. Signed by US Magistrate Judge Bruce J. McGiverin on 4/21/2020. (bgl) (Entered: 04/21/2020) |
| 04/21/2020 | 203 | *RESTRICTED* Summons Issued as to Alexis D. Negron-Cruz (1). Copy of summons sent to USMS for service. (bgl) (Entered: 04/21/2020) |
| 04/22/2020 | 204 | NOTICE OF ATTORNEY APPEARANCE: Normary Figueroa-Rijo appearing for USA. *As to revocation purposes* (Figueroa-Rijo, Normary) (Entered: 04/22/2020) |
| 04/27/2020 | 205 | MOTION to Modify Conditions of Supervised Release by US Probation Office as to Alexis D. Negron-Cruz (1). Responses due by 5/11/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (U.S. Probation Officer, Luz Enid Aponte) (Entered: 04/27/2020) |
| 04/27/2020 | 206 | ORDER re 205 Motion to Modify Conditions of Supervised Release as to Alexis D. Negron-Cruz (1): GRANTED. The drug testing condition is suspended. Signed by Judge Francisco A. Besosa on 04/27/2020. (brc) (Entered: 04/27/2020) |
| 04/29/2020 | 207 | MOTION to Continue *show cause hearing re: revocation of supervised release* by Alexis D. Negron-Cruz. Responses due by 5/13/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 04/29/2020) |
| 05/14/2020 | 208 | ORDER granting 207 Motion to Continue as to Alexis D. Negron-Cruz (1): **Show Cause Hearing is reset for 6/29/2020 at 2:30 PM in Courtroom 9 before US Magistrate** |

| | | |
|---|---|---|
| | | **Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 5/14/2020. (bgl) (Entered: 05/14/2020) |
| 06/26/2020 | 209 | ORDER as to Alexis D. Negron-Cruz: **Show Cause Hearing set for 6/29/2020 at 2:30 PM will be held via Video Teleconference in VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin.** During the VTC all participants will connect remotely. Further instructions on how to access, id and password will follow by email. Signed by US Magistrate Judge Bruce J. McGiverin on 6/26/2020. (bgl) Modified on 6/26/2020 to correct hearing date (ab). (Entered: 06/26/2020) |
| 06/26/2020 | 210 | INFORMATIVE Letter/Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 7/10/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 cover letter, # 2 Exhibit, # 3 Envelope)(ab) (Entered: 06/26/2020) |
| 06/26/2020 | 211 | ORDER re 210 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 06/26/2020. (brc) (Entered: 06/26/2020) |
| 06/29/2020 | 212 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Show Cause Hearing as to Alexis D. Negron-Cruz held on 6/29/2020 via VTC. Present were AUSA Normary Figueroa, Atty. Emilio Morris and USPO Luz Acevedo. Defendant was OB and assisted by a certified court interpreter. Defendant waived his right to appear physically at the hearing and consented to proceed via VTC. All parties were heard for the record regarding the status of the case. Mr. Negron has agreed to comply with all of the conditions of supervised release, including the conditions brought forth in the motion filed by the U.S. Probation Office at Docket No. 199 . The Court holds that motion in abeyance for the time being. By no later than **July 30, 2020** the U.S. Probation Office shall file a motion informing on the status of the case and the defendant's compliance with his conditions of supervised release. If, at such a time, the defendant has complied with all the conditions, USPO may then move to dismiss the motion or request any other relief that may be deemed warranted. (Court Reporter Robin Dizpenzieri.) Hearing set for 02:30. Hearing held at 02:47. Hearing ended at 03:00. Interpreter Ani Navarro. (bgl) Modified on 6/29/2020 to add text as per cd's request(ab). (Entered: 06/29/2020) |
| 07/17/2020 | 213 | MOTION Requesting Order, by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 7/31/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit)(ab) (Entered: 07/20/2020) |
| 07/20/2020 | 214 | ORDER re 213 Motion Requesting Order as to Alexis D. Negron-Cruz (1). **The government and Probation Officer Luz Enid Aponte will respond to this motion no later than August 3, 2020.** Signed by Judge Francisco A. Besosa on 07/20/2020. (brc) (Entered: 07/20/2020) |
| 07/23/2020 | 215 | RESPONSE to Motion filed by US Probation Office as to Alexis D. Negron-Cruz (1) re 213 MOTION Requesting Order re 212 Show Cause Hearing,,,,, filed by Alexis D. Negron-Cruz (U.S. Probation Officer, Luz Enid Aponte) (Entered: 07/23/2020) |
| 07/23/2020 | 216 | ***VACATED AS PER DOCKET 217 ORDER***ORDER re 213 Motion Requesting Order as to Alexis D. Negron-Cruz (1). To be considered, along with the probation officer's response filed at docket number 251, by Magistrate Judge McGiverin during the hearing scheduled for July 29, 2020. Signed by Judge Francisco A. Besosa on 07/23/2020. (brc) Modified on 7/24/2020 (ab). (Entered: 07/23/2020) |
| 07/23/2020 | 217 | ORDER re 213 Motion Requesting Order as to Alexis D. Negron-Cruz (1): NOTED. The order at docket number 216 is vacated. **No later than July 30, 2020, the probation** |

Appendix 123

| | | |
|---|---|---|
| | | officer will comply with Magistrate Judge McGiverin's order filed at docket number **212.** Signed by Judge Francisco A. Besosa on 07/23/2020. (brc) (Entered: 07/23/2020) |
| 07/29/2020 | 218 | MOTION IN RESPONSE TO COURT ORDER DATED JUNE 29, 2020, NOTIFYING NEW VIOLATIONS OF THE SUPERVISED RELEASE CONDITIONS AND REQUEST FOR AN ARREST WARRANT by US Probation Office as to Alexis D. Negron-Cruz (1). Responses due by 8/12/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (U.S. Probation Officer, Luz Enid Aponte) (Entered: 07/29/2020) |
| 07/29/2020 | 219 | ORDER granting 218 Motion in Response to Court Order dated June 29, 2020, Notifying New Violations for the Supervised Release Conditions and Request for an Arrest Warrant as to Alexis D. Negron-Cruz (1). Arrest Warrant to issue. Signed by US Magistrate Judge Bruce J. McGiverin on 7/29/2020. (bgl) (Entered: 07/29/2020) |
| 07/29/2020 | 220 | *RESTRICTED* Arrest Warrant Issued by US Magistrate Judge Bruce J. McGiverin in case as to Alexis D. Negron-Cruz (1). (bgl) (Entered: 07/29/2020) |
| 07/31/2020 | 222 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Initial Appearance re Revocation of Supervised Release as to Alexis D. Negron-Cruz held on 7/31/2020 via VTC. Defendant was present and assisted by a certified court interpreter. AFPD Samantha Drake was also present. Defendant waived his right to appear physically at the hearing and consented to proceed via VTC. Defendant was advised of the SRT violations as alleged in the motion filed at Docket No. 218 and as to his right to a preliminary hearing to determine whether the supervised release conditions had been violated. Counsel Emilio Morris has already been appointed to represent the defendant. Defendant will remain temporarily detained. **Preliminary Revocation Hearing is set for 8/14/2020 at 11:00 AM in VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin.** Defense counsel argued in favor of release pending the final revocation hearing. Request was denied without prejudice. A Notice to MDC will be sent regarding the defendant's medical condition. (Court Reporter Cindy Brown.) Hearing set for 03:00. Hearing held at 03:38. Hearing ended at 03:45. Interpreter Olga Uribe. (bgl) (Entered: 08/03/2020) |
| 07/31/2020 | 223 | ORDER scheduling detention hearing as to Alexis D. Negron-Cruz (1). Defendant is TEMPORARILY DETAINED pending hearing. Signed by US Magistrate Judge Bruce J. McGiverin on 7/31/2020. (bgl) (Entered: 08/03/2020) |
| 07/31/2020 | 224 | ***SELECTED PARTIES*** NOTICE to MDC as to Alexis D. Negron-Cruz (1) regarding the defendant's medical condition. Signed by Clerk on 7/31/2020. (Email sent to MDC Guaynabo) (bgl) (Entered: 08/03/2020) |
| 08/01/2020 | 221 | MOTION to Continue *Preliminary Revocation Hearing* by Alexis D. Negron-Cruz. Responses due by 8/17/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 08/01/2020) |
| 08/03/2020 | 225 | ORDER granting 221 Motion to Continue as to Alexis D. Negron-Cruz (1): **Preliminary Revocation Hearing is reset for 8/20/2020 at 1:30 PM in VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 8/3/2020. (bgl) (Entered: 08/03/2020) |
| 08/18/2020 | 226 | Supplemental Motion re: 218 MOTION for Arrest Warrant filed by US Probation Office, 199 MOTION to Show Cause re Revocation of Supervised Release filed by US Probation Office, 215 Response to Motion filed by US Probation Office by US Probation Office as to Alexis D. Negron-Cruz (1). Responses due by 9/1/2020. NOTE: Pursuant to FRCP |

| | | |
|---|---|---|
| | | 6(a) an additional three days does not apply to service done electronically. (U.S. Probation Officer, Luz Enid Aponte) (Entered: 08/18/2020) |
| 08/19/2020 | 227 | ORDER as to Alexis D. Negron-Cruz (1): **Preliminary Revocation Hearing set for 8/20/2020 is __ADVANCED__ to 1:00 PM in VTC Bridge BJM before US Magistrate Judge Bruce J. McGiverin.** Signed by US Magistrate Judge Bruce J. McGiverin on 8/19/2020. (bgl) (Entered: 08/19/2020) |
| 08/20/2020 | 228 | ORDER OF DETENTION pending final revocation hearing as to Alexis D. Negron-Cruz (1). Signed by US Magistrate Judge Bruce J. McGiverin on 8/20/2020. (jm) (Entered: 08/20/2020) |
| 08/20/2020 | 229 | Minute Entry for proceedings held before US Magistrate Judge Bruce J. McGiverin: Preliminary Revocation Hearing as to Alexis D. Negron-Cruz (1) held on 8/20/2020 via VTC. Present were AUSA Normary Figueroa, Atty. Emilio Morris and USPO Luz Enid Aponte. Defendant was UC and assisted by a certified court interpreter. The defendant waived his right to appear physically at the hearing and consented to proceed via VTC. Testimony of USPO Luz Enid Aponte was heard on behalf of the Government. Cross-examination was held. After hearing the testimony of the witness, the Court found probable cause as to the allegations contained in the motions filed at Docket Nos. 199 , 218 and 226 . Motion filed at ECF No. 199 , previously held in abeyance, is now reopened. Matter is referred to Judge Francisco A. Besosa for final revocation hearing. Government moved for detention. Counsel for the defendant informed that they had nothing to offer at this time. The Court granted the Government's motion and ordered the defendant detained pending the final revocation hearing. Findings entered on the record. (Court Reporter Zulma Ruiz.) Hearing set for 01:00. Hearing held at 01:05. Hearing ended at 01:46. Interpreter Felix Toledo. (bgl) (Entered: 08/27/2020) |
| 08/31/2020 | 230 | ORDER as to Alexis D. Negron-Cruz (1) : **Final Hearing re Revocation of Supervised Release set for 10/16/2020 at 09:00 AM before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 8/31/2020.(grf) (Entered: 08/31/2020) |
| 09/22/2020 | 231 | MOTION to Appoint Counsel, MOTION for Miscellaneous Relief, MOTION to Disqualify Judge, MOTION for Release from Custody, MOTION for Return of Property/PostTrial by Alexis D. Negron-Cruz, Pro Se in the Spanish language. Responses due by 10/6/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(ab) (Entered: 09/22/2020) |
| 09/22/2020 | 232 | ORDER re 231 Motion to Appoint Counsel, Motion to Disqualify Judge, Motion for Release from Custody, Motion for Return of Property/PostTrial as to Alexis D. Negron-Cruz (1). **Response to motions due October 6, 2020.** Signed by Judge Francisco A. Besosa on 09/22/2020. (brc) (Entered: 09/22/2020) |
| 09/24/2020 | 233 | MOTION in Compliance *with Court Order D.E. 232 re: Defendant's Motion to Appoint Counsel* by Alexis D. Negron-Cruz. Responses due by 10/8/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 09/24/2020) |
| 09/30/2020 | 234 | RESPONSE to Motion filed by US Probation Office as to Alexis D. Negron-Cruz (1)re 231 MOTION to Appoint Counsel MOTION to Disqualify Judge MOTION for Release from Custody MOTION for Return of Property/PostTrial filed by Alexis D. Negron-Cruz (U.S. Probation Officer, Luz Enid Aponte) (Entered: 09/30/2020) |
| 10/01/2020 | 235 | ORDER re 233 Motion in Compliance as to Alexis D. Negron-Cruz (1). The request to withdraw as defendant Negron-Cruz's counsel is DENIED. Signed by Judge Francisco A. Besosa on 10/01/2020. (brc) (Entered: 10/01/2020) |
| 10/01/2020 | 236 | ORDER re 231 MOTION to Appoint Counsel, MOTION for Miscellaneous Relief, |

| | | |
|---|---|---|
| | | MOTION to Disqualify Judge, MOTION for Release from Custody, MOTION for Return of Property/Post Trial as to Alexis D. Negron-Cruz (1). Signed by Judge Francisco A. Besosa on 10/01/2020. (brc) (Entered: 10/01/2020) |
| 10/08/2020 | 237 | ORDER as to Alexis D. Negron-Cruz (1). **Hearing re Revocation of Supervised Release reset for October 19, 2020 at 11:00 AM in VTC before Judge Francisco A. Besosa. No later than October 13, 2020 the defendant shall inform is he consents to proceed with the hearing via VTC.** Signed by Judge Francisco A. Besosa on 10/8/2020. (om) (Entered: 10/08/2020) |
| 10/08/2020 | 238 | MOTION to Continue *final revocation hearing* by Alexis D. Negron-Cruz. Responses due by 10/22/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 10/08/2020) |
| 10/08/2020 | 239 | ORDER granting 238 Motion to Continue as to Alexis D. Negron-Cruz (1). **Hearing re Revocation of Supervised Release reset for 10/21/2020 11:00 AM in VTC before Judge Francisco A. Besosa. No later than October 13, 2020 the defendant shall inform is he consents to proceed with the hearing via VTC.** Signed by Judge Francisco A. Besosa on 10/8/2020. (om) (Entered: 10/08/2020) |
| 10/09/2020 | 240 | INFORMATIVE Motion ( Responses due by 10/23/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically.), MOTION in Compliance *with Court Order (D.E.239)* by Alexis D. Negron-Cruz. (Morris-Rosa, Emilio) (Entered: 10/09/2020) |
| 10/13/2020 | 241 | ORDER noted 240 Informative Motion as to Alexis D. Negron-Cruz (1); noted 240 Motion in Compliance. **Hearing re Revocation of Supervised Release reset for 11/6/2020 11:00 AM in VTC before Judge Francisco A. Besosa. No later than October 29, 2020 the defendant shall inform is he consents to proceed with the hearing via VTC.** Signed by Judge Francisco A. Besosa on 10/13/2020. (om) (Entered: 10/13/2020) |
| 10/13/2020 | 242 | Mail sent to Alexis Negron Cruz was returned as undeliverable and re-sent. (ab) Modified docket text on 10/16/2020 (idg). (Entered: 10/16/2020) |
| 10/27/2020 | 243 | Second INFORMATIVE Motion ( Responses due by 11/10/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically.), MOTION in Compliance *with Court Order (D.E.241)* by Alexis D. Negron-Cruz. (Morris-Rosa, Emilio) (Entered: 10/27/2020) |
| 10/28/2020 | 244 | ORDER noted 243 Informative Motion as to Alexis D. Negron-Cruz (1). **Hearing re Revocation of Supervised Release reset for December 8, 2020 at 10:00 AM in VTC before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 10/28/2020. (om) (Entered: 10/28/2020) |
| 12/01/2020 | 245 | ***VACATED AS PER DOCKET 246 ORDER***ORDER as to Alexis D. Negron-Cruz (1): **Hearing re Revocation of Supervised Release set for December 8, 2020 is reset for January 13, 2021 at 11:00 AM in VTC before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 12/1/2020.(om) Modified on 12/3/2020 (ab). (Entered: 12/01/2020) |
| 12/02/2020 | 246 | ORDER as to Alexis D. Negron-Cruz (1) vacating 245 Order: **Hearing re Revocation of Supervised Release reset for December 10, 2020 at 3:15 PM in VTC before Judge Francisco A. Besosa.** Signed by Judge Francisco A. Besosa on 12/2/2020.(om) (Entered: 12/02/2020) |
| 12/03/2020 | 247 | ORDER as to Alexis D. Negron-Cruz (1): **Hearing re Revocation of Supervised Release set for 12/10/2020 advanced for 2:30 PM in VTC before Judge Francisco A.** |

| | | |
|---|---|---|
| | | **Besosa.** Signed by Judge Francisco A. Besosa on 12/3/2020.(om) (Entered: 12/03/2020) |
| 12/03/2020 | 248 | MOTION to Continue *Final Revocation Hearing* by Alexis D. Negron-Cruz. Responses due by 12/17/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 12/03/2020) |
| 12/07/2020 | 249 | MOTION in Compliance *with Court Order (D.E.237) re: Defendant's consent to proceed with final revocation hearing via VTC.* by Alexis D. Negron-Cruz. Responses due by 12/21/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 12/07/2020) |
| 12/08/2020 | 250 | ORDER granting 248 Motion to Continue as to Alexis D. Negron-Cruz (1). **Hearing re Revocation of Supervised Release reset for December 11, 2020 at 09:00 AM in VTC before Judge Francisco A. Besosa.**Signed by Judge Francisco A. Besosa on 12/8/2020. (om) (Entered: 12/08/2020) |
| 12/08/2020 | 251 | ***SELECTED PARTIES*** MOTION for Psychiatric Exam by USA, US Probation Office, Alexis D. Negron-Cruz as to Alexis D. Negron-Cruz. Responses due by 12/22/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit Psychosexual Evaluation) (Figueroa-Rijo, Normary) (Entered: 12/08/2020) |
| 12/09/2020 | 252 | MOTION to Strike *the inclusion & attachment as exhibit of psychosexual assessment report on government's motion (d.e.251) with Objection* by Alexis D. Negron-Cruz. Responses due by 12/23/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 12/09/2020) |
| 12/09/2020 | 253 | MOTION to Restrict Document *at Docket 251* by USA as to Alexis D. Negron-Cruz. Responses due by 12/23/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Figueroa-Rijo, Normary) (Entered: 12/09/2020) |
| 12/10/2020 | 254 | RESPONSE in Opposition by USA as to Alexis D. Negron-Cruz re 252 MOTION to Strike *the inclusion & attachment as exhibit of psychosexual assessment report on government's motion (d.e.251) with Objection* filed by Alexis D. Negron-Cruz (Attachments: # 1 Exhibit email from USPO attaching report)(Figueroa-Rijo, Normary) (Entered: 12/10/2020) |
| 12/10/2020 | 255 | ORDER re 252 Motion to Strike as to Alexis D. Negron-Cruz (1): DENIED. Signed by Judge Francisco A. Besosa on 12/10/2020. (brc) (Entered: 12/10/2020) |
| 12/10/2020 | 256 | ORDER re 253 Motion to Restrict as to Alexis D. Negron-Cruz (1): GRANTED. Signed by Judge Francisco A. Besosa on 12/10/2020. (brc) (Entered: 12/10/2020) |
| 12/11/2020 | 257 | MOTION for Miscellaneous Relief by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 12/28/2020. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(ab) (Entered: 12/11/2020) |
| 12/11/2020 | 258 | Minute Entry for proceedings held before Judge Francisco A. Besosa:Revocation Hearing as to Alexis D. Negron-Cruz (1) held on 12/11/2020 re 119 , 218 and 226 . Present via VTC: SAUSA Normary Figueroa-Rijo, and court appointed counsel Emilio F. Morris-Rosa. USPO Luz E. Aponte also present. The defendant was under custody at MDC-Guaynabo and was assisted by certified court interpreter Ani Navarro. All parties connected remotely. The record should reflect the proceedings are being held by VTC, given the emergency situation created by the COVID-19 pandemic. Therefore, the defendant has consented to proceed by VTC at ECF No. 251 and the Court during today's |

| | | |
|---|---|---|
| | | hearing made a finding that the defendant knowingly and voluntarily waived the right to be physically present for today's revocation hearing. since he has consented to proceed by videoconference after consultation with his counsel of record. Certified court interpreter Ani Navarro was acting and assisting the defendant on a secured line, as well, at MDC Guaynabo and the Court had a clear view of him on screen. Pending United States' motion file at ECF No. 251. Both parties presented argument. Counsel for the defendant requested time served and further treatment. The United States requested the higher end. Defendant's allocution heard. The Court did not revoke the defendant today. The Court ordered the defendant be committed to FMC Butner for psychiatric evaluation and treatment if required. (Court Reporter Joe Reynosa.)Hearing set for 09:00.Hearing held at 09:22.Hearing ended at 10:17.Interpreter Ani Navarro (VTC). USPO Luz E. Aponte (VTC) (om) (Entered: 12/11/2020) |
| 12/11/2020 | 259 | ORDER re 257 Motion as to Alexis D. Negron-Cruz (1): DENIED as MOOT. Signed by Judge Francisco A. Besosa on 12/11/2020. (brc) (Entered: 12/11/2020) |
| 12/11/2020 | 260 | ORDER granting 251 Motion for Psychiatric Exam as to Alexis D. Negron-Cruz (1). **GRANTED. See minutes of revocation hearing at ECF no. 258, at which the Court ordered that defendant undergo an inpatient psychiatric evaluation, and treatment, if required at the Butner Federal Medical Institution.** Signed by Judge Francisco A. Besosa on 12/11/2020. (om) (Entered: 12/12/2020) |
| 12/11/2020 | 261 | ***SELECTED PARTIES***ORDER Directing USM, and MDC as to Alexis D. Negron-Cruz (1). Signed by Judge Francisco A. Besosa on 12/11/2020.(om) (Entered: 12/12/2020) |
| 01/15/2021 | 262 | INFORMATIVE Letter/Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 1/29/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(ab) (Entered: 01/15/2021) |
| 01/15/2021 | | ***SEE IMAGE ON DOCKET 262 *** NOTICE OF APPEAL in the Spanish Language by Alexis D. Negron-Cruz (1) re 258 Hearing, (ab) Modified on 1/28/2021 to edit title (mcm). (Entered: 01/15/2021) |
| 01/15/2021 | 263 | ORDER re 262 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 01/15/2021. (brc) (Entered: 01/15/2021) |
| 01/16/2021 | 264 | INFORMATIVE Motion *in Response to Defendant's Informative Letter/Motion (D.E.262)* by Alexis D. Negron-Cruz. Responses due by 2/1/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Morris-Rosa, Emilio) (Entered: 01/16/2021) |
| 01/19/2021 | 265 | ORDER re 264 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED. Signed by Judge Francisco A. Besosa on 01/19/2021. (brc) (Entered: 01/19/2021) |
| 01/28/2021 | 266 | Certified and Transmitted Record on Appeal as to Alexis D. Negron-Cruz (1) to US Court of Appeals re 262 Notice of Appeal - Final Judgment. [Docket Entries 258, 260, 261 & 262] (mcm) Modified on 1/28/2021 to add certified docket entries in docket text (mcm). (Entered: 01/28/2021) |
| 01/29/2021 | 267 | USCA Case Number 21-1077 for 262 Notice of Appeal - Final Judgment filed by Alexis D. Negron-Cruz (1). (mcm) (Entered: 01/29/2021) |
| 02/05/2021 | 268 | INFORMATIVE Letter/Motion by Alexis D. Negron-Cruz (1), Pro Se in the Spanish language. Responses due by 2/19/2021. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Envelope)(ab) (Entered: 02/05/2021) |

| 02/05/2021 | 269 | ORDER re 268 Informative Motion as to Alexis D. Negron-Cruz (1): NOTED, and the request for recusal is DENIED. Signed by Judge Francisco A. Besosa on 02/05/2021. (brc) (Entered: 02/05/2021) |
| --- | --- | --- |
| 02/26/2021 | 270 | Certified Copy of Order from USCA as to Alexis D. Negron-Cruz (1) entered on 02/26/2021 re: 262 Notice of Appeal - Final Judgment; Upon review of the record in this case, it appears that the pro se notice of appeal, filed by Alexis D. Negron-Cruz on January 15, 2021 in No. 3:11-cr-00229-FAB-1 (D. P.R.) seeking to appeal the order entered on December 11, 2020, is late. Accordingly, we transmit the notice of appeal to the district court for a ruling whether the district court will enlarge the time for filing an appeal and will consider this notice of appeal timely filed. Copies of the district court's decision shall be forwarded to this court forthwith. (Attachments: # 1 Exhibit NOA) (mcm) (Entered: 02/26/2021) |
| 02/26/2021 | 271 | ORDER re 270 USCA Order as to Alexis D. Negron-Cruz (1): NOTED and GRANTED. The defendant's time to appeal is enlarged up to and including January 15, 2021. The Court takes no position on whether the court of appeals will accept defendant's notice of appeal which was filed in Spanish. Signed by Judge Francisco A. Besosa on 02/26/2021. (brc) (Entered: 02/26/2021) |
| 03/01/2021 | 272 | Transmitted Supplemental Record on Appeal as to Alexis D. Negron-Cruz (1) re 262 Notice of Appeal - Final Judgment [Docket Entry 271] (mcm) (Entered: 03/01/2021) |

**PACER Service Center**

**Transaction Receipt**

04/13/2021 12:10:09

| PACER Login: | kendyspimentelpacer:3507797:0 | Client Code: | |
| --- | --- | --- | --- |
| Description: | Docket Report | Search Criteria: | 3:11-cr-00229-FAB |
| Billable Pages: | 23 | Cost: | 2.30 |
| Exempt flag: | Exempt | Exempt reason: | Exempt CJA |

PACER fee: Exempt CJA Change

Appendix 129