# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

**APPEAL NO. 21-1077**

**UNITED STATES,**
Appellee,

v.

**ALEXIS D. NEGRON-CRUZ,**
Defendant-Appellant.

---

## UNITED STATES' REQUEST FOR REMAND FOR FURTHER REVOCATION PROCEEDING BEFORE THE DISTRICT COURT

---

**TO THE HONORABLE COURT:**

Appellee, the United States of America, request a remand for further revocation proceeding before the district court. The United States provides as follows:

Upon reviewing the record in this case and 18 U.S.C. §§ 4241(a) and (b), 4242(a), and 4247, the United States agrees with defendant-appellant Alexis Negrón-Cruz's request for to vacate the district court's order for mental evaluation, examination, and treatment because: (1) Negrón has been committed well beyond the 45-day statutory maximum for an psychiatric examination under 18 U.S.C. § 4247(b); and (2) the district court improperly

committed Negrón to be examined by a psychiatrist at the Federal Bureau of Prison, Butner Federal Correctional Facility or Federal Medical Center, North Carolina, for an indefinite period of time resulting in his commitment beyond the statutory maximum for such examination and ordered potential treatment without a required hearing.

Under federal law, an individual's mental competency may be questioned "at any time after the commencement of probation or supervised release and prior to his completion of the sentence." 18 U.S.C. § 4241(a). The district court "may order" a "psychiatric or psychological examination" of the defendant. 18 U.S.C § 4241(b). "To effect such examination, the court 'may' order the defendant committed 'to the custody of the Attorney General for placement in a suitable facility.'" *United States v. Magassouba*, 544 F.3d 387, 393 (2d Cir. 2008) (quoting 18 U.S.C. § 4247(b)). This step-one commitment may not "exceed thirty days," although the statute permits the director of the designated commitment facility to apply for a "reasonable extension . . . not to exceed fifteen days." 18 U.S.C. § 4247(b); *see Deters*, 143 F.3d at 579-80 (addressing the "first step" "of a three-step system for determining" a defendant's competency under 18 U.S.C. §§ 4241(a), and (b) and 4247).

Here, on December 11, 2020, Negrón appeared for a final revocation hearing before the district court involving violations of his supervised release terms and conditions.[1] (AA 66). The revocation record reveals that in lieu of revoking this supervised release term, the district court ordered inpatient examination, evaluation, and treatment for Negrón at Butner Federal Correctional Facility or Federal Medical Center (Butner), North Carolina. (DE 261 at 1; AA 90). As of August 9, 2021, Negrón was still detained for the psychiatric examination. (*See* GA 1). Negrón's "prolonged detention" violates the time limits prescribed by the statute. His commitment is beyond the mandated 30-day period. *See* 18 U.S.C. § 4247(b) (stating "[f]or purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, . . . to the custody of the Attorney General for placement in a suitable facility"). There is nothing in the record to indicate that his commitment period was properly extended. *See id*. (stating "[t]he director of the facility may apply for a reasonable

---

1. Citations to the record will be as follows: DE (docket entry or entries for Criminal Case No. 11-229 (FAB); AB (Appellant's Brief); AA (Appellant's Appendix); GA (Government Attachment).

3

extension, but not to exceed fifteen days under section 4241, 4244, or 4245, . . . upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant"). Even if an extension had been requested by Butner and granted by the court, it would have been limited to only an additional 15 days. *Id*. Thus, Negrón is improperly detained beyond the 45-days authorized by 4247(b). 18 U.S.C. §§ 4247(b); *see*, *e.g.*, *United States v. Baker*, 807 F.2d 1315, 1321 (6th Cir. 1986) (holding that although the district court's initial commitment of the appellant was valid, "there was no authority to confine appellant beyond the four months authorized by [18 U.S.C. §] 4241(d)").

The district court's Order also appears to indefinitely commit Negrón pending his examination, evaluation, and treatment. The Order failed to provide language that the examination needed to be completed within 30 days, unless an extension was granted by the court pursuant to 18 U.S.C. § 4247(b). (DE 261 at 1; AA 90); *see United States v. Weston*, 36 F. Supp. 2d 7, 16 (D.D.C. 1999) (ordering "that the defendant is committed FORTHWITH to the custody of the Attorney General of the United States, pursuant to 18 U.S.C. § 4247(b), for a period not to exceed 30 days for placement at the United States Medical Center for Federal Prisoners at Springfield, Missouri

for a mental examination"); *United States v. Hartz*, 852 F. Supp. 511, 513 (S.D.W.V. 1994) (holding "[i]n accordance with 18 U.S.C. § 4247(b), the Court ordered the Defendant 'committed to the custody of the Attorney General for placement in a facility closest to the Court, unless impracticable, to be examined as herein ordered for a reasonable period, but not to exceed 30 days. . . .'"); *see also United States v. Friese*, No. 08-cr-30304-MJR, 2009 WL 310211 at *2 (S.D. Ill. 2009) (unpublished) (ordering psychological or psychiatric examination to "be completed within 30 days, unless an extension is granted by the Court pursuant to 18 U.S.C. § 4247(b)"). Thus, Negrón appears to be improperly committed indefinitely for the psychiatric examination, evaluation, and treatment at Butner. *See Jackson v. Indiana*, 406 U.S. 715 (1972) (holding an indefinite term of commitment of a criminal defendant related to competency violated due process); *see also Baker*, 807 F.2d at 1321 (holding that the "commitment of an individual into a mental hospital is a significant deprivation of liberty, particularly when that commitment is of indefinite duration; such a deprivation, therefore, must be accompanied by procedural safeguards which adhere to due process requirements"); *id*. at 1325 (finding the defendant was "deprived of his

liberty without due process when he was committed for an indefinite period of time" under 18 U.S.C. §§ 4241(d) and 4246).

Finally, at the revocation hearing, the district court referred Negrón "to the institution of Butner for an inpatient psychiatric evaluation and treatment, if necessary" at the revocation hearing. (AA 90). In a follow-up written Order, the court stated "that pursuant to the provisions of Sections 4241(a) and (b), 4242(a) and 4247 of Title 18, United States Code, that a psychiatric examination, evaluation and treatment of [Negrón] be performed." (DE 261 at 1). But treatment cannot be ordered at this stage of the competency process. It is only after the psychiatric or psychological examination is concluded, a hearing is conducted in the district court to determine whether the defendant "suffer[s] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §§ 4241(a) and (b) and 4247(d). If the defendant is found incompetent, the statutory scheme then "mandates the defendant's custodial hospitalization for evaluation and possible treatment." *United States v. Magassouba*, 544 F.3d 387, 393 (2d Cir. 2008). And although treatment appears to be ordered, the district court followed with

language that the transfer was being done "in order to determine defendant's mental competency to comply with the supervised release term conditions, that is, whether he is able to understand the proceedings against him, to consult with his counsel and in his defense and in order to treat defendant as deemed necessary by the psychiatrists a Butner Correctional Institution." (*Id.*). This language creates an inconsistency with the prior treatment statement by the district court at the hearing and the previously stated treatment language in the written Order. Therefore, the district court's order is unclear as to whether Negrón was to be committed for only a psychiatric examination without treatment at Butner.

Because Negrón has already been committed well beyond the 45-day statutory maximum period, the district court's order improperly reflects the indefinite commitment of the Negrón pending the psychiatric examination, evaluation and treatment, and the district court's order is not clear if it only required a psychiatric examination but also treatment at Butner without the requisite hearing, the district court's commitment order should be vacated and the case remanded back for further revocation proceedings before the district court.

## Conclusion

For the above stated reasons, the district court's commitment order for mental evaluation, examination and treatment should be vacated, and the case remanded for further revocation proceedings before the district court.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of September 2021.

        W. Stephen Muldrow
        United States Attorney


        Mariana E. Bauzá-Almonte
        Assistant United States Attorney
        Chief, Appellate Division


        /s/ Thomas F. Klumper
        Assistant United States Attorney
        Senior Appellate Counsel
        U.S. Attorney's Office
        Torre Chardón, Room 1201
        350 Carlos Chardón Avenue
        San Juan, Puerto Rico 00918
        Tel. (787) 766-5656/Fax (787) 771-4050

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

_____

**CERTIFICATE OF COMPLIANCE**
**WITH TYPEFACE AND LENGTH LIMITATIONS**

_____

**APPEAL NO. 21-1077**

**UNITED STATES**
**APPELLEE**

v.

**ALEXIS D. NEGRON-CRUZ**
**DEFENDANT - APPELLANT**

1. This motion has been prepared using:

__X__ 14 point, proportionally spaced, serif typeface. Software name and version, typeface name, and point size: <u>MS Word 2016, Book Antiqua, 14 point.</u>

2. This document complies with the word limit of Fed. R. App. P. 27(a)(2)(B) because, excluding the parts of the document exempted by the Fed. R. App. P. 32(f) and Fed. R. App. P. 27(a)(2)(B):

__X__ this document contains <u>1,394</u> words, or

____ this brief uses a monospaced typeface and contains [state the number of] lines of text.

    I understand that a material misrepresentation can result in the Court striking the brief or imposing sanctions. If the Court so directs, I will provide a copy of the word or line print-out.

<u>/s/ Thomas F. Klumper</u>
Date: <u>September 7, 2021</u>        Signature of Filing Party

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to counsels of record for the appellant.

/s/ Thomas F. Klumper
Assistant United States Attorney
Senior Appellate Counsel